CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Proposed Counsel for Joseph Klaynberg

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
JOSEPH KLAYNBERG,                             :    Case No. 22-10165 (MG)
                                              :
                                              :
                       Debtor.                :
                                              :
                                              :
---------------------------------------------------------------x

## DEBTOR'S APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY LEHMAN FLYNN VOLLARO CPAS PLLC AS ACCOUNTANTS

Joseph Klaynberg, the above-captioned debtor and debtor-in-possession ("Debtor"), hereby submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the Southern District of New York (the "Local Rules"), authorizing the retention and employment of Lehman Flynn Vollaro CPAs PLLC ("LFV") as accountants to the Debtor *nunc pro tunc* to the Petition Date. The facts and circumstances supporting the Application are set forth herein and in the Declaration of Mathew Peretz, CPA (the "Peretz Declaration"), annexed hereto as **Exhibit B**. In further support of this Application, the Debtor respectfully states as follows:

## Introduction

1.      On February 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2.      The Debtor has remained in possession of his property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      No request for appointment of a trustee or examiner has been made.  No official committee of unsecured creditors (the "Committee") has been appointed in this chapter 11 case.

4.      Information regarding the Debtor's business and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Joseph Klaynberg pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "1007 Affidavit").[1]

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory predicates for the relief sought herein are sections 327, and 328 of the Bankruptcy Code, Bankruptcy Rules 2014, 2016 and 5002 and Local Rule 2014-1.

---

[1] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the 1007 Affidavit.

**RELIEF REQUESTED**

7.     By this Application, the Debtor respectfully requests the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the retention and employment of LFV as accountants to the Debtor.

8.     LFV or its predecessor firm has acted as accountants to the Debtor since 1992. The Debtor believes that LFV possesses extensive experience in the services to be performed by LFV, which are described below and in the Peretz Declaration.

9.     LFV is an accounting and consulting firm for individuals and closely held business of all sizes.  The professionals of LFV work with clients in a variety of industries.  The firm has been built on the highest standards of knowledge in the area of financial, tax and accounting solutions, providing services for tax planning and return preparation, auditing, advising new businesses, business consulting, financial reporting and payroll services.

10.     Scott Flynn, CPA and Mathew Peretz, CPA will be the partners of LFV primarily responsible for handling the Debtor's consulting and accounting needs. Together they have 49 years of professional experience.

A.     **Scope of Employment**

11.     The Debtor seeks to employ LFV as accountants in this chapter 11 case.  The Debtor has selected LFV because of its familiarity with the Debtor and his various interests, and its skill in dealing with individuals and closely held businesses.  The professional services that LFV is to render include but are not limited to the following:

  a.  Assist in the preparation and review of all budgets and financial analyses required in the Debtor's case;

  b.  Assist in the preparation and review of monthly operating reports;

  c.  Assist in the formulation of a chapter 11 plan including liquidation analyses, valuations and other projections;

3

d. Assist in the preparation and review of the Debtor's required federal and state income tax returns;

e. Assist in the compilation of the Debtor's personal financial statements; and

f. Assist with such other matters as the Debtor or his counsel may request from time to time.

**B.    LFV's Disinterestedness**

12.    To the best of LFV's knowledge, LFV neither represents nor holds any interest adverse to or conflicting with the interests of the Debtor's estate or the creditors of the Debtor's estate or the Debtor with respect to the matters upon which LFV is to be employed.

13.    To the best of the Debtor's knowledge, except as set forth in the Peretz Declaration, LFV holds no claim against the Debtor, does not currently represent any creditors of the Debtor, has never represented any of the Debtor's creditors, and does not represent or serve any adverse interests to the Debtor, as debtor and debtor-in-possession or otherwise, or to the Debtor's estate, regarding the matters upon which it is to be engaged.

14.    LFV is owed nothing for prepetition services to the Debtor.  The Debtor believes that the employment of LFV as accountants is in the best interests of his estate and that LFV is a "disinterested person" within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code as such term is understood by the Debtor.

15.    Subject to the Court's approval, the Debtor has agreed to compensate LFV at its usual hourly rates of $335 per hour for Scott Flynn, $290 per hour for Mathew Peretz and $125 per hour for staff accountants, and to reimburse LFV for expenses, charges and disbursements.  It is anticipated that the monthly operating reporting requirements and other ordinary accounting services will be performed primarily by staff accountants and that the services with respect to the Debtor's budget, financial analyses and tax issues will be performed primarily by Messrs. Flynn

and Peretz. All of the personnel that will work on the Debtor's case are certified public accountants with the exception of certain staff accountants and support staff which are akin to paralegals in a law firm.

