UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
JOSEPH KLAYNBERG,                         :   Case No. 22-10165 (MG)
                                          :
                                          :
            Debtor.                       :
                                          :
------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE
BANKRUPTCY CODE ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF
<u>EXPENSES OF PROFESSIONALS</u>**

Upon consideration of the Debtor's Motion for an Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated September 28, 2019 (the "Motion"), filed by Joseph Klaynberg (the "Debtor"), debtor and debtor-in-possession herein; and it appearing that the Court has jurisdiction to consider the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, the estate and creditors; and it appearing that due and appropriate notice of the Motion has been given and no further notice need be given; and upon the proceedings before the Court; and good and sufficient cause appearing;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Except as may otherwise be provided in any Court order authorizing the retention of a specific professional, all retained professionals in this chapter 11 case may request interim compensation in accordance with the following procedure:

   (a) On or before the twentieth (20th) day of each month following the month(s) for which compensation is sought, each professional seeking compensation will serve a fee statement, on the Debtor, Debtor's counsel,

counsel to any committee, the Office of the United States Trustee and counsel for Series 2020 of Nahla Capital LLC.

(b) On or before twentieth (20th) day of each month following the month(s) for which compensation is sought, the fee statement shall be filed with the Court; however, a courtesy copy need not be delivered to the Bankruptcy Judge's chambers. This Order does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since professionals are still required to serve and file final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York;

(c) Each fee statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d) Each person receiving a statement will have at least thirty five (35) days after service to review such statement and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement shall, by no later than the 35th day after service, serve upon the professional whose statement is objected to, and the other persons designated to receive statements in paragraph 2(a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e) At the expiration of the thirty five (35) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each fee statement to which no objection has been served in accordance with paragraph 2(d); If at the time a payment would otherwise be due, the Debtor believes in good faith that he does not have sufficient liquidity with which to make such payment, such payment obligation will accrue and may be paid at such time as the Debtor believes he has sufficient liquidity, or pursuant to further order of the Bankruptcy Court.

(f) If the Debtor has or receives an objection to a particular fee statement, he shall withhold payment of that portion of the fee statement to which the objection is directed and within five (5) business days pay the remainder

of the fees and disbursements in the percentages set forth in paragraph 2(e);

(g) If the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose statement was objected to serves on all of the parties listed in paragraph 2(a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph 2(e), that portion of the fee statement which is no longer subject to an objection;

(h) All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next fee application hearing to be heard by the Court;

(i) The service of an objection in accordance with paragraph 2(d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(k) Approximately every 120 days, but no more than every 150 days, each of the professionals shall file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested;

(l) Any professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court; and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(m) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular fee statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

3

(n) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have an effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals; and

(o) Counsel for any appointed committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with applicable guidelines.

3. Each member of an appointed committee is permitted to submit statements of expenses and supporting vouchers to counsel for the Committee who will collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of professionals.

4. Each professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the professional's retention and ending on June 30, 2022.

5. The amount of fees and disbursements sought be set out in U.S. dollars (if the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application).

6. Notices of hearings to consider interim applications shall be served upon: (i) counsel for the Debtor; (ii) the Office of the United States Trustee; (iii) counsel for any Committee; and (iv) all parties who have filed a notice of appearance in this case; and shall be deemed good and sufficient notice of any such application.

7. The Debtor shall include all payments to professionals on its monthly operating reports, detailed so as to state the amount paid to each of the professionals.

8. Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtor has not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this case.

9. All time periods set forth in this Order shall be calculated in accordance with Federal Rules of Bankruptcy Procedure 9006(a).

10. Any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtor must serve a copy of this Order on all entities specified in paragraph 2(a) above.

**IT IS SO ORDERED.**

Dated: March 11, 2022
      New York, New York

                                                  **/s/ Martin Glenn**
                                                  MARTIN GLENN
                                        Chief United States Bankruptcy Judge