UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:

JOSEPH KLAYNBERG,

             Debtor.

------------------------------------------------------------ x

Chapter 11

Case No. 22-10165 (MG)

**ORDER APPROVING THE PRIVATE SALE OF PERSONAL PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

Upon the motion (the "Motion," ECF Doc. # 130)[1] of Joseph Klaynberg ("Debtor"), seeking entry of an order pursuant to sections 105 and 363 of title 11, United States Code ("Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") approving a private sale of the Debtor's interest in the Property identified in the Agreement[2] annexed as Exhibit "B" to the Motion; and a hearing on the Motion having been held on August 17, 2022 (the "Hearing"); and good and sufficient notice of the Motion and Hearing having been given and no other or further notice being required; and objections, if any, having been overruled, withdrawn, or resolved:

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

    A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.

---

[1]     Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.
[2]     As agreed at the Hearing, paragraph 1.1 of the Agreement is amended and the Closing Date will occur on or before 14 days after the date of this Order.

B.　The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations contained in this Order are sections 105 and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004 and 9014.

C.　This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

D.　Venue of this case and the Motion in this district is proper under 28 U.S.C. § 1408.

E.　Sufficient notice of the relief sought in the Motion has been given and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to interested persons and entities.

F.　The Debtor determined in his best business judgment that a private sale of his interest in the Property to Emily Klaynberg ("Emily") for $1,900,000 (the "Purchase Price") is in the best interests of the Debtor's estate and creditors.

G.　The Purchase Price to be paid by Emily constitutes adequate and fair value for the Debtor's interest in Property. The sale was negotiated and entered into in good faith and from arm's length bargaining positions by and between the Debtor and Emily.

H.　The Debtor's interest in the Property may be sold, subject to the terms of this Order, free and clear of all liens, claims and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

BASED ON THE FOREGOING, AND AFTER DUE CONSIDERATION AND GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. All objections to the relief sought in the Motion that have not been withdrawn, waived, settled, or otherwise dealt with as expressly provided herein, and all reservation of rights included in such objections, are overruled on the merits with prejudice.

2. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized to sell his interest the Property pursuant to the Agreement annexed to the Motion as Exhibit "B", and upon such sale, all right title and interest of the Debtor in and to the Property shall vest in Emily free and clear of any and all liens, claims and encumbrances of whatever kind or nature, with such liens, claims and encumbrances, if any, to attach to the proceeds of sale in order of their priority and each and every Entity (as defined in section 101(15) of the Bankruptcy Code) is forever barred from asserting against Emily, as applicable, her successors and assigns, or against the Property, any mortgages, liens, interests, Claims (as defined in section 101(5) of the Bankruptcy Code) or other encumbrances of any kind or nature (including, without limitation, any judgment liens) (collectively "Encumbrances") held by such Entity against the Debtor or the Property.

3. The Debtor is authorized to take all actions and execute all documents necessary or appropriate to effectuate the sale of his interest in the Property to Emily consistent with this Order.

4. At the closing of the sale, and as a condition to the sale pursuant to the Order, Emily shall fully satisfy the mortgage held by JP Morgan Chase Bank, National Association, against the Property.

5. At the closing of the sale, any capital gains taxes associated with the sale of the Debtor's interest in the Property shall by paid by the Debtor, together with any closing costs with

respect to the sale. The remaining amount of the Purchase Price shall be held by the Debtor's counsel.

6. Following the closing of the sale, no holder of any Encumbrance against the Debtor or the Property shall interfere with Emily's rights in, title to or use and enjoyment of the Property.

7. The provisions of this Order authorizing the sale of the Debtor's interest in the Property free and clear of liens, claims and encumbrances, shall be self-executing, and neither the Debtor nor Emily shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate and implement the provisions of this Order. However, the Debtor and Emily, as applicable, and each of their respective employees and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or Emily, as applicable, deems necessary or appropriate to implement and effectuate the terms of this Order. This Sale Order (i) shall be effective as a determination that, upon the closing and the satisfaction of the mortgage held by JP Morgan Chase Bank, National Association as provided in paragraph 4, above, all Encumbrances existing against the Property before the closing have been unconditionally released, discharged and terminated, and that the transfer and conveyance of the Property has been effected, and (ii) shall be binding upon and shall govern the acts of all persons and Entities. If any person or Entity that has filed financing statements, other documents or agreements evidencing any Encumbrances against the Property shall not have delivered to the Debtor before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and/or releases of all Encumbrances which the person or entity has with respect to the Property, then Emily and/or the Debtor are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or Entity with respect to such

Property.  A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorder to act to cancel any Encumbrances of record against the Property, and all such clerks and recorders are hereby directed to accept this Sale Order as proof that such Encumbrances have been extinguished and released.  Notwithstanding the foregoing, the Debtor shall not be under any obligation to record a certified copy of this Sale Order.

8. Emily shall not be deemed for any purpose relating to the sale of the Property to: (i) be a successor, continuation or alter ego (or other such similarly situated party) to the Debtor or his estate by reason of any theory of law or equity, including, without limitation, any bulk sales law, doctrine or theory of successor liability, or similar theory or basis of liability; or (ii) have, de facto or otherwise, merged with or into the Debtor; or (iii) be a mere continuation, alter ego, or substantial continuation of the Debtor.  By reason of this sale, Emily is not assuming, nor shall she be liable for, any of the Debtor's debts, obligations or liabilities, and shall have no successor or vicarious liabilities of any kind or character under any theory of law relating to the Debtor's debts, obligations and liabilities.  For avoidance of doubt, however, this Order shall not release Emily from any liabilities arising from any avoidable transfers from the Debtor.

9. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the sale authorized by this Sale Order.

10. The transaction contemplated by the Motion is undertaken without collusion and in "good faith," as that term is defined in section 363(m) of the Bankruptcy Code.  Emily is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.  Accordingly, the reversal or modification on appeal of the authorization provided herein by this Sale Order shall not affect the validity of the sale of the Debtor's interest in the Property to Emily.

11. This Court shall retain jurisdiction to enforce the provisions of this Order and to resolve any disputes concerning this Order.

**IT IS SO ORDERED.**

Dated: August 26, 2022
       New York, New York

                                              **/s/ Martin Glenn**
                                           MARTIN GLENN
                                    Chief United States Bankruptcy Judge