# Exhibit A

Jonathan L. Flaxer, Esq.
c/o GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue
New York, NY 10017
(212) 907-7300

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re                                              : Chapter 11
                                                   :
JOSEPH KLAYNBERG,                                  : Case No. 22-10165 (MG)
                                                   :
                        Debtor.                    :
---------------------------------------------------------------X

# DECLARATION OF JONATHAN L. FLAXER REGARDING CONNECTIONS, CONFLICTS AND SUITABILITY FOR APPOINTMENT AS CHAPTER 11 TRUSTEE

JONATHAN L. FLAXER, ESQ., pursuant to 28 U.S.C. §1746, hereby deposes and says:

1. I am an attorney admitted to practice in the State of New York and before the United States District Courts for the Southern and Eastern Districts of New York. I am a member of the firm of Golenbock Eiseman Assor Bell & Peskoe LLP ("GEABP"), which maintains its office for the practice of law at 711 Third Avenue, New York, New York 10017. I am familiar with the matters set forth herein and submit this declaration regarding: (i) connection and conflicts regarding my application to serve as chapter 11 trustee (the "Proposed Trustee") in the chapter 11 case of Joseph Klaynberg (the "Debtor") under section 1104(d) title 11 of the United States Code (the "Bankruptcy Code"), and (ii) my suitability to serve as Trustee.

4302495.1

Conflicts and Connections of Proposed Trustee

2. To the best of my knowledge, I have no conflicts or connections with respect to the Debtor. In reaching this conclusion, I compiled a list of interested parties (the "Interested Parties"). The list of Interested Parties includes, without limitation:

   a. the Debtor;

   b. creditors scheduled on the Debtor's Schedules D and E;

   c. the Honorable Martin Glenn;

   d. the United States Trustee for Region 2 and the Trial Attorneys for Region 2;

   e. professionals retained in the Debtor's case; and

   f. the Debtor's family members as disclosed in pleadings fled in the Debtor's case and as disclosed to me by Series 2020A of Nahla Capital, LLC.

3. After compiling the list of Interested Parties, I took the following steps:

   a. I compared the Interested Parties to the names that GEABP has compiled into a master client database from its conflict clearing and billing records, comprised of the names of the entities for which any attorney time charges have been billed in the past ten years (the "Client Database"). The Client Database includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the GEABP personnel who are or were responsible for current or former matters for such client.

   b. Any matches between the Client Database and the Interested Parties were identified (the "Client List"), together with the names of the respective GEABP personnel responsible for the current or former matters for the entities on the Client List.

   c. I then reviewed the Client List and deleted obvious name coincidences and individuals or entities that were adverse to GEABP in both this matter and the matter referenced on the Client List. The remaining client connections with regard to which GEABP had represented the client within the last ten years were compiled for purposes of this declaration.

4.

4302495.1

5. Based upon this search, I can report that, except as set forth below, I am not a creditor or an insider of the Debtor, nor do I have an interest materially adverse to the interests of the Debtor's estate or to any class of creditors by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. The exceptions are that, with respect to the State of New York, I have in the past performed bankruptcy-related legal services for the NYS Housing Finance Agency and related agencies but have not for several years and have no active matters with them. Regarding New York City, I was recently appointed by the Department of Investigation, and am currently serving as, the trustee under a Blind Trust Agreement with a company that is under indictment. But I do not represent New York City or any of its agencies. Lastly, I note that GEABP formerly employed Andrea B. Schwartz, Esq. In 2004, while she was employed at GEABP, GEABP performed legal services for Ms. Schwartz, without charge. That employment ended in 2007. Ms. Schwartz is currently serving as a Trial Attorney for the Office of the United States Trustee for Region 2.

<u>Proposed Trustee's Suitabililty to Serve as Trustee</u>

6. I believe that, based on my experience, I am a good fit to serve as Trustee. Over the past several years, I have served as chapter 11 trustee in three cases: *In re Liddle & Robinson, L.L.P.*, 19-12346 (SHL) and *In re Lehr Construction Corp.*, 11-10723 (SHL), each in the Bankruptcy Court for the Southern District of New York, and *In re South Side House LLC*, 09-43576 (ESS), in the Bankruptcy Court for the Eastern District of New York. I have also represented chapter 11 trustees in *In re The 1031 Tax Group, LLC, et al.*, 07-11448, *In re Randall's Island Family Golf Centers, Inc.*, 00-41065, and *In re Paolo Gucci, et al.*, 94-40614 (each in the S.D.N.Y.), and have represented chapter 7 trustees in numerous E.D.N.Y. and S.D.N.Y. cases. Through my involvement in these cases, I have developed extensive experience in (i) investigating and, where appropriate,

3

4302495.1

commencing litigation regarding potentially voidable transactions (ii), selling residential and commercial real estate, (iii) managing chapter 11 estates fraught with disputes, and (iv) complying with the reporting and other requirements of chapter 11 trustees.

7. I also note that I have served for several years on the Bankruptcy & Corporate Reorganization Committee of the New York City Bar Association (non-voting member), and serve on the Voidable Transactions Subcommittee. I am also on the panel of mediators for the S.D.N.Y. Bankruptcy Court, and have served as a mediator in numerous cases, frequently achieving settlements. I believe the learning and skills involved in the foregoing add to my suitability to serve as Trustee.

## Conclusion

8. In light of the foregoing, I respectfully submit that: (i) I have no disabling conflicts nor connections, and am a "disinterested person" for purposed of sections 101(14) and 1104(d) of the Bankruptcy Code, and (ii) based on my experience and skills, I am a good fit to serve as Trustee in this case.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 20, 2022, at New York, New York.

*[signature]*
JONATHAN L. FLAXER