UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of BANK 2020-BNK29, Commercial Mortgage Pass-Through Certificates, Series 2020-BNK29 by and through Rialto Capital Advisors LLC, solely in its capacity as Special Servicer,<br><br>        Plaintiff,<br><br>v.<br><br>Joseph Klaynberg,<br><br>        Debtor/Defendant. | Chapter 11<br><br>CASE NO. 22-10165(mg)<br><br>ADVERSARY NO._____<br><br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(B)** |

## COMPLAINT

Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of BANK 2020-BNK29, Commercial Mortgage Pass-Through Certificates, Series 2020-BNK29 by and through Rialto Capital Advisors LLC, solely in its capacity as Special Servicer ("Plaintiff" or "Lender"), by undersigned counsel, brings this adversary proceeding pursuant to Title 11 of the United States Code (the "Bankruptcy Code"), § 523(a)(2)(B) seeking a judgment exempting that Claim No. 15-1 from discharge.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I) and (O).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The

statutory predicate for the relief requested herein is section 523(a)(2)(B) of Title 11 of the United States Code (the "Bankruptcy Code").

3. This Adversary Proceeding relates to *In re Joseph Klaynberg*, Case No. 22-10165 (MG) now pending before this Court (the "Bankruptcy Case").

## PARTIES

4. The Plaintiff is a New York common law trust and the holder of mortgage loan to 114 MS Owner, LLC (the "Borrower"), one of Joseph Klaynberg's affiliated companies. Rialto Capital Advisors LLC ("Rialto") is the special servicer for the Plaintiff.

5. Joseph Klaynberg is the Debtor in the Bankruptcy Case.

## FACTUAL STATEMENT

6. On November 2, 2020, one of the Debtor's companies, 114 MS Owner, LLC ("Borrower"), became obligor on a mortgage loan in the original principal amount of $17,300,000 (the "Loan").

7. The Loan is secured by an office building at 114 Mulberry Street, New York, New York in which another of the Debtor's companies, Wonder Works Construction, is the primary tenant.

8. Terms and conditions of the Loan are set forth in a Loan Agreement of even date. Relevant excerpts of the Loan Agreement are attached as Exhibit A.

9. The Debtor executed the Loan Agreement on behalf of the Borrower.

10. As further assurance for repayment of the Loan, the Debtor executed a Guaranty of Recourse Obligations of Borrower ("Guaranty"), whereby the Debtor assumed personal liability for certain losses and the entire Loan upon the occurrence of certain trigger events. A copy of the

2

Guaranty is attached as Exhibit B.

11. On November 30, 2020 the original lender, Morgan Stanley, assigned the Loan to Morgan Stanley Mortgage Capital Holdings, LLC which, in turn, immediately assigned the Loan to the Plaintiff. The allonges and mortgage assignments memorializing these assignments are attached as Exhibits C and D, respectively.

12. In the Loan Agreement, the Debtor represented and warranted that:

> **3.1.4 Litigation**. There is no action, suit, arbitration or governmental investigation or proceeding ***pending, filed or, to [Guarantor's] knowledge, threatened*** against [Guarantor]… in any court or by or before any other Governmental Authority which, if determined adversely against [Guarantor]… would materially and adversely affect… ***the ability of Guarantor to perform its obligations under the Loan Documents to which it is a party***…
>
> **3.1.5 Agreements.** …*[Guarantor] is not in default in any material respect* in the performance, observance or fulfillment of any of the obligations, covenants or conditions contained in any Permitted Encumbrance *or any other agreement* or instrument to which it is a party or by which it or the Property is bound. ***[Guarantor] has no material financial obligation (contingent or otherwise)*** under any indenture, mortgage, deed of trust, loan agreement or other agreement….

Exhibit A at pg. 30 (emphasis supplied).

