# EXHIBIT B

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                               :   Chapter 11
                                                    :
JOSEPH KLAYNBERG,                                   :   Case No. 22-10165 (MG)
                                                    :
                        Debtor.                     :
                                                    :
------------------------------------------------------------X

**ORDER PURSUANT TO 11 U.S.C. § 327(A) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014(A) AND 2016 AUTHORIZING THE RETENTION OF GIAMBALVO, STALZER & COMPANY, CPAS, P.C. AS TAX ACCOUNTANTS FOR THE CHAPTER 11 TRUSTEE *NUNC PRO TUNC* TO OCTOBER 20, 2022**

Upon the application (the "**Application**") of Jonathan L. Flaxer (the "**Trustee**"), solely in his capacity as the chapter 11 trustee for the estate (the "**Estate**") of the above-captioned debtor (the "**Debtor**"), dated October 31, 2022, seeking entry of an order pursuant to § 327(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention of Giambalvo, Stalzer & Company, CPAS, P.C. ("**GS&C**") as tax accountants to the Trustee; and upon the affidavit of Robert Giambalvo, a Certified Public Accountant and stockholder in GS&C, dated October 26, 2022; and this Court being satisfied, based on the representations made in the Application and affidavit attached thereto, that GS&C is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, and that represents no interest adverse to the Debtor and the Estate; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this is a core proceeding under 28 U.S.C. § 157(b); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and that the Trustee has provided proper notice of the Application; and that the notice provided by the Trustee is appropriate under the circumstances and that no other notice need be given; and that

4329919.1

GS&C's employment is necessary and is in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED**, that the Trustee be, and hereby is, authorized to retain GS&C *nunc pro tunc* to October 20, 2022, as tax accountants to the Trustee to the extent provided herein; and it is further

**ORDERED**, that GS&C is authorized to provide the following services: (i) preparing federal and state tax returns for the Estate for the years 2022 and any subsequent years as may be required; (ii) providing discrete tax advice to the Trustee as may be requested by the Trustee, including any audits; (iii) preparing the Debtor's monthly operating reports; (iii) reviewing (as may be necessary) proofs of claim filed by taxing authorities; (iv) analyzing tax issues relating to proposed transactions, including which, if any, assets should be abandoned; and (v) performing such additional necessary tax-related accounting services as may be required by the Trustee in his carrying out his statutory duties; and it is further

**ORDERED**, that GS&C shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Order Pursuant to Section 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 45], dated March 11, 2022, and any applicable orders of this Court; and it is further

**ORDERED**, that prior to any increases in GS&C's rates for providing services in this case, GS&C shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Trustee, the Debtor, the United States Trustee, which supplemental affidavit

2

4329919.1

shall explain the basis for the requested fee increase and state whether the Trustee has consented to such increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

**ORDERED,** that this Order shall be immediately effective and enforceable upon its entry, and the Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine any matter or disputes arising from or relating to this Order or the matters addressed in the Application; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern

Dated: New York, New York
_____ \_\_\_, 2022

                                               CHIEF UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**
Office of the United States Trustee

/s/ Tara Tiantian, Esq.
Trial Attorney