**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re                                           :         Chapter 11
                                                :
JOSEPH KLAYNBERG,                               :         Case No. 22-10165 (MG)
                                                :
                  Debtor.                       :
                                                :
------------------------------------------------------------X

**ORDER PURSUANT TO PURSUANT TO 11 U.S.C. § 327(A) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014(A) AND 2016 AUTHORIZING THE RETENTION OF GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP AS COUNSEL TO THE TRUSTEE**
*NUNC PRO TUNC* **TO SEPTEMBER 20, 2022**

Upon the application (the "**Application**") of Jonathan L. Flaxer (the "**Trustee**"), solely in his capacity as the chapter 11 trustee for the estate of the above-captioned debtor (the "**Debtor**"), dated September 30, 2022, seeking entry of an order pursuant to § 327(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention of Golenbock Eiseman Assor Bell & Peskoe LLP ("**GEABP**") as counsel to the Trustee; and upon the declaration of Michael S. Weinstein, a member of GEABP, dated September 30, 2022; and this Court being satisfied, based on the representations made in the Application and declaration attached thereto, that GEABP is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, and that represents no interest adverse to the Debtor and the Debtor's estate; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this is a core proceeding under 28 U.S.C. § 157(b); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and that the Trustee has provided proper notice of the Application; and that the notice provided by the Trustee is appropriate under the circumstances and that no other notice need be given; and that GEABP's employment is

4

necessary and is in the best interests of the estate; and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED**, that the Trustee be, and hereby is, authorized to retain GEABP *nunc pro tunc* to September 20, 2022, as counsel to the Trustee to the extent provided herein; and it is further

**ORDERED**, that GEABP is authorized to provide the following services: (i) providing legal advice and all legal services necessary to assist the Trustee in his efforts to maximize the value of the Estate and investigate the Estate's assets and financial affairs; (ii) assisting in the investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and insiders; (iii) evaluating and pursuing potential causes of action belonging to the Estate, including under chapter 5 of the Bankruptcy Code, if any; (iv) preparing or reviewing on behalf of the Trustee, such motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's Estate; (v) at the request of the Trustee, taking such action as may be necessary to protect and preserve the Estate, including the prosecution of actions on the Trustee's or Debtor's behalf, the defense of any actions commenced against the Debtor or the Trustee, and the prosecute objections to claims designated by the Trustee as subject to objection; (vi) assisting the Trustee in negotiating, drafting and obtaining confirmation of a chapter 11 plan for the Debtor; (vii) providing tax advice as related to this case; and (viii) performing such additional necessary legal services as may be required by the Trustee in his carrying out of his statutory duties; and it is further

**ORDERED**, that GEABP shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules,

and the *Order Pursuant to Section 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 45], dated March 11, 2022, and any applicable orders of this Court; and it is further

**ORDERED**, that prior to any increases in GEABP's rates for any individual retained by GEABP and providing services in these cases, GEABP shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Trustee, the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether GEABP's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

**ORDERED,** that this Order shall be immediately effective and enforceable upon its entry, and the Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine any matter or disputes arising from or relating to this Order or the matters addressed in the Application; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

**IT IS SO ORDERED.**

Dated: November 7, 2022
       New York, New York

                                      **/s/ Martin Glenn**
                                        MARTIN GLENN
                          Chief United States Bankruptcy Judge


**NO OBJECTION**
Office of the United States Trustee


/s/ Tara Tiantian, Esq.
Trial Attorney