**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       :
                                                             :  Chapter 11
JOSEPH KLAYNBERG,                                            :
                                                             :  Case No. 22-10165 (MG)
                    Debtor.                                  :
                                                             :
------------------------------------------------------------ x

## STIPULATION AND ORDER (A) AUTHORIZING TRUSTEE'S USE OF CASH COLLATERAL AND (B) PROVIDING ADEQUATE PROTECTION

This stipulation and order (this "Stipulated Order") is made between Jonathan L. Flaxer, Chapter 11 trustee (the "Trustee") for the estate (the "Estate") of Joseph Klaynberg (the "Debtor"), and Series 2020A of Nahla Capital, LLC ("Nahla," together with the Trustee, the "Parties").

### RECITALS

A. On February 11, 2022 (the "Petition Date"), the Debtor commenced the above-captioned case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B. Prior to the Petition Date, the New York Supreme Court entered a judgment for Nahla and against the Debtor, in the amount of $13,196,612.65 (the "Judgment").

C. On November 17, 2021, the Judgment was docketed in Nassau County, New York, among other places. The docketing of the Judgment in Nassau County effectuated a judgment lien in Nahla's favor (the "Judgment Lien") on the Debtor's property located in that county, specifically the Debtor's interest in a residential property located in Sands Point, NY (the "Sands Point Property").

D. Nahla timely filed a proof of claim asserting secured claims arising from the Judgment and Judgment Lien, which proof of claim has been designated Claim No. 6-1.

E. On March 8, 2022, the Debtor filed a complaint against Nahla commencing an adversary proceeding, Adv. Pro. No. 22-01014 (the "Lien Avoidance Action"), to avoid the attachment of the Judgment Lien as an alleged preferential transfer under section 547 of the Bankruptcy Code. On June 27, 2022, Nahla filed its answer in the Lien Avoidance Action. Discovery is ongoing, including with respect to Nahla's investigation as to whether the Debtor was insolvent at the time the Judgment Lien attached.

F. On August 26, 2022, the Court entered an order (Dkt. 196) (the "Sands Point Sale Order") authorizing the Debtor's sale of his interest in the Sands Point Property to his former spouse, Emily Klaynberg, for $1.9 million in cash. The sale of the Sands Point Property closed on or about September 15, 2022.

G. Pursuant to paragraph 2 of the Sands Point Sale Order, the sale of the Sands Point Property was made free and clear of all liens, claims and encumbrances, with any such liens, claims and encumbrances attaching to the $1.9 million in cash proceeds (the "Cash Collateral"). Accordingly, the sale of the Sands Point Property was made free and clear of Nahla's Judgment Lien, with the Judgment Lien attaching to the Cash Collateral.

H. On September 20, 2022 (the "Appointment Date"), the United States Trustee appointed the Trustee. The appointment was approved by an order of the Court entered on September 23, 2022 (Dkt. No. 233).

I. The Trustee acknowledges that the Cash Collateral constitutes Nahla's cash collateral unless and until the Judgment Lien is avoided, and that pursuant to section 363(c)(2) of

the Bankruptcy Code the Trustee cannot use the Cash Collateral without the consent of Nahla or an order of the Court.

J. The Trustee has requested use of the Cash Collateral for purposes of satisfying accrued and continuing administrative and ordinary course expenses of the Estate during the pendency of the Chapter 11 Case, and Nahla has agreed to such use subject to the terms herein.

## AGREEMENT

NOW, THEREFORE, for and in consideration of the promises, mutual covenants, and agreements herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Effectiveness of Stipulated Order</u>. This Stipulated Order shall be effective upon execution by the Parties and subsequent to Court approval.

2. <u>Authorization to Use Cash Collateral</u>. Subject to the terms and conditions of this Stipulated Order, pursuant to Bankruptcy Code § 363(c)(2), the Trustee is authorized to use the Cash Collateral for purposes of satisfying administrative and ordinary course expenses of the Estate (including without limitation Debtor's professionals' fees through the Appointment Date to the extent allowed by the Court), effective as of the Appointment Date and through the date of confirmation of any plan in this Chapter 11 Case, or the dismissal or conversion of this Chapter 11 Case.

