Michael S. Weinstein
Moshie Solomon
GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile:  (212) 754-0330

*Counsel for Jonathan L. Flaxer, Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| JOSEPH KLAYNBERG, | : | Case No. 22-10165 (MG) |
| | : | |
| Debtor. | : | |
| | : | |

-------------------------------------------------------------X

**APPLICATION OF THE CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 327(A) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014(A) AND 2016 AUTHORIZING THE RETENTION OF ABRAMS FENSTERMAN, LLP AS SPECIAL FAMILY LAW COUNSEL FOR THE CHAPTER 11 TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 28, 2022**

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Jonathan L. Flaxer, as chapter 11 trustee (the "**Trustee**") for the estate (the "**Estate**") of the above captioned debtor (the "**Debtor**"), by his counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, submits this application (the "**Application**") for entry of an order, the proposed form of which is annexed hereto as **Exhibit B**, pursuant to § 327(a) of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention of Abrams

Fensterman, LLP ("**AF**") as special family law counsel to the Trustee *nunc pro tunc* to November 28, 2022 (the "**Retention Date**"), and respectfully represents as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

## Background

2. On February 11, 2022 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under the Bankruptcy Code. Until September 20, 2022, the Debtor was authorized to operate his business and manage his property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On August 17, 2022, Series 2020A of Nahla Capital LLC ("**Nahla**") filed a motion (the "**Trustee Motion**") for the appointment of a chapter 11 trustee [Dkt. No. 189], and on September 19, 2022, the Court granted that motion (the "**Trustee Decision**") directing appointment of a chapter 11 trustee [Dkt. No. 230].

4. On September 20, 2022, the United States Trustee (the "**United States Trustee**") filed a notice appointing Jonathan L. Flaxer as the chapter 11 trustee [Dkt. No. 231] as well as an application to approve the appointment of Jonathan L. Flaxer as the chapter 11 trustee [Dkt. No. 232]. The Court approved the United States Trustee's application by order dated September 23, 2022 [Dkt. No. 233].

5. In the Trustee Motion, Nahla made several allegations with respect to the Debtor's pre- and post-petition financial affairs that warranted the appointment of a chapter 11 trustee. First, Nahla alleged that the Debtor's uncontested divorce from his ex-wife, Emily Klaynberg ("Emily"), was a sham designed and intended solely to fraudulently transfer the

Debtor's assets to his wife and family, thereby shielding those assets from the Debtor's creditors. Second, Nahla alleged that the Debtor perpetuated an asset protection scheme through transfers of cash and securities to family members (including to, among others, a family trust, his sons and a significant other) and affiliated entities for little to no consideration, for the sole purpose of hindering collection efforts by the Debtor's creditors. Third, Nahla alleged that the Debtor transferred certain interests in joint accounts to Emily after the Petition Date. The Court agreed that "Nahla has put forth clear and convincing facts showing that there have been what appear to be actual, substantial, repeated fraudulent transfers to insiders (or at a minimum, gross incompetence and misuse of assets" which warranted the appointment of a trustee to investigate and prosecute all potential causes of action on behalf and for the benefit of the Estate's creditors. Trustee Decision, p. 22. Specifically with respect to the divorce, the Court found that the "divorce appears to clearly serve as a fraudulent means of transferring the Debtor's assets". Trustee Decision, p. 17.

6. In light of the allegations in the Trustee Motion, and the Court's findings in the Trustee Decision, the Trustee requires the retention of special family law counsel who has specific experience and expertise in family law to advise him and aid in his investigation of the Debtor's financial affairs, particularly in respect to the alleged sham divorce between the Debtor and his wife, and any potential causes of action that may result from such an investigation.

**Relief Requested**

7. By this Application, the Trustee seeks Court approval, pursuant to section 327(a) of the Bankruptcy Code, to employ and retain AF as his special family law counsel in connection with his role as Trustee for the Estate of the Debtor, *nunc pro tunc* to November 28, 2022. The Trustee requests that the Court approve the retention of AF to perform the services, as described

3

below, that will be required during this chapter 11 case in accordance with AF's normal hourly rates in effect when services are rendered and AF's normal reimbursement policies.

