**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re                                           :    Chapter 11
                                                :
JOSEPH KLAYNBERG,                               :    Case No. 22-10165 (MG)
                                                :
                        Debtor.                 :
                                                :
------------------------------------------------------------X

### ORDER PURSUANT TO 11 U.S.C. § 327(A) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014(A) AND 2016 AUTHORIZING THE RETENTION OF ABRAMS FENSTERMAN, LLP AS SPECIAL FAMILY LAW COUNSEL FOR THE CHAPTER 11 TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 28, 2022

Upon the application (the "Application") of Jonathan L. Flaxer (the "Trustee"), solely in his capacity as the chapter 11 trustee for the estate (the "Estate") of the above-captioned debtor (the "Debtor"), by his counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, dated December 20, 2022, seeking entry of an order pursuant to § 327(a) of title 11, United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention of Abrams Fensterman, LLP ("AF") as special family law counsel to the Trustee; and upon the Declaration of Jill Spielberg, Esq., partner of AF, dated December 19, 2022; and this Court being satisfied, based on the representations made in the Application and declaration attached thereto, that AF is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, and represents no interest adverse to the Debtor and the Estate; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this is a core proceeding under 28 U.S.C. § 157(b); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and that the Trustee has provided proper notice of the Application; and that the notice provided by the Trustee is appropriate under the circumstances and that no other notice need be

given; and that AF's employment is necessary and is in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED**, that the Trustee be, and hereby is, authorized to retain AF *nunc pro tunc* to November 28, 2022, as special family law counsel to the Trustee to the extent provided herein; and it is further

**ORDERED**, that AF is authorized to provide the following services: (i) providing legal advice and all legal services necessary to assist the Trustee in his efforts to maximize the value of the Estate and investigate the Estate's assets and financial affairs, particularly with regard to the Debtor's alleged sham divorce from his wife; (ii) assisting in the investigation of the acts and conduct of the Debtor's divorce of his wife, and the transfers related to such divorce; (iii) evaluating and pursuing potential causes of action belonging to the Estate, including under chapter 5 of the Bankruptcy Code, if any, with respect to the divorce; and (iv) performing such additional necessary services as may be required by the Trustee in his carrying out his statutory duties with respect to his investigation of the Debtor's divorce and related transfers to his wife and other third parties; and it is further

**ORDERED**, that AF shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Order Pursuant to Section 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF Doc. # 45), dated March 11, 2022, as amended on November 28, 2022 (ECF Doc. No. 268) and any applicable orders of this Court; and it is further

**ORDERED**, that prior to any increases in AF's rates for providing services in this case, AF shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Trustee, the Debtor, the United States Trustee, which supplemental affidavit shall explain the basis for the requested fee increase and state whether the Trustee has consented to such increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

**ORDERED,** that this Order shall be immediately effective and enforceable upon its entry, and the Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine any matter or disputes arising from or relating to this Order or the matters addressed in the Application; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

**IT IS SO ORDERED.**

Dated: January 12, 2023
       New York, New York

                                          **/s/ Martin Glenn**
                                           MARTIN GLENN
                               Chief United States Bankruptcy Judge

**NO OBJECTION**
Office of the United States Trustee

/s/ Tara Tiantian
Trial Attorney