UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
In re                                      :      Chapter 11
                                           :
JOSEPH KLAYNBERG,                          :      Case No. 22-10165 (MG)
                                           :
                         Debtor.           :
                                           :
-----------------------------------------------------------X

### ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328(A) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014(A) AND 2016 AUTHORIZING THE RETENTION OF KEEN-SUMMIT CAPITAL PARTNERS LLC AS BROKER FOR THE CHAPTER 11 TRUSTEE *NUNC PRO TUNC* TO FEBRUARY 2, 2023

Upon the application (the "**Application**")[1] of Jonathan L. Flaxer (the "**Trustee**"), solely in his capacity as the chapter 11 trustee for the estate (the "**Estate**") of the above-captioned debtor (the "**Debtor**"), by his counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, dated February 21, 2023, seeking entry of an order pursuant to §§ 327(a) and 328(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention of Keen-Summit Capital Partners LLC ("**Keen**") as broker for the Trustee; and upon the Declaration of Harold Bordwin principal and co-President of Keen; and this Court being satisfied, based on the representations made in the Application and Declaration attached thereto, that Keen is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, and represents no interest adverse to the Debtor and the Estate; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this is a core proceeding under 28 U.S.C. § 157(b); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and that the Trustee has provided proper notice of the Application; and that the notice

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application.

provided by the Trustee is appropriate under the circumstances and that no other notice need be given; and that Keen's employment is necessary and is in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED**, that the Trustee be, and hereby is, authorized to retain Keen *nunc pro tunc* to February 2, 2023, as broker to the Trustee on the terms and conditions set forth in the Application and the Keen Agreement (a copy of which is annexed to the Application as **Exhibit B**), to the extent provided herein, and provided that in the event of any inconsistency between the Keen Agreement and this Order, the terms of this Order shall prevail; and it is further

**ORDERED**, that the terms and provisions of the Keen Agreement are approved and the Trustee is authorized to compensate Keen and reimburse all reasonable out-of-pocket costs and expenses in accordance with the Keen Agreement; and it is further

**ORDERED**, that Keen shall not be required to file interim fee applications for its fixed fee Services; provided, however that Keen shall be required to file a final fee application upon completion of its Services which shall be subject to the standard of review provided for in section 328(a) of the Bankruptcy Code; provided, further, that the United States Trustee for Region 2 shall retain its right to review such final fee application under Section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that in the event that there are any Additional Services provided by Keen to the Trustee, Keen shall be required to file interim and final fee applications on a half-hourly basis only and the time detail provided for such fees may be provided in a summary fashion. Specifically, Keen will submit time records setting forth the time spent on each activity in half-hour increments and a description of the Additional Services provided, but will not break out their time into tenth-of-an-hour increments; and it is further

2

**ORDERED**, that Keen shall not be required to maintain records of detailed time entries in connection with the Services as that term is defined in the Keen Agreement; and it is further

**ORDERED,** that this Order shall be immediately effective and enforceable upon its entry, and the Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine any matter or disputes arising from or relating to this Order or the matters addressed in the Application, and neither the Trustee nor Keen shall be required to seek authorization from any other jurisdiction with respect to the relief granted by this Order; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

**NO OBJECTION**
Office of the United States Trustee

/s/ Tara Tiantian, Esq.
Trial Attorney

**IT IS SO ORDERED:**

Dated: March 13, 2023
New York, New York

                                        **/s/ Martin Glenn**
                                      MARTIN GLENN
                                Chief United States Bankruptcy Judge