Jonathan L. Flaxer, Esq.
711 Third Avenue
New York, New York 10017
(212) 907-7300

*Chapter 11 Trustee for the Estate of Joseph Klaynberg*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| JOSEPH KLAYNBERG, | : | Case No. 22-10165 (MG) |
| | : | |
| Debtor. | : | |
| | : | |

------------------------------------------------------------X

**APPLICATION OF THE TRUSTEE FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. § 327(A) OF THE BANKRUPTCY CODE AND FED. R.
BANKR. P. 2014(A) AND 2016 AUTHORIZING THE RETENTION OF TRAXI LLC AS
FINANCIAL ADVISOR FOR THE CHAPTER 11 TRUSTEE
*NUNC PRO TUNC* TO APRIL 17, 2023**

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Jonathan L. Flaxer, as chapter 11 trustee (the "**Trustee**") for the estate (the "**Estate**") of the above captioned debtor (the "**Debtor**") submits this application (the "**Application**") for entry of an order, the proposed form of which is annexed hereto as **Exhibit C**, pursuant to § 327(a) of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention of Traxi LLC ("**Traxi**") as financial advisor to the Trustee *nunc pro tunc* to April 17, 2023 (the "**Retention Date**"), and respectfully represents as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this

Court pursuant to 28 U.S.C. § 1408 and 1409.

## Background

2.  On February 11, 2022 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under the Bankruptcy Code. Until September 20, 2022, the Debtor was authorized to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On August 17, 2022, the Series 2020A of Nahla Capital LLC filed a motion for the appointment of a chapter 11 trustee [Dkt. No. 189], and on September 19, 2022, the Court granted that motion directing appointment of a chapter 11 trustee [Dkt. No. 230].

4.  On September 20, 2022, the United States Trustee (the "**United States Trustee**") filed a notice appointing Jonathan L. Flaxer as the chapter 11 trustee [Dkt. No. 231] as well as an application to approve the appointment of Jonathan L. Flaxer as the chapter 11 trustee [Dkt. No. 232]. The Court approved the United States Trustee's application by order dated September 23, 2022 [Dkt. No. 233]. On September 28, 2022, the Trustee filed a bond in the amount of $3,250,000, as required by the United States Trustee [Dkt. No. 238].

## Relief Requested

5.  By this Application, the Trustee seeks Court approval, pursuant to section 327(a) of the Bankruptcy Code, to employ and retain Traxi as his financial advisor in connection with his role as Trustee for the Estate of the Debtor, *nunc pro tunc* to April 17, 2023. The Trustee requests that the Court approve the retention of Traxi to perform the services, as described below, that will be required during this chapter 11 case in accordance with Traxi's normal hourly rates as set forth in Traxi's engagement letter (the "**Traxi Agreement**", a copy of which is annexed hereto as **Exhibit B**), and Traxi's normal reimbursement policies.

6. In support of this Application, the Trustee is submitting the Certification of Anthony Pacchia, Managing Director of Traxi (the "**Pacchia Certification**"), attached hereto as **Exhibit A**.

A. **Traxi as Financial Advisor to the Trustee**

7. The Trustee has selected Traxi to serve as his financial advisor in his capacity as Trustee for the Estate of the Debtor, particularly with respect to his analysis of possible avoidance actions and other potential claims belonging to the Estate. The Trustee believes that the Firm has the necessary background and experience to represent him in connection with his investigation of the Debtor's pre- and post-petition financial affairs due to Traxi's extensive familiarity with accounting practice, forensic analysis and insolvency matters in the bankruptcy arena. The Trustee thus believes that Traxi is well qualified to represent him in this chapter 11 case.

B. **Scope of Services**

8. As financial advisor to the Trustee, Traxi will render such professional services as the Trustee may request with respect to the analysis of possible avoidance actions and other potential claims belonging to the Estate, including: (i) reviewing cash management and reporting system and records, (ii) reviewing pre-petition accounting transactions and transfers, (iii) preparing financial records as necessary to support potential avoidance action and other litigation, and (iv) any other related services requested by the Trustee.

C. **Traxi is Disinterested**

9. To the best of the Trustee's knowledge, Traxi does not have any connection with, or any interest adverse to, the Debtor, his creditors or any other party in interest, or their

respective attorneys and accountants, except as may be otherwise set forth in the Pacchia Certification.

11. Based upon the Pacchia Certification, the Trustee submits that Traxi is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code and that Traxi does not hold or represent an interest adverse to the Debtor's estate. Traxi will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Traxi will supplement this Application.

### D.     Compensation of Traxi

11. The Trustee understands that Traxi will charge for services rendered on an hourly basis, and for reimbursement for reasonable expenses incurred in connection with performing such services. The hourly rates for the professionals of Traxi are set forth in the Pacchia Certification and the Traxi Agreement. Such compensation will be paid, and expenses will be reimbursed, solely upon application to this Court and upon such notice and hearing as provided by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), the guidelines established by the Office of the United States Trustee for the Southern District of New York (the "**Guidelines**"), and the orders of this Court for all services performed and expenses incurred on or after the Retention Date.

12. Subject to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the orders of this Court, the Trustee proposes to compensate Traxi at its customary hourly rates for services rendered that are in effect at such time, as set forth in the Pacchia Certification, and to reimburse Traxi in accordance with its customary reimbursement

4

policies. The Trustee respectfully submits that Traxi's rates and policies stated in the Pacchia Certification are reasonable.

13. The Trustee respectfully requests that Traxi's retention be made effective as of April 17, 2023, which is the date of the Traxi Agreement.

## **Notice**

14. The Trustee is providing notice to all parties who have requested notice in this case.

15. No previous motion for the relief requested herein has been made by the Trustee to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form annexed hereto as **Exhibit C** granting the relief requested herein, and such other relief as is just.

Dated: New York, New York
May 4, 2023

By: /s/ Jonathan L. Flaxer
Jonathan L. Flaxer
*Chapter 11 Trustee for the Estate of Joseph Klaynberg*
711 Third Avenue
New York, NY 10017
(212) 907-7300