# EXHIBIT C

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                            :    Chapter 11
                                                 :
JOSEPH KLAYNBERG,                                :    Case No. 22-10165 (MG)
                                                 :
                         Debtor.                 :
                                                 :
------------------------------------------------------------X

**ORDER PURSUANT TO 11 U.S.C. § 327(A) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014(A) AND 2016 AUTHORIZING THE RETENTION OF TRAXI LLC AS FINANCIAL ADVISOR FOR THE CHAPTER 11 TRUSTEE *NUNC PRO TUNC* TO APRIL 17, 2023**

Upon the application (the "**Application**") of Jonathan L. Flaxer (the "**Trustee**"), solely in his capacity as the chapter 11 trustee for the estate (the "**Estate**") of the above-captioned debtor (the "**Debtor**"), dated May 4, 2023, seeking entry of an order pursuant to § 327(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention of Traxi LLC ("**Traxi**") as financial advisor to the Trustee; and upon the certification of Anthony Pacchia, Managing Director of Traxi; and this Court being satisfied, based on the representations made in the Application and certification attached thereto, that Traxi is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, and that represents no interest adverse to the Debtor and the Estate; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this is a core proceeding under 28 U.S.C. § 157(b); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and that the Trustee has provided proper notice of the Application; and that the notice provided by the Trustee is appropriate under the circumstances and that no other notice need be given; and that Traxi's

employment is necessary and is in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED**, that the Trustee be, and hereby is, authorized to retain Traxi *nunc pro tunc* to April 17, 2023, as financial advisors to the Trustee on the terms and conditions set forth in the agreement between the Trustee and Traxi (the "**Traxi Agreement**"), a copy of which is attached to the Application as **Exhibit B**, to the extent provided herein, and provided that in the event of any inconsistency between the Traxi Agreement and this Order, the terms of this Order shall prevail; and it is further

**ORDERED**, that Traxi is authorized to provide the following services as the Trustee may request with respect to the analysis of possible avoidance actions and other potential claims belonging to the Estate, including: (i) reviewing cash management and reporting system and records, (ii) reviewing pre-petition accounting transactions and transfers, (iii) preparing financial records as necessary to support potential avoidance action and other litigation, and (iv) any other related services requested by the Trustee; and it is further

**ORDERED**, that, notwithstanding anything to the contrary in the Traxi Agreement, Traxi shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Order Pursuant to Section 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 45], dated March 11, 2022, as amended on November 28, 2022 [Dkt. No. 268], and any applicable orders of this Court; and it is further

**ORDERED**, that prior to any increases in Traxi's rates for providing services in this case, Traxi shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Trustee, the Debtor, and the United States Trustee, which supplemental affidavit shall explain the basis for the requested fee increase and state whether the Trustee has consented to such increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that the Debtor shall be bound by the indemnification provisions set forth in the Traxi Agreement, subject during the pendency of these cases to the following:

a. All requests by Indemnified Parties for the payment of indemnification, contribution, or otherwise as set forth in the Traxi Agreement during the pendency of these chapter 11 cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Traxi Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity, contribution, or other payment is sought; provided that in no event shall any Indemnified Parties be indemnified in the case of its own bad-faith, gross negligence, or willful misconduct. In no event shall an Indemnified Parties be indemnified if the Debtor or a representative of the Estate asserts a claim for, and the Court determines by final order that such claim arose out of, such Indemnified Parties's own bad-faith, gross negligence, or willful misconduct.

b. In the event an Indemnified Party seeks reimbursement from the Estate for attorneys' fees and expenses in connection with the payment of an indemnity, contribution or other claim pursuant to the Traxi Agreement, the invoices and supporting time records from such attorneys shall be included in Traxi's own applications, both interim and final, and such invoices and time records shall be subject to the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013* (General Order M-447), and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

**ORDERED**, Traxi is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the amount of compensation requested; and it is further

**ORDERED,** that this Order shall be immediately effective and enforceable upon its entry, and the Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine any matter or disputes arising from or relating to this Order or the matters addressed in the Application; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern

Dated: New York, New York
_____ \_\_\_, 2023

_____
CHIEF UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**
Office of the United States Trustee

/s/ Tara Tiantian, Esq.
Trial Attorney