**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
In re                                              :          Chapter 11
                                                   :
JOSEPH KLAYNBERG,                                  :          Case No. 22-10165 (MG)
                                                   :
                          Debtor.                  :
------------------------------------------------------------------X

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE CHAPTER 11 TRUSTEE'S FIRST AMENDED PLAN OF LIQUIDATION FOR JOSEPH KLAYNBERG AND GRANTING RELATED RELIEF

Upon this Court's Order (A) Approving Disclosure Statement; (B) Establishing Treatment of Claims for Notice and Voting Purposes; (C) Establishing Deadlines and Procedures for Temporary Allowance of Claims for Voting Purposes; (D) Approving Solicitation Packages and Procedures for Distribution; (E) Approving Form of Ballots and Notices of Non-Voting Status; (F) Establishing Voting Deadline and Procedures for Tabulation of Votes; (G) Scheduling Hearing on Confirmation of Plan; (H) Approving Form and Manner of Notice of Confirmation Hearing and Procedures for Filing Objections to Confirmation of Plan; and (I) Granting Related Relief [Dkt. No. 324] (the "Disclosure Statement Order"); and under the Disclosure Statement Order, the Court, *inter alia*, having (i) approved the First Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Chapter 11 Trustee's First Amended Plan of Liquidation for Joseph Klaynberg, dated May 30, 2023 (the "Disclosure Statement") proposed by Jonathan L. Flaxer, the chapter 11 trustee (the "Trustee") for the estate (the "Estate") of Joseph Klaynberg (the "Debtor") with respect to the Chapter 11 Trustee's First Amended Plan of Liquidation dated May 30, 2023 (the "Solicited Plan"); and (ii) established July 19, 2023 at 10:00 a.m. (Eastern Time) as the date and time for the commencement of the hearing to consider confirmation of the Solicited Plan pursuant to section 1129 of title 11 of the

1

United States Code (the "Bankruptcy Code"); and in accordance with the Disclosure Statement Order, the Trustee having caused the appropriate form of ballot (the "Ballot") to be distributed to the Holders of the following impaired Claims and Classes Interests to solicit votes to accept or reject the Plan: (a) Class 2 (Nahla Claim), (b) Class 3 (Contingent Guaranty Claims) and Class 4 (Non-Contingent Guaranty Claims), (c) Class 5 (General Unsecured Claims), and Class 7 (Debtor); and an affidavit of service having been filed with the Court (the "Solicitation Affidavit of Service") demonstrating that the Disclosure Statement, a notice of the Confirmation Hearing, the Ballots, and the other solicitation materials in respect of the Plan (collectively, the "Solicitation Materials") have been mailed to all required parties in accordance with the Disclosure Statement Order; and pursuant to the Disclosure Statement Order, the deadline for voting to accept or reject the Solicited Plan having been fixed as July 7, 2023 (the "Voting Deadline"); and on August 2, 2023, counsel to the Trustee having filed the Declaration of Michael S. Weinstein Certifying the Tabulation of the Ballots (the "Voting Certification"); and the Trustee having filed non-material modifications to the Solicited Plan on August 2, 2023 [Dkt. No. 352] (the "Plan")[1]; and on August 2, 2023, counsel to the Trustee having filed the Memorandum of Law of the Chapter 11 Trustee in Support of Confirmation of the Chapter 11 Trustee's First Amended Plan of Liquidation for Joseph Klaynberg (the "Confirmation Brief"); and the hearing to consider confirmation of the Plan having occurred on August 21, 2023 at 10:00 a.m. (EDT) (the "Confirmation Hearing"); and the Court having reviewed the Plan, the Disclosure Statement, the Disclosure Statement Order, the Voting Certification, the Solicitation Affidavit of Service, the Confirmation Brief, and the other papers before the Court in connection with the confirmation of the Plan; and upon the record of the Confirmation Hearing; and the

---

[1]     All terms not defined herein shall have the meaning ascribed to such term in the Plan.