16.    LFV did not receive a retainer from the Debtor for its services. The Debtor and LFV have agreed that services to be rendered plus reimbursement of expenses incurred in connection therewith shall be subject to proper written application(s) by LFV filed with the Court pursuant to sections 330 and 331 of the Bankruptcy Code and in accordance with any compensation order entered by the Court.

17.    LFV will also seek reimbursement for all expenses, including administrative costs, reasonably incurred in the performance of services (*e.g.*, telephone conference call charges, faxes, overnight delivery charges, mileage, etc.) at the actual cost to LFV for charges by thirty-party vendors without markup.

18.    No trustee or examiner has been appointed in the Debtor's case. A copy of this Application has been provided to the United States Trustee pursuant to Bankruptcy Rule 2014(a).

19.    No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that he be authorized to employ and retain the firm of Lehman Flynn Vollaro CPAs PLLC as accountants in this chapter 11 case *nunc pro tunc* to the Petition Date, and that he have such other and further relief as to this Court may seem just and proper.

Dated: February 25, 2022
Garden City, New York

CULLEN AND DYKMAN LLP

BY:      *s/ Bonnie Pollack*
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

*Proposed Attorneys for Joseph Klaynberg*

# EXHIBIT A

## PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                           :

In re:                                :   Chapter 11
                                           :

JOSEPH KLAYNBERG,          :   Case No. 22-10165 (MG)
                                           :
                                         :

                 Debtor.          : 
                                         :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE  EMPLOYMENT OF LEHMAN FLYNN VOLLARO CPAS PLLC AS ACCOUNTANTS TO JOSEPH KLAYNBERG

Upon the application dated February 25, 2022 (the "Application")[1] of Joseph Klaynberg debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), for an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") authorizing and approving the employment of Lehman Flynn Vollaro CPAs PLLC ("LFV") as accountants to the Debtor *nunc pro tunc* to the Petition Date, as more fully set forth in the Application; and upon consideration of the Affidavit of Joseph Klaynberg pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York; and upon the declaration of Mathew Peretz, sworn to on February 25, 2022 (the "Peretz Declaration"); and the Court being satisfied, based on the representations made in the Application and in the Peretz Declaration that LFV represents or holds no interest adverse to the Debtor or to his estate as to the matters upon which it is to be engaged and is disinterested under section 101(14) of the Bankruptcy Code, and that the employment of LFV is necessary and in the best interests of the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Debtor, his estate, and his creditors; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and the statements in support of the relief requested therein; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1.     Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor, as debtor in possession, is authorized to employ LFV as accountants as of the Petition Date, pursuant to the terms set forth in the Application, to perform the services described in the Application.

2.     LFV shall be compensated and reimbursed in accordance with the terms of the Application, subject to the approval of this Court after proper application therefor under 11 U.S.C. §§ 330 and 331 and in accordance with any Court order establishing procedures for monthly, interim or period compensation.

3.     Prior to any increases in LFV's rates, LFV shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object

to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

4.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.     Notwithstanding anything to the contrary in the Application or Engagement Letter, this Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

6.     To the extent there is an inconsistency among this Order, the Application, and Engagement Letter, the terms of this Order shall govern.

No objection:


 s/ Tara Tiantian
Office of the United States Trustee

Dated: _____, 2022
          New York, New York

                                        _____
                                        HON. MARTIN GLENN
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

## PERETZ DECLARATION

CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Proposed Counsel for Joseph Klaynberg

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                    :

In re:                              :   Chapter 11
                                      :

JOSEPH KLAYNBERG,       :   Case No. 22-10165 (MG)
                                      :
                                      :

              Debtor.         :
-------------------------------------------------------------x

**DECLARATION OF MATHEW PERETZ IN SUPPORT OF APPLICATION
OF DEBTOR FOR ORDER PURSUANT TO SECTIONS 327(a) AND 328(a)
OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY
LEHMAN  FLYNN VOLLARO CPAS PLLC AS ACCOUNTANTS**

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF SUFFOLK    )

      Mathew Peretz, pursuant to 28 U.S.C. § 1746, declares:

      1.      I am a partner of Lehman Flynn Vollaro CPAs PLLC ("LFV"), and I am duly

authorized to make this affidavit on behalf of LFV.