13. In section 23 of the Guaranty, the Debtor further represented and covenanted to Lender that:

> (d) There are no pending or, ***to Guarantor's knowledge, threatened actions, claims, investigations, suits or proceedings*** before any governmental authority, court or administrative agency which affect the financial condition or operations of Guarantor, Borrower and/or the Property…

Exhibit B at pg. 7 (emphasis supplied).

3

14. The Guaranty further states that its purpose is to induce the Original Lender to make the Loan and that the Debtor "***warrants and acknowledges that… Lender wound not make the Loan but for the Guaranty***."  Exhibit B at pg. 1, ¶ 10 (emphasis supplied).

15. On October 2, 2020, less than one month before origination of this Loan, the Debtor received a notice of default (the "October 2 Notice") from 2020A of Nahla Capital LLC ("Nahla") concerning a loan for which the Debtor had "absolutely, irrevocably and unconditionally" guaranteed payment of various sums.  A copy of the October 2 Notice is attached as Exhibit E.

16. The October 2 Notice stated, in part:

> Payment of the **aggregate total of $2,784,195**, due as of the date hereof, plus any additional per diem default interest due as described above for each day subsequent to the date hereof, must be made on or before **October 9, 2020**. (Emphasis in original).

Exhibit E at pg. 5 (emphasis supplied).

17. In addition, the October 2 Notice references ***five prior notices of default*** issued since January 2020.  Id. at pg. 4.

18. The October 2 Notice ultimately resulted in a $13 million judgment against the Debtor, which in turn led directly to this bankruptcy filing.

19. On February 10, 2022 (the "Petition Date"), Joseph Klaynberg filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

20. From the Petition Date through September 19, 2022, the Debtor managed his affairs and remained in possession of his assets as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.  Effective as of September 19, 2022, the Court appointed a Chapter 11 Trustee pursuant to § 1104.

21. The Debtor's Chapter 11 Petition schedules Morgan Stanley as a creditor, but not the Plaintiff or its servicer, Wells Fargo Bank, N.A. ("Wells Fargo"). The Creditors' Matrix lists the service address for the Loan as:

> Morgan Stanley
> 1585 Broadway
> New York, NY 10036

22. Wells Fargo did not receive any notice of this Bankruptcy Case until June 9, 2022, when Morgan Stanley first informed it of the matter.

23. Wilmington filed claim no. 15-1 in the amount of $20,050,522.82 on August 10, 2022. Although this claim remains contingent, it may become a fully recourse claim at any time upon the occurrence of one of the events listed in the Guaranty.

24. On August 18, the Plaintiff filed a Motion for Leave to File Complaint Objecting to Dischargability of Claim No. 15-1. The Court granted this Motion by Order entered on September 19, 2022.

### **Count I – Nondischargability under 11 U.S.C. §523(a)(2)(B)**

25. Plaintiff repeats and realleges each allegation herein.

26. The Debtor made materially false statements in the Loan Agreement and Guaranty concerning his financial condition.

27. The Debtor intended the Original Lender to rely on these false statements.

28. The Guaranty states that its purpose is to induce the Original Lender to make the Loan.

29. The Original Lender would not have made the Loan without the Guaranty and representations and warranties therein and in the Loan Agreement.

WHEREFORE, Plaintiff seeks a judgment declaring claim 15-1 to be non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(B).

| | |
|---|---|
| Dated: Baltimore, Maryland<br>September 27, 2022 | Respectfully submitted,<br><br>VENABLE LLP<br><br>By: /s/ Brent W. Procida<br>Brent W. Procida<br>Federal Bar No. BP4586<br>750 E. Pratt Street, Suite 900<br>Baltimore, Maryland<br>Telephone: (410) 244-7862<br>Facsimile: (410) 244-7742<br>Email: bwprocia@venable.com<br><br>*Attorneys for Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of BANK 2020-BNK29, Commercial Mortgage Pass-Through Certificates, Series 2020-BNK29 by and through Rialto Capital Advisors LLC, solely in its capacity as Special Servicer* |