3. <u>Adequate Protection Liens</u>. As adequate protection against and to the extent of any loss in the Cash Collateral, Nahla is hereby granted (without the necessity of the execution, recording or filing of security agreements, pledge agreements, financing statements or other documents), additional and replacement, valid, binding, continuing, enforceable, and effective and automatically perfected postpetition security interests in and liens on, as of the date of entry of this Stipulated Order (the "Adequate Protection Liens"), all non-exempt property of the Estate, whether

existing on the Petition Date or thereafter acquired, that, on or as of the Petition Date is not subject to valid, perfected, and non-avoidable liens (subject to the Carve Out (as defined below)), including, without limitation, (a) the Debtor's equity interests in various corporate entities, (b) causes of action, including causes of action arising under chapter 5 of the Bankruptcy Code, (c) and all products and proceeds of the foregoing; provided that, the Adequate Protection Liens shall be void and of no further force or effect if the Judgment Lien is avoided in the Lien Avoidance Action or otherwise. Subject to the Carve Out, the Adequate Protection Liens shall be enforceable against the Trustee, the Estate and any successors thereto, including without limitation, any other trustee or estate representative appointed in this Chapter 11 Case, or any case under chapter 7 of the Bankruptcy Code upon the conversion of this Chapter 11 Case, or in any other proceedings superseding or related to any of the foregoing.

4. <u>Superpriority Claims</u>. As further adequate protection for the Trustee's use of Cash Collateral, Nahla is granted to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code, subject to the Carve Out, allowed superpriority administrative expense claims to the extent of any loss of Cash Collateral (the "Superpriority Claims"), provided that, the Superpriority Claims shall be void and of no further force or effect if the Judgment Lien is avoided in the Lien Avoidance Action or otherwise. The Superpriority Claims shall be junior only to the Carve Out and shall otherwise have priority over all other administrative expense claims and unsecured claims against the Estate, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kind specified in or ordered pursuant to sections 105, 503(a) and 507(b).

5. <u>Carve Out</u>. The Adequate Protection Liens and the Superpriority Claims shall be subordinate solely to the following (collectively, the "Carve Out"): (a) all accrued and unpaid

reasonable and documented compensation, fees, disbursements, costs, and expenses of the Trustee and the Trustee's professionals incurred prior to the resolution of the Lien Avoidance Action; (b) any statutory fees payable by the Trustee to the Clerk of Court and to the U.S. Trustee under 28 U.S.C. § 1930, plus interest pursuant to 31 U.S.C. § 3717; and (c) the reasonable fees and expenses incurred by any chapter 7 trustee appointed by the Court, not to exceed $25,000. For the avoidance of doubt, Nahla shall take no action to exercise remedies with respect to the Adequate Protection Liens or Superpriority Claims until the avoidability of the Judgment Lien is resolved or as permitted by subsequent order of the Court.

6. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation and enforcement of this Stipulated Order.

| **GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP** | **HUNTON ANDREWS KURTH LLP** |
|---|---|
| /s/ Michael S. Weinstein | /s/ Robert A. Rich |
| Michael S. Weinstein | Patrick L. Robson |
| Moshie Solomon | Robert A. Rich |
| 711 Third Avenue | Silvia N. Ostrower |
| New York, New York 10017 | 200 Park Avenue |
| Telephone: (212) 907-7300 | New York, New York 10166 |
| | Telephone: (212) 309-1000 |
| *Counsel for Jonathan L. Flaxer, Chapter 11 Trustee for the Estate of Joseph Klaynberg* | *Counsel for Series 2020A of Nahla Capital LLC* |

**IT IS SO ORDERED.**

Dated: November 30, 2022
       New York, New York

                                      **/s/ Martin Glenn**
                                      MARTIN GLENN
                          Chief United States Bankruptcy Judge