8. In support of this Application, in accordance with Bankruptcy Rule 2014, the Trustee is submitting the Declaration of Jill Spielberg, Esq., a partner of AF (the "**Spielberg Declaration**"), attached hereto as **Exhibit A**.

A. **AF as Special Family Law Counsel to the Trustee**

9. The Trustee, in his capacity as Trustee for the Estate of the Debtor, has selected AF to serve as special family law counsel. AF has the necessary background and experience to advise the Trustee on his investigation into the alleged sham divorce between the Debtor and his wife, as well as any causes of action that may arise against any third party related to the alleged sham divorce. AF is a full service legal firm with a broad range of relevant experience and knowledge in the family law arena. The Trustee thus believes that AF is well qualified to represent him in this chapter 11 case.

B. **Scope of Services**

10. As special family law counsel, AF will render such professional services as the Trustee may request, including: (i) providing legal advice and all legal services necessary to assist the Trustee in his efforts to maximize the value of the Estate and investigate the Estate's assets and financial affairs, particularly with regard to the Debtor's alleged sham divorce from his wife; (ii) assisting in the investigation of the acts and conduct of the Debtor's divorce of his wife, and the transfers related to such divorce; (iii) evaluating and pursuing potential causes of action belonging to the Estate, including under chapter 5 of the Bankruptcy Code, if any, with respect to the divorce; and (iv) performing such additional necessary services as may be required

by the Trustee in his carrying out his statutory duties with respect to his investigation of the Debtor's divorce and related transfers to his wife and other third parties.

C. **AF is Disinterested**

11. To the best of the Trustee's knowledge, AF does not have any connection with, or any interest adverse to, the Debtor, its creditors or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Spielberg Declaration.

12. Based upon the Spielberg Declaration, the Trustee submits that AF is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code and that AF does not hold or represent an interest adverse to the Debtor's estate. AF will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, AF will supplement this Application.

D. **Compensation of AF**

13. The Trustee understands that AF will charge for services rendered on an hourly basis, and for reimbursement for reasonable expenses incurred in connection with performing such services. The hourly rates for the accountants and staff of AF are set forth in the Spielberg Declaration. Such compensation will be paid, and expenses will be reimbursed, solely upon application to this Court and upon such notice and hearing as provided by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), the guidelines established by the Office of the United States Trustee for the Southern District of New York (the "**Guidelines**"), and the orders of this Court for all services performed and expenses incurred on or after the Retention Date.

14. Subject to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the orders of this Court, the Trustee proposes to compensate AF at its customary

hourly rates for services rendered that are in effect at such time, as set forth in the Spielberg Declaration, and to reimburse AF in accordance with its customary reimbursement policies. The Trustee respectfully submits that AF's rates and policies stated in the Spielberg Declaration are reasonable.

15. The Trustee respectfully requests that AF's retention be made effective as of November 28, 2022, which is the date that the Trustee informed AF that it had been chosen as special family law counsel to the Trustee and the date on which the Trustee understands that AF commenced rendering services to the Trustee in this case.

## Notice

16. The Trustee is providing notice to all parties who have requested notice in this case.

17. No previous motion for the relief requested herein has been made by the Trustee to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form annexed hereto as **Exhibit B** granting the relief requested herein, and such other relief as is just.

Dated: New York, New York  
     December 20, 2022

GOLENBOCK EISEMAN ASSOR  
 BELL & PESKOE LLP  
711 Third Avenue  
New York, New York 10017  
Telephone: (212) 907-7300  
Facsimile: (212) 754-0330  

By:   /s/ Michael S. Weinstein  
      Michael S. Weinstein  
      Moshie Solomon  

*Counsel for Jonathan L. Flaxer, Chapter 11 Trustee*