Court having considered all of the foregoing; and the Court finding that (i) notice of the Confirmation Hearing and the opportunity of any party in interest to object to confirmation of the Plan were adequate and appropriate, in accordance with Rule 2002(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Disclosure Statement Order, as to all parties affected by the Plan and the transactions contemplated thereby, and (ii) the legal and factual bases set forth at the Confirmation Hearing and as set forth in this Order (the "Confirmation Order") establish just cause for the relief granted herein; and based upon the foregoing:

**THE COURT HEREBY FINDS AND CONCLUDES THAT:** [2]

    A.    <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a))</u>. This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

    B.    <u>Transmittal and Mailing of Materials; Notice</u>. The Solicitation Materials were transmitted and served upon all interested parties in compliance with the Disclosure Statement Order, the Bankruptcy Rules and the Local Bankruptcy Rules, and such transmittal and service was adequate and sufficient. Notice of the Confirmation Hearing and all deadlines in the Disclosure Statement Order was given in compliance with the Bankruptcy Rules and the

---

[2]    Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

Disclosure Statement Order and such notice constitutes good and sufficient notice in accordance with Bankruptcy Rules 2002(b) and 3020(b)(2), and no other or further notice is required. Votes for acceptance or rejection of the Plan were solicited in good faith, after transmittal of a disclosure statement containing adequate information, and otherwise in compliance with Bankruptcy Code sections 1125 and 1126 and Bankruptcy Rules 3017 and 3018.

C.      <u>Classes Deemed To Accept the Plan</u>.  Class 1 is not impaired under the Plan and, pursuant to section 1126(f) of the Bankruptcy Code, is deemed to have accepted the Plan.

D.      <u>Classes Voting in Favor of the Plan</u>.  As evidenced by the Voting Certification, Class 2 is an impaired non-insider class of Claims that voted to accept the Plan.

E.      <u>Burden of Proof</u>.  The Trustee has met his burden of proving by a preponderance of the evidence that the Plan satisfies the elements of section 1129(a) and, to the extent applicable, section 1129(b) of the Bankruptcy Code.

F.      <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code:

(i)      <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  The Plan provides for separate grouping and classification of Claims of the Debtor.  In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates separate classes of Claims based upon differences in the legal nature and priority of such Claims  The Claims placed in each class

are substantially similar to the other Claims in each such class. Valid business, factual and legal reasons exist for separately classifying the various classes of Claims created under the Plan, and such classes do not unfairly discriminate among holders of Claims. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)     <u>Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. Section III.B.1. of the Plan specifies that Class 1 is unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii)     <u>Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Sectoin III.B.I. specifies the treatment of the Classes of Claims and the Debtor's residual interest in property that are impaired under the Plan. Accordingly, the Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code.

(iv)     <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim in each respective class unless the holder of a Claim agreed to less favorable treatment. This satisfies section 1123(a)(4) of the Bankruptcy Code.

(v)     <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. Article IV, entitled "Means for Implementation of the Plan," sets forth provisions to facilitate implementation of the Plan, including, but not limited to (i) vesting of Estate assets in the Post-Confirmation Estate (Plan at ¶ IV.G.); and (ii) operation of the Post-Confirmation Estate post-confirmation. Section IV.J. (Plan Administrator), Article VI (Provisions Governing Distributions), and Article V (Treatment of Executory Contracts and Unexpired Leases) of the Plan set forth additional means

of implementing the Plan.  The Plan provides adequate and proper means for its implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(vi)  <u>Selection of Officers, Directors and the Trustee (11 U.S.C. § 1123(a)(7))</u>.  Pursuant to Article IV of the Plan, the Plan Administrator shall oversee the liquidation of the Estate in accordance with the terms and conditions set forth in the Plan.  Section IV.J.(j) of the Plan also provides for the right of the Plan Administrator to petition the Court to appoint a successor.  The Plan provides that Jonathan L. Flaxer, presently the Trustee, shall serve as Plan Administrator.  Thus, the Plan is consistent with the interests of creditors and equity security holders and with public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

(vii)  <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.  The Plan's permissive provisions are appropriate, authorized by section 1123(b) of the Bankruptcy Code, and not inconsistent with the applicable provisions of the Bankruptcy Code.