      2.      I submit this declaration, pursuant to sections 327 and 328 of title 11, the United

States Code (the "Bankruptcy Code"), Rules 2014, 2016, and 5002 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the

Southern District of New York (the "Local Rules"), in support of the application (the

"Application") of Joseph Klaynberg (the "Debtor") for entry of an order authorizing the

employment and retention of LFV as accountants to the Debtor *nunc pro tunc* to the Petition Date.

3. Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would competently testify thereto. Unless otherwise defined, capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

## Qualifications of Professional

4. LFV or its predecessor firm has acted as accountants to the Debtor since 1992. The Debtor believes that LFV possesses extensive experience in the services to be performed by LFV, which are described below.

5. LFV is an accounting and consulting firm for individuals and closely held business of all sizes. The professionals of LFV work with clients in a variety of industries. The firm has been built on the highest standards of knowledge in the area of financial, tax and accounting solutions, providing services for tax planning and return preparation, auditing, advising new businesses, business consulting, financial reporting and payroll services.

6. Scott Flynn, CPA and myself will be the partners of LFV primarily responsible for handling the Debtor's consulting and accounting needs. Together we have 49 years of professional experience.

7. The professional services that LFV is to render include but are not limited to the following:

    a. Assist in the preparation and review of all budgets and financial analyses required in the Debtor's case;

    b. Assist in the preparation and review of monthly operating reports;

c.  Assist in the formulation of a chapter 11 plan including liquidation analyses, valuations and other projections;

d.  Assist in the preparation and review of the Debtor's required federal and state income tax returns;

e.  Assist in the compilation of the Debtor's personal financial statements; and

f.  Assist with such other matters as the Debtor or his counsel may request from time to time.

8.      LFV is willing to serve as the Debtor's accountants and to perform the services described above. The engagement letters between the Debtor and LFV are annexed hereto as Exhibit "1".

## Professionals' Connections with Debtor and Other Parties

9.      Except as otherwise set forth herein, to the best of my knowledge, LFV (i) does not have any connection with the Debtor, the Debtor's known creditors (as identified by the Debtor), the United States Trustee or any other party with an actual or potential interest in this case or their respective attorneys or accountants and (ii) does not provide accounting services to any other entity having an adverse interest in connection with this case.

10.     In connection with its proposed retention by the Debtor, LFV researched its client database to determine whether it had any relationships with the following entities:

a.  the Debtor's unsecured creditors;

b.  parties in significant litigation with the Debtor;

c.  the Debtor's pre-petition secured lenders;

d.  parties that are counterparties to various agreements, including  leases and other contracts with the Debtor; and

e.  the professionals that the Debtor have sought or will seek to employ in these chapter 11 cases, pursuant to applications filed, or anticipated to be filed, as of the date hereof.

11.     Based on such research, and to the best of my knowledge, except as otherwise set forth in this declaration, LFV does not have a relationship with any of the foregoing entities in matters related to this Chapter 11 case that would create an adverse interest or render LFV not "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code. As a result of the research performed to date, LFV makes the following disclosures:

- LFV acts as accountants for various entities in which the Debtor has an ownership interest, for the purpose of tax return preparation and preparation of financial statements. LFV has not and will not represent such entities in connection with this chapter 11 case.
- LFV acts as accountants for Chabad of Grammercy Park, an entity which is the borrower on debt guaranteed by the Debtor, and is also an account debtor to the Debtor. LFV has not and will not represent such entity in connection with this chapter 11 case.
- LFV acts as accountants for Eric Brody, who is a co-guarantor together with the Debtor on various debts. LFV has not and will not represent Mr. Brody in connection with this case.
- LFV acts as accountants for 114 MS Owner LLC, an entity to whom the Debtor acts as guarantor in connection with a lease of real property by Wonder Works Construction Corp. LFV has not and will not represent such entity in connection with this chapter 11 case.

12.     As part of its diverse activities, LFV may be involved in cases or transactions involving other attorneys, accountants and financial consultants, some of which may represent claimants and parties in interest in the Debtor's case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relationships constitute interests materially adverse to the Debtor in matters upon which LFV is to be employed, and none are in connection with this chapter 11 case.