G.  <u>Compliance with Bankruptcy Rule 3016</u>.  The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).  The Plan describes in specific and conspicuous language all acts to be enjoined under the Plan and identifies all entities that are subject to injunctions in accordance with Bankruptcy Rule 3016(c).

H.  <u>Compliance with Bankruptcy Rule 3018</u>.  The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018.  The solicitation materials, including the Plan, were transmitted to all creditors entitled to vote on the Plan and the Debtor (*i.e.*, all

impaired classes) including those voting by proxy. Sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials and related solicitation procedures comply with section 1126 of the Bankruptcy Code, thereby satisfying the requirements of Bankruptcy Rule 3018.

I.    <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  The Trustee has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Disclosure Statement Order in transmitting the Plan, the Disclosure Statement, the Ballots and the related documents and notices, and in soliciting and tabulating votes on the Plan thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

J.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Trustee proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the formulation of the Plan.

K.    <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by the Trustee, the Debtor or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

L.    <u>Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5))</u>.  Section IV.J. of the Plan provides for the appointment of Jonathan L. Flaxer as Plan Administrator.  The

appointment of such person is consistent with the interests of holders of Claims and the Debtor and with public policy. No insider is proposed to serve as an officer or director of the Post-Confirmation Estate. Accordingly, the Plan complies with section 1129(a)(5) of the Bankruptcy Code.

M.  <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. After confirmation of the Plan, the Debtor's business will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable in this Chapter 11 Case.

N.  <u>Best Interests Test (11 U.S.C. § 1129(a)(7))</u>. The evidence proffered or adduced at the Confirmation Hearing (a) is persuasive and credible, (b) has not been controverted by competent evidence, and (c) establishes that each holder of a Claim which is impaired under the Plan and the Debtor has either accepted the Plan, or will receive or retain under the Plan on account of such Claim or by the Debtor property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, the Plan satisfies the requirements of section 1129(a)(7).

O.  <u>Acceptance or Rejection by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Class 1 is unimpaired under the Plan and is conclusively deemed, pursuant to section 1126(f), to have voted to accept the Plan. Classes 2 through 5 and 7 are impaired under the Plan. As evidenced by the Voting Certification, Class 2 has accepted the Plan by at least two thirds in amount and a majority in number of the Claims in such Classes actually voting. The Plan has not been accepted by all impaired Classes because, pursuant to section 1126(g) of the

Bankruptcy Code, the holders of Classes 3 through 5 and 7 are deemed to have rejected the Plan by not voting. The Plan is confirmable because it satisfies section 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting Classes.

P.      Treatment of Administrative and Priority Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Allowed Administrative Claims and Priority Tax Claims pursuant to Article II of the Plan satisfies the requirements of sections 1129(a)(9)(A), (B) and (C) of the Bankruptcy Code.

Q.      Acceptance By Impaired Class (11 U.S.C. § 1129(a)(10)). As evidenced by the Voting Certification, Class 2 is an impaired non-insider classes of Claims that voted to accept the Plan pursuant to the requirements of sections 1124 and 1126 of the Bankruptcy Code. Therefore, the requirement of section 1129(a)(10) of the Bankruptcy Code that at least one class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, has been satisfied.

R.      Feasibility (11 U.S.C. § 1129(a)(11)). The Plan provides for the liquidation of the Debtor's remaining assets and a distribution of assets to creditors, whether classified or unclassified, in accordance with the priority scheme of the Bankruptcy Code and the terms of the Plan. The Plan also provides for the payment in full of all Allowed Administrative Claims, unless a holder of such Claim agrees to a different treatment or unless this Court orders otherwise. Therefore, the Plan is feasible and meets the requirements of section 1129(a)(11) of the Bankruptcy Code.