13.     Neither LFV nor, to the best of my knowledge, any employee of LFV, is or was a creditor of the Debtor or any entity in which he has an interest.

14.     To the best of my knowledge, LFV is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code.

15. The Debtor has numerous relationships with third parties and creditors. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflict, including the efforts outlined above, LFV is unable to state with certainty whether one of its clients or an affiliated entity holds a claim or otherwise is a party in interest in this chapter 11 case. If LFV discovers any information that is contrary to or pertinent to the disclosures made herein, LFV will promptly disclose such information to the Court on notice to creditors and the U.S. Trustee.

16. The proposed employment of LFV is not prohibited by or improper under Bankruptcy Rule 5002. I am not related, and to the best of my knowledge, no employee of LFV is related, to any United States Bankruptcy Judge or District Court Judge for the Southern District of New York or to the United States Trustee for such district or any employee in the office thereof, or has any connection with anyone working in the chambers of Judge Martin Glenn.

### Professional Compensation

17. Subject to the Court's approval, the Debtor has agreed to compensate LFV at its usual hourly rates of $335 per hour for Scott Flynn, $290 per hour for myself and $125 per hour for staff accountants, and to reimburse LFV for expenses, charges and disbursements. It is anticipated that the monthly operating reporting requirements, and other ordinary accounting services will be performed primarily by staff accountants and that the services with respect to the Debtor's budgets, financial analyses and tax issues will be performed primarily by Mr. Flynn and me. All of the personnel that will work on the Debtor's case are certified public accountants with the exception of certain staff accountants and support staff which are akin to paralegals in a law firm.

18.    LFV did not receive a retainer from the Debtor for its services.  LFV is owed nothing for prepetition services to the Debtor.  The Debtor and LFV have agreed that services to be rendered plus reimbursement of expenses incurred in connection therewith shall be subject to proper written application(s) by LFV filed with the Court pursuant to sections 330 and 331 of the Bankruptcy Code and in accordance with any compensation order entered by the Court.

19.    LFV will also seek reimbursement for all expenses, including administrative costs, reasonably incurred in the performance of services (*e.g.*, telephone conference call charges, faxes, overnight delivery charges, mileage, etc.) at the actual cost to LFV for charges by thirty-party vendors without markup.

20.    Other than as set forth above, there is no proposed arrangement between the Debtor and LFV for compensation to be paid in this chapter 11 case.  LFV has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: February 25, 2022

_____
MATHEW PERETZ

**EXHIBIT "1"**

**ENGAGEMENT LETTER**

# LEHMAN FLYNN VOLLARO PLLC

### CERTIFIED PUBLIC ACCOUNTANTS
534 BROADHOLLOW ROAD • SUITE 302
MELVILLE, NY 11747

MARTIN M. LEHMAN, CPA
SCOTT P. FLYNN, CPA
LAWRENCE A. VOLLARO, CPA
MATHEW H. PERETZ, CPA
MATTHEW P. GEYER

TEL: (212) 736-2220
FAX: (212) 736-8018
WEB: www.LNFcpa.com
Members:
American Institute of CPA's
New York State Society of CPA's

February 18, 2022

Joseph Klaynberg
114 Mulberry Street Apt 703
New York, NY 10013

Dear Mr. Klaynberg

We appreciate the opportunity to work with you. This letter is to outline the terms of our engagement to provide tax return preparation, compiled personal statements of financial condition (under separate engagement letter), assistance with monthly operating reports, assistance with liquidation or other analysis or projections and other services related to the Chapter 11 bankruptcy filing. To clarify the nature and extent of the services we will provide, and to confirm an understanding of our mutual responsibilities.

As part of our engagement we will:

1. Prepare your annual Federal, New York and Connecticut and New York personal tax returns for the year ended December 31, 2021 from information provided by you.
2. Compile personal statements of financial condition as needed (see separate engagement letter for additional details)
3. Assistance with monthly operating reports
4. Assistance with liquidation and other analysis or projections
5. Other services related to the Chapter 11 bankruptcy filing

Certain inidviduals may be required to electronically file Form 114, Report of Foreign Bank and Financial Accounts (FBAR) with the U.S. Department of the Treasury. Failure to comply with the filing requirements may result in significant civil and criminal penalties. Unless otherwise specifically agreed in writing, we will not prepare, file, or provide assistance with this form. If you would like to add Form 114 (or any other forms or services) to this engagement, please use the *Comments or Additional Requests* space provided below.