S.      Payment of Fees (11 U.S.C. § 1129(a)(12)). All fees payable under section 1930 of title 28 of the United States Code, as determined by this Court, have been paid or

will be paid on the Effective Date pursuant to Section II.B of the Plan, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

T.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). The Debtor has no obligation to pay retiree benefits within the meaning of section 1129(a)(13) of the Bankruptcy Code and thus this requirement is inapplicable to the Plan.

U.    Provisions Applicable to Individuals (11 U.S.C. § 1129(a)(14) and (15). The Debtor has no obligation to pay domestic support obligations within the meaning of section 1129(a)(14) of the Bankruptcy Code and thus this requirement is inapplicable to the Plan.  No unsecured creditor with an Allowed Claim has objected to confirmation of the Plan, and thus this requirement is inapplicable to the Plan.

V.    Provisions Applicable to Trusts (11 U.S.C. § 1129(a)(16). Because the Debtor is an individual, section 1129(a)(16) of the Bankruptcy Code is not applicable.

W.    Cramdown Requirements (11 U.S.C. § 1129(b). The Plan does not "discriminate unfairly" and is "fair and equitable" with respect to Classes 3, 4, 5 and 7, the Classes that are impaired and deemed to have rejected the Plan.  The Plan does not discriminate unfairly with respect to such Classes because each such Class is dissimilar to other classes of Claims, the Plan's segregation of each such Class has a rational basis, and the Plan's classification of Claims in Classes 3, 4 and 5 and the Debtor's residual interest in Class 7 recognizes the fundamental differences in legal rights among the priorities of creditors and interest holders.  The Plan is "fair and equitable" with respect to such Classes because it does not provide a recovery on account of any Claim or equity interest that is junior to such Class.

X.      <u>Principal Purpose (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the provisions of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e *et seq*.), and no governmental unit has objected to the confirmation of the Plan on any such grounds.  The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

Y.      <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based on the record before the Court in this Chapter 11 Case, the Trustee acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in connection with all of the activities relating to the solicitation of acceptances of the Plan and all of the activities described in section 1125 of the Bankruptcy Code.  The Trustee is entitled to the protections afforded by section 1125(e) of the Bankruptcy Code, and to the release and discharge set forth in Section 4.I. of the Plan, as applicable.  The Trustee and all parties in interest will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (ii) take the actions authorized or directed by this Order notwithstanding an appeal of this Order, so long as no stay is in effect pending appeal, even if the Debtor and such parties in interest act with knowledge of that appeal.

Z.      <u>Exemptions from Taxes (11 U.S.C. § 1146)</u>. The Court finds and concludes that, in accordance with Bankruptcy Code § 1146(a), any transfers from a Debtor to a Post-Confirmation Estate or any other Person or Entity pursuant to the Plan, including in relation to the Sands Point Sale, shall not be subject to any document recording tax, stamp tax,

conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment.

AA.　　All documents necessary to implement the Plan have been negotiated in good faith and at arms' length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

BB.　　<u>Satisfaction of Conditions to Confirmation</u>.  The conditions to confirmation set forth in Section IX.A. of the Plan have been satisfied.

CC.　　<u>Retention of Jurisdiction</u>.  Subject to the provisions of this Order, the Court may properly retain jurisdiction over the matters set forth in Article XI of the Plan and/or section 1142 of the Bankruptcy Code.

DD.　　<u>Release and Exculpation</u>.  The failure to effect the release and exculpation provisions of the Plan would impair the Trustee's ability to confirm the Plan.  Accordingly, the release, discharge, and exculpation provisions set forth in the Plan, including those described in Sections IV.J.(k) and VIII.C. of the Plan, are approved.  Each of the release, discharge, and exculpation provisions set forth in the Plan:

> (i)　　may be approved by this Court pursuant to its jurisdiction granted under 28 U.S.C. §§ 1334(a), (b) and (d);
>
> (ii)　　is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code;
>
> (iii)　　confers material benefit on, and is in the best interest of the Debtor, its Estate and creditors; and

(iv)   is consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code.

EE.   <u>Preservation of Causes of Action</u>.  It is in the best interest of the holders of Claims and the Debtor that causes of action that are not expressly released, assigned, or abandoned under the Plan be retained by the Post-Confirmation Estate to maximize the value of the Debtor's Estate.