It is your responsibility to provide all the information required for the preparation of complete and accurate returns. You represent that the information you provide will be accurate and complete to the best of your knowledge. We will not audit or otherwise verify the information provided, although we may ask for clarification if the information appears to be incorrect, inconsistent, or incomplete. Our work in connection with the preparation of your returns does not include any procedures designed to discover errors or other irregularities, should any exist. **You have the final responsibility for the returns and, therefore, you should carefully review them before you sign and file them.**

You should retain all the documents, canceled checks and other data that form the basis of income, deductions, credits and payments shown on the return. These may be necessary to prove the accuracy and completeness of the returns to a taxing authority.

We will use our judgment to resolve questions in your favor where the tax law is unclear or where there are conflicts between the taxing authorities' interpretation of the law and what seem to be other supportable positions. There may be situations where we are required by law to disclose a position on a tax return. We are not attorneys; therefore, we cannot provide you with a legal opinion on various tax positions. We can, however, advise you of the consequences of different positions. We will adopt whatever position you request on your returns so long as it is consistent with our professional standards and ethics.  In the event, however, that you ask us to take an unsupported tax position or refuse to make any required disclosures we reserve the right to withdraw from the engagement without completing or delivering the tax returns. Such withdrawal would complete our engagement and you agree to pay our fee based on time expended at our standard rates plus all out-of-pocket expenses through the date of withdrawal.

Your returns may be selected for examination or audit by the tax authorities. In the event of such governmental tax examination, we would be pleased to represent you under the terms of a separate engagement letter.

Your return may be electronically filed with the IRS.  We will provide you with a copy of your final returns for review prior to electronic transmission. The IRS requires that you sign an e-file authorization form indicating that you have reviewed the return, it is correct to the best of your knowledge, and you authorize us to submit it electronically.  We cannot transmit any return until we have the appropriate signed authorizations.

Our fee for these services will be based on our standard hourly rates which are as follows:
Scott Flynn $335
Mathew Peretz $290
Staff Accountants $125

You may terminate this engagement at any time. Should you do so, however, you remain liable for all unpaid fees as discussed above. We reserve the right to withdraw from this engagement at any time because of unpaid fees, the guidance of our professional standards, or for any other reason.  We will notify you in advance of any decision by us to withdraw, and will take all reasonable steps to assist in the orderly transfer of your tax services. Otherwise, this engagement will be considered complete upon acceptance of your e-filed returns by the tax authorities. In the event that your returns are not e-filed, you will have final responsibility for mailing your returns to the applicable taxing authorities.

If the foregoing is in accordance with your understanding, please sign the enclosed copy of this letter in the space provided and return it to us along with your tax information.

If you have any questions, please do not hesitate to contact us.  We appreciate the opportunity to work with you.

Sincerely,

*Lehman Flynn Vollaro*

Accepted by:

_____
Signature

_____      _____
Date                                              Title

**LEHMAN FLYNN VOLLARO PLLC**
CERTIFIED PUBLIC ACCOUNTANTS

**LEHMAN FLYNN VOLLARO PLLC**

CERTIFIED PUBLIC ACCOUNTANTS

534 BROADHOLLOW ROAD • SUITE 302

MELVILLE, NY 11747

MARTIN M. LEHMAN, CPA
SCOTT P. FLYNN, CPA
LAWRENCE A. VOLLARO, CPA
MATHEW H. PERETZ, CPA
MATTHEW P. GEYER

TEL: (212) 736-2220
FAX: (212) 736-8018
WEB: www.LNFcpa.com
Members:
American Institute of CPA's
New York State Society of CPA's

February 18, 2022

Joseph Klaynberg
114 Mulberry Street Apt 703
New York, NY 10013

We are pleased to confirm our acceptance and understanding of the services we are to provide for the period ended January 31, 2022.

You have requested that we prepare your personal financial statements which comprise the statement of financial condition of Joseph Klaynberg as of January 31, 2022, and the related notes to those financial statements, and perform a compilation engagement with respect to those personal financial statements.

We will also provide additional accounting services as necessary to obtain sufficient accounting records from which to prepare the statements. The performance of these additional accounting services does not alter the fact that you are responsible for the content of the financial statements, including the estimated current value of assets and the estimated current amounts of liabilities.