FF.   <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Case.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.   <u>Solicitation Procedures</u>.  Votes for the acceptance or rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code and all other rules, laws and regulations and with the procedures set forth in the Disclosure Statement Order.  The solicitation procedures and solicitation are hereby approved.

2.   <u>Confirmation</u>.  The Plan, which is annexed hereto as <u>Exhibit 1</u>, is approved and confirmed under section 1129 of the Bankruptcy Code.  The terms of the Plan are incorporated by reference into and comprise an integral part of this Confirmation Order.

3.   <u>Objections</u>.  All parties have had a full and fair opportunity to litigate all issues raised, or that might have been raised, by an objection to the Plan, including any

objections that could have been raised to any documents related thereto. The Objections, to the extent not previously resolved, resolved herein or withdrawn, are hereby overruled and denied.

4.      <u>Claims Bar Date for Ordinary Administrative Claims</u>. Unless previously filed prior to the Confirmation Date, all requests for payment of or proofs of claim with respect to Administrative Claims (other than Claims of Professionals), and that were not previously filed must be filed no later than thirty (30) days after the Effective Date or be forever barred.

5.      <u>Administrative Claims of the Trustee and Professionals</u>. Applications or requests for payment of the Trustee's statutory commission in accordance with the Bankruptcy Code and for the payment of fees and reimbursement of expenses of Professionals shall be filed with thirty (30) days after the Effective Date. The statutory commission and the fees and expenses of the Professionals shall be paid in accordance with, and as soon as practicable after entry of, an order(s) of the Court approving such commission, fees and expenses.

6.      <u>Plan Classification Controlling</u>. The classifications of Claims and the Debtor's residual interest for purposes of the distributions to be made under the Plan is appropriate and not inconsistent with the Bankruptcy Code.

7.      <u>Plan Administrator</u>. The appointment of Jonathan L. Flaxer as Plan Administrator is hereby approved. The Plan Administrator shall have the rights, powers and duties specified in the Plan, and serve in accordance with the terms of the Plan until the appointment of a successor Plan Administrator or his discharge. Until the earlier of conversion, dismissal or closing of this Chapter 11 Case, the Plan Administrator, on behalf of the Post-Confirmation Estate, shall quarterly (a) file post-confirmation disbursement reports for the previous quarter, and (b) pay all U.S. Trustee Fees plus interest, if any.

8. <u>Vesting of Assets (11 U.S.C. § 1141)</u>. On the Effective Date, all Property of the Estate, including Claims and causes of action, whether or not an action or proceeding has been commenced with respect thereto, shall vest in the Post-Confirmation Estate in accordance with section 1141 of the Bankruptcy Code.

9. <u>Continuation of Stay</u>. Pursuant to section 362(c) of the Bankruptcy Code, the automatic stay of section 362(a) of the Bankruptcy Code shall continue in full force and effect with respect to the Post-Confirmation Estate, the Trustee, and/or the Plan Administrator following the Effective Date of the Plan until the Termination Date.

10. **<u>Injunction</u>. Except as otherwise expressly provided in the Plan or in the Confirmation Order, all Persons or Entities, together with their respective present and former employees, agents, officers, directors, principals and affiliates, in their capacities as such, who have held, hold or may hold Claims against the Debtor that have been discharged pursuant to Article VIII.B of the Plan, or are subject to exculpation pursuant to Article VIII.C of the Plan, are permanently enjoined, from and after the Effective Date, from (i) pursuing any and all such Claims (other than the rights of such Persons and Entities to enforce the Plan, and such other contracts, instruments, releases and other agreements or documents delivered hereunder, if any, first arising thereunder after the Effective Date), known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any actual or alleged act, omission, transaction, event, or other occurrences taking place on or prior to the Effective Date (collectively, the "Enjoined Claims") against any of the Debtor, the Estate, the Exculpated Parties, the Plan Administrator or the Post-Confirmation Estate, (ii) commencing or continuing in any manner any action or other proceeding of any kind based**