**Our Responsibilities**

The objective of our engagement is to—

1) prepare your personal financial statements in accordance with accounting principles generally accepted in the United States of America based on information provided by you, and

2) apply accounting and financial reporting expertise to assist you in the presentation of your personal financial statements without undertaking to obtain or provide any assurance that there are no material modifications that should be made to your personal financial statements in order for them to be in accordance with accounting principles generally accepted in the United States of America.

We will conduct our compilation engagement in accordance with Statements on Standards for Accounting and Review Services (SSARS) promulgated by the Accounting and Review Services Committee of the AICPA and comply with applicable professional standards, including the AICPA's *Code of Professional Conduct*, and its ethical principles of integrity, objectivity, professional competence, and due care, when performing the accounting services, preparing the financial statements, and performing the compilation engagement.

We are not required to, and will not, verify the accuracy or completeness of the information you will provide to us for the engagement or otherwise gather evidence for the purpose of expressing an opinion or a conclusion. Accordingly, we will not express an opinion, a conclusion, nor provide any assurance on your personal financial statements.

Our engagement cannot be relied upon to identify or disclose any financial statement misstatements, including those caused by fraud or error, or to identify or disclose any wrongdoing or noncompliance with laws and regulations.

We, in our sole professional judgment, reserve the right to refuse to perform any procedure or take any action that could be construed as assuming your responsibilities since performing those procedures or taking such action would impair our independence.

**Your Responsibilities**

The engagement to be performed is conducted on the basis that you acknowledge and understand that our role is to prepare your personal financial statements in accordance with accounting principles generally accepted in the United States of America and assist you in the presentation of your personal financial statements in accordance with accounting principles generally accepted in the United States of America. You have the following overall responsibilities that are fundamental to our undertaking the engagement in accordance with SSARS:

1) The selection of accounting principles generally accepted in the United States of America as the financial reporting framework to be applied in the preparation of your personal financial statements.

2) The preparation and fair presentation of your personal financial statements in accordance with accounting principles generally accepted in the United States of America and the inclusion of all informative disclosures that are appropriate for accounting principles generally accepted in the United States of America.

3) The design, implementation, and maintenance of internal control relevant to the preparation and fair presentation of the financial statements that are free from material misstatement, whether due to fraud or error.

4) The prevention and detection of fraud.

5) Compliance with the laws and regulations applicable to your activities.

6) The accuracy and completeness of the records, documents, explanations, and other information, including significant judgments, you provide to us for the engagement.

7) To provide us with—

   - access to all information of which you are aware is relevant to the preparation and fair presentation of your personal financial statements, such as records, documentation, and other matters.

   - additional information that we may request from you for the purpose of the compilation engagement.

   - unrestricted access to you when we determine it necessary to make inquiries.

You are also responsible for all decisions and responsibilities and for designating an individual with suitable skills, knowledge, and experience to oversee our tax services, other accounting services and the preparation of your financial statements. You are responsible for evaluating the adequacy and results of the services performed and accepting responsibility for such services.


**Our Report**

As part of our engagement, we will issue a report that will state that we did not audit or review your personal financial statements and that, accordingly, we do not express an opinion, a conclusion, or provide any assurance on them. There may be circumstances in which the report differs from the expected form and content. If, for any reason, we are unable to complete the compilation of your financial statements, we will not issue a report on such statements as a result of this engagement.

You agree to include our accountant's compilation report in any document containing your personal financial statements that indicates that we have performed a compilation engagement on such personal financial statements and, prior to inclusion of the report, to obtain our permission to do so.


**Other Relevant Information**

Scott Flynn is the engagement partner and is responsible for supervising the engagement and signing the report or authorizing another individual to sign it.

Our fees for these services will be based on our standard hourly rates which are as follows:
Scott Flynn $335
Mathew Peretz $290
Staff Accountants $125

Our invoices for these fees will be rendered each month as work progresses and are payable on presentation.

You agree to hold us harmless and to release, indemnify, and defend us from any liability or costs, including attorney's fees, resulting from your knowing misrepresentations to us.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of our engagement. If you have any questions, please let us know. If you acknowledge and agree with the terms of our engagement as described in this letter, please sign the enclosed copy and return it to us.

Sincerely,

*Lehman Flynn Vollaro*

This letter correctly sets forth my understanding.

Joseph Klaynberg

_____
Signature

_____
Date