on any Enjoined Claim against any of the Debtor, the Estate, the Exculpated Parties, the Plan Administrator or the Post-Confirmation Estate, (iii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, decree or other award against any of the Debtor, the Exculpated Parties, the Plan Administrator or the Post-Confirmation Estate, based on any Enjoined Claims (iv) creating, perfecting or enforcing any encumbrance of any kind against any of the Debtor, the Estate, the Exculpated Parties, the Plan Administrator or the Post-Confirmation Estate or against the property or interests in property of any of the foregoing based on any Enjoined Claim, or (v) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due or owing to the Debtor or against the property or interests in property of any of the Debtor, the Estate, or the Post-Confirmation Estate based on any Enjoined Claim; provided, however, that this provision shall not impact or affect the rights and powers of any governmental entity or agency exercising its police or regulatory power; and provided, further, however, solely with respect to any Claims sought to be enforced against the Debtor (and, for the avoidance of doubt, not with respect to (1) any Claims to the extent sought to be enforced against the Estate, the Plan Administrator, or the Post-Confirmation Estate, or (2) any Claims that are subject to exculpation pursuant to Article VIII.C of the Plan) (a) any Claim that been determined by the Bankruptcy Court to be nondischargeable pursuant to Sections 523, 727 or 1141 of the Bankruptcy Code shall not be an Enjoined Claim subject to this injunction, and (b) no Claims against the Debtor shall be enjoined by this paragraph to the extent the Debtor is denied a discharge under any provision of Section 1141 and 727 of the Bankruptcy Code; and provided, further, however, that, this

**provision shall not impact or affect the Emily Claims pursuant to Section VII.D. of the Plan.**

11. <u>Operation of Post-Confirmation Estate</u>.  The Post-Confirmation Estate shall be authorized to engage in any lawful activity only to the extent that such activities are necessary to wind down and liquidate its assets and liabilities in accordance with the Plan.

12. <u>Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))</u>. Except as may be ordered by the Court prior to the Effective Date pursuant to sections 1123(b)(2) and 365 of the Bankruptcy Code and any applicable Bankruptcy Rule(s), all executory contracts and unexpired leases of the Debtor shall be deemed rejected as of the Effective Date, except for the current lease of the Debtor for his personal residence, which shall be abandoned back to the Debtor as of the Confirmation Date (but subject to the occurrence of the Effective Date).  Holders of Claims arising from the rejection of any executory contract or unexpired lease shall file a proof of claim on or prior to thirty (30) days after the Effective Date. Any such Claim filed thereafter shall be deemed disallowed in its entirety without the need of further order of the Court.

13. <u>Effectuating Documents and Further Transactions</u>.  Pursuant to the Plan, the Plan Administrator shall be authorized to execute, deliver, file, or record such documents, instruments, releases, and other agreements and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

14. <u>Plan Documents</u>.  The execution, delivery and performance by the Trustee and/or Plan Administrator of any of the documents contemplated by the Plan, and any amendments, modifications and supplements thereto, and all documents and agreements

introduced therein or contemplated by the Plan is authorized and approved, without further order or authorization of the Court.

15. **Releases and Injunctions Generally. The releases, injunctions, exculpation and discharge provisions set forth in the Plan, including those set forth in Sections IV.J.(k), VIII.C., and VIII.D. of the Plan are expressly incorporated into this Order as if set forth in full and are hereby authorized and approved.**

16. **Injunction Against Claims Filed Against Plan Administrator. No claim may be filed or prosecuted against the Plan Administrator except upon application first being filed in the Court for authority to bring such claim for good cause shown, and entry of a Final Order of the Court authorizing the filing of such claim. The Court reserves exclusive jurisdiction over the Plan Administrator and enjoins the filing of any such claim absent compliance by the proposed plaintiff with the provisions hereof and the Plan.**

17. <u>Non-Occurrence of Effective Date</u>. If the Effective Date has not occurred in accordance with Section IX.B. of the Plan, the Trustee reserves all rights to seek an order from the Court directing that the Confirmation Order be vacated and that the Plan be declared null and void in all respects.

18. <u>Authorization to Consummate Plan</u>. After each of the requirements set forth in Section IX.B. of the Plan has either been satisfied or waived in accordance with the terms of the Plan, the Plan may be consummated and the Effective Date may occur without further order of the Court.

19. <u>Notice of Entry of Confirmation Order and the Effective Date</u>. Within five (5) Business Days after the Effective Date, the Plan Administrator shall serve a notice

pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), on all parties on the master service list plus those parties required to be served with such notice pursuant to the Bankruptcy Rules and the Local Bankruptcy Rules.

20. <u>Effect of Confirmation</u>. The distributions and other treatment afforded all holders of Claims and the Debtor's residual interest in the Estate hereunder shall be in full and complete satisfaction of all Claims against the Debtor, and the Debtor's residual interest in the Estate. From and after the Effective Date, holders of Claims against the Debtor, the Post-Confirmation Estate and the Estate, and the Debtor's residual interest in the Estate, shall be treated in accordance with the terms of the Plan and such holders and the Debtor shall have no other rights, remedies or causes of action against the Debtor, the Post-Confirmation Estate or the Estate other than as set forth in the Plan. From and after the Effective Date, and except as otherwise set forth in the Plan, all holders of Claims (including persons or entities that could have filed a Claim) and the Debtor shall be precluded from asserting against the Trustee, the Plan Administrator, or against any property of the Estate or of the Post-Confirmation Estate, any Claim based upon any act or omission, transaction or other activity of any kind or nature in connection with this Chapter 11 Case which occurred prior to the Effective Date. Notwithstanding the foregoing, nothing contained herein shall relieve the Trustee or the Plan Administrator from liability for willful misconduct, *ultra vires* acts, gross negligence or breach of fiduciary duty. Notwithstanding the foregoing, nothing in the Plan or this Confirmation Order shall preclude any holder of a Claim from pursuing such Claim against the Debtor, or be deemed to discharge, release or satisfy any such Claim as against the Debtor, in the event the Debtor is denied a discharge under sections 1141(d)(3) and 727(a) of the Bankruptcy Code.

21. <u>Binding Effect</u>. The Plan and this Confirmation Order shall be binding upon and inure to the benefit of the Debtor, the Estate, all present and former holders of Claims and the Debtor, and their respective successors and assigns, including, but not limited to, the Post-Confirmation Estate and any chapter 7 trustee appointed to administer the Estate. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan, and all Plan related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

22. <u>Retention of Jurisdiction</u>. Pursuant to sections 105(a), 1127 and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case, the Plan and the Plan Administrator to the fullest extent permitted by law, including, but not limited to, the matters set forth in Article XI of the Plan.

23. <u>Exemption from Certain Taxes</u>. Pursuant to section 1146 of the Bankruptcy Code, the following will not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, sales or use tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment: (a) the Sands Point Sale; (b) the sale of any assets of the Debtor, including, but not limited to, the Equity interests, pursuant to the Plan; or (c) the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with this Plan, including any merger agreements, agreements of consolidation, restructuring, disposition, liquidation or dissolution, deeds, bills of sale or assignments executed in connection with any of the foregoing or pursuant to the Plan. Consistent with the foregoing, each appropriate state or local governmental officials for any

county, city or governmental unit in which any instrument hereunder is to be recorded are hereby ordered and directed to (i) to forego the collection of any such tax or governmental assessment, and (ii) to accept such instrument without requiring the payment of any such taxes or governmental assessment.

24.     <u>References to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

25.     <u>Provisions of Plan and Confirmation Order Non-Severable and Mutually Dependent</u>.  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

26.     <u>Confirmation Order Controlling</u>.  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided</u>, <u>however</u>, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

27.     Applicable Non-Bankruptcy Law. Pursuant to section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

**IT IS SO ORDERED.**

Dated:  August 24, 2023
           New York, New York

            **_/s/ Martin Glenn_**
                MARTIN GLENN
        Chief United States Bankruptcy Judge