CULLEN AND DYKMAN LLP
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
Email: mroseman@cullenllp.com
        bpollack@cullenllp.com

*Counsel for the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                :
In re:                                          : Chapter 11
                                                :
JOSEPH KLAYNBERG,                               : Case No. 22-10165 (MG)
                                                :
                                                :
                    Debtor.                     :
                                                :
------------------------------------------------------------------x

## FEE APPLICATION SUMMARY SHEET

**SECOND AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION
FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED BY CULLEN AND DYKMAN LLP AS COUNSEL
TO THE DEBTOR FOR THE PERIOD FROM JULY 1, 2022
THROUGH AND INCLUDING SEPTEMBER 18, 2022**

| | |
|---|---|
| Name of Applicant: | Cullen and Dykman LLP |
| Name of Client: | Joseph Klaynberg |
| Authorized to Provide Professional Services as: | Counsel to the Debtor |
| Petition Date: | February 11, 2022 |
| Date of Retention: | March 7, 2022 *nunc pro tunc* to February 11, 2022 |
| Date of Order Approving Employment: | March 7, 2022 |

| | |
|---|---|
| Blended Rate in this Application for all Timekeepers: | $731.54 |
| Period for which Compensation and Expense Reimbursement is Requested: | July 1, 2022 to September 18, 2022 |
| Total Requested Compensation for Period: | $250,040.00 |

Total Requested Expense Reimbursement for Period: $2,780.88

| | |
|---|---|
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $ 202,852.80 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $2,780.88 |
| Number of Professionals Included in this Application: | 8 |
| Total Compensation and Expenses Previously Requested: | $282,922.93 |
| Total Compensation and Expenses Previously Awarded: | $282,922.93 |
| Name, Billing Rate, and Department of Attorneys Included in this Application: | See Exhibit F |
| Total Hours: | 341.8 |

This is a second and final fee application.

| | |
|---|---|
| Time spend in Final Application Period preparing First Interim Fee Application: | 6.1 Hours |

CULLEN AND DYKMAN LLP
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
Email: mroseman@cullenllp.com
bpollack@cullenllp.com

Counsel for the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                           :
In re:                      : Chapter 11
                           :
JOSEPH KLAYNBERG,      : Case No. 22-10165 (MG)
                           :
                           :
          Debtor.      :
                           :
-------------------------------------------------------------------x

**SECOND AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION
FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED BY CULLEN AND DYKMAN LLP AS COUNSEL TO
THE DEBTOR FOR THE PERIOD FROM JULY 1, 2022
THROUGH AND INCLUDING SEPTEMBER 18, 2022**

Cullen and Dykman LLP ("C&D"), bankruptcy counsel to Joseph Klaynberg, the above-

captioned debtor and debtor-in-possession (the "Debtor"), hereby submits this second and final

application (the "Final Application") seeking entry of an order, substantially in the form attached

hereto as **Exhibit A**, granting allowance of compensation and reimbursement of expenses

pursuant to sections 328, 330 and 331 of chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Rules"), General Order M-447, the *Amended Guidelines for Fees and Disbursements for*

*Professionals in Southern District of New York Bankruptcy Case*, effective as of January 29, 2013 (the "Fee Guidelines"), and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* dated March 11, 2022 (the "Compensation Procedures Order" at Dkt. No. 45), seeking allowance and payment of fees in the amount of $250,040.00 and reimbursement of expenses in the amount of $2,780.88 for services rendered and expenses incurred during the period from July 1, 2022 through September 18, 2022, for which no prior application has been considered by this Court (the "Final Application Period"). Pursuant to this Final Application, C&D also requests final authorization of all fees previously awarded on an interim basis. In support of the Final Application, C&D respectfully represents as follows:

**Preliminary Statement**

During the Final Application Period, C&D has expended considerable amounts of time, effort, and resources assisting the Debtor's efforts to, among other things, (a) prepare and file with the Court the Debtor's schedules, statements of financial affairs and monthly operating reports and prepare for attendance at the 341 meeting of creditors; (b) begin preparation of the Debtor's chapter 11 plan; (c) prepare and obtain approval of various motions; (d) assist the Debtor with various administrative matters in its case; (e) participate in a mediation with one of the Debtor's creditors, Series 2020A of Nahla Capital LLC ("Nahla") in an effort to resolve the claims between the Debtor and Nahla; and (f) participate in extensive discovery requested by Nahla in the Debtor's case.

Although a trustee was ultimately appointed in this case, C&D respectfully submits that its dedicated efforts during the Final Application Period have provided a substantial benefit to the Debtor's estate. C&D further asserts that many of its efforts subsequent to the appointment of

the trustee were of significant benefit to the estate and C&D's cooperation with the Trustee has certainly saved estate funds. However, it is not seeking allowance or payment of such fees as an administrative claim. Therefore, C&D respectfully requests that this Final Application be approved and paid in its entirety.

## Jurisdiction

1.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 328, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, and the Fee Guidelines.

## Background

2.     On February 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

3.     The Debtor remained in possession of his property and continued in the operation and management of his business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until September 19, 2022, at which point Jonathan Flaxer was appointed as the chapter 11 trustee ("Trustee").

4.     Simultaneously with the filing of his petition, the Debtor filed an Affidavit (the "Klaynberg Affidavit") pursuant to Local Rule 1007-2. A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the Klaynberg Affidavit, the contents of which are incorporated herein by reference.

5.     On March 4, 2022, the Debtor filed an application with the Court to employ C&D as its bankruptcy counsel, which application was approved by the Court on March 7, 2022, *nunc pro tunc* as of the Petition Date.[1]  As set forth therein, C&D requests compensation on an hourly basis.  Prior to the Petition Date, C&D received a $50,000 retainer, $30,415.50 of which was applied to pre-petition services, for a remaining amount of $19,584.50, which was applied to fees and expenses awarded in the First Interim Application.  A true and correct copy of the Order approving the employment and retention of C&D as counsel to the Debtor is attached hereto as **Exhibit B**.

6.     On March 11, 2022, the Court entered the Compensation Procedures Order which authorizes the filing of interim fee applications at quarterly intervals.  C&D filed fee statements monthly in accordance therewith, which statements were approved by the Debtor.  Such statements were served upon the Office of the United States Trustee and counsel for Nahla contemporaneously with their filing.

7.     On July 15, 2022, C&D filed its First Interim Application requesting approval of professional fees in the amount of $280,699.50 and reimbursement of expenses in the amount of $2,223.43 for services rendered and expenses incurred during the First Application Period (the "First Interim Application"). By amended order dated August 18, 2022, such fees and expenses were allowed and paid and no amounts were held back. See, **Exhibit H**. The content of the First Interim Application is incorporated herein by reference. This is C&D's second and final request for compensation and reimbursement of expenses in this case. By this Final Application, C&D is seeing approval and payment of additional fees in the amount of $250,040.00 and expenses in

---

[1] In addition to C&D, the Debtor has also retained Thaler Law Firm ("TLF") as special adversary proceeding counsel to the Debtor and Tysngauz & Associates, P.C. ("T&A") as special appellate counsel to the Debtor.  C&D has taken care to avoid duplication of efforts with TLF and T&A.

the amount of $2,780.88 incurred during the Final Application Period. In addition, C&D requests approval of all fees and expenses sought in the First Interim Application on a final basis. The Debtor has been provided with the Final Application.

8.    As set forth in the certification of Matthew G. Roseman, Esq. dated September 5, 2023 (the "Roseman Certification"), attached hereto as **Exhibit C**, this Final Application complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Fee Guidelines.

9.    In accordance with section 504 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules, no agreement or understanding exists between C&D and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

10.    No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by C&D.

11.    On August 24, 2023, the First Amended Chapter 11 Plan of Liquidation for Joseph Klaynberg was confirmed by the Court.

12.    Since the Debtor has been replaced by the Trustee, neither the Debtor nor its counsel are aware of whether the Trustee is current on the payment of quarterly fees and the filing of monthly operating reports, the cash on hand in the estate or the amount of accrued and unpaid administrative expenses.

### Summary of Services Rendered

13.    As more fully described herein, C&D provided substantial legal services to the Debtor during the Final Application Period. Pursuant to the Fee Guidelines, a summary of the total time expended and amount of compensation sought for each of the project categories is

attached hereto as **Exhibit D**. A listing of the name, title, practice group, and first year of bar admission, if applicable, for each professional person who rendered services to the Debtor, along with a summary of the total hours billed and total amount of billing for each professional, is attached hereto as **Exhibit E**. Attached hereto as **Exhibit F** is a detailed computer-generated summary of the time expended by each professional and the services rendered by C&D as counsel to the Debtor in each category during the Final Application Period. Indicated below are each category and the compensation sought by C&D for services performed on the Debtor's behalf in each category:

| | | |
|---|---|---|
| 1. | General Administration | $12,415.50 |
| 3. | Asset Disposition, Sale or Restructuring | $52,648.50 |
| 4. | Resolution of Creditor Issues | $20,211.00 |
| 6. | Plan and Disclosure Statement | $44,601.00 |
| 8. | Retention of Professionals and Fee Statements | $15,639.00 |
| 9. | Preparation For/Attend Court Hearings | $22,591.50 |
| 10. | Services Relating to Litigation | $595.50 |
| 11. | Motion Practice | $42,253.00 |
| 12. | Operating Reports | $1,300.50 |
| 13. | Disbursements | $2,780.88 |
| 14. | Travel (this is billed at one-half the hourly rate) | $3,325.00 |
| 16. | 2004 Motion/Discovery | $34,319.50 |

14. During the Final Application Period, C&D has expended a total of 341.8 hours in this matter for total requested compensation of $250,040.00 at its usual and customary hourly rates. The average blended hourly rate was $731.54.

15.    During the Final Application Period, C&D has incurred expenses totaling $2,780.88. Attached hereto as **Exhibit G** is a summary of the expenses incurred during the Final Application Period for which reimbursement is sought herein.  Copying charges are assessed at $.10 per copy.  Reimbursement for those costs, as well as all other disbursements in this case, is sought in accordance with the applicable Local Rules.

16.    C&D has set forth below a narrative of the legal services provided to the Debtor in order to inform the Court of the legal services rendered to the Debtor by C&D during the Final Application Period.  The summary of services performed by C&D is only intended to highlight the general categories of services provided by C&D on the Debtor's behalf.  It is not intended to set forth each and every item of professional services that C&D performed for the Debtor.  All of the services for which compensation is sought herein were performed for, or on behalf of, the Debtor.

**Category 1**
**Chapter 11 Administration**

17.    The first category of services rendered by C&D relates to those services required for the Debtor's general case administration.

18.    In that regard, C&D performed extensive services relating to the administration of the Debtor's case including as necessary to ensure the orderly administration of the chapter 11 case.

19.    C&D also assisted the Debtor in responding to inquiries and concerns of various creditors and constituencies, as well as the myriad other issues that arose day-to-day, particularly during the early stages of the chapter 11 case.

20.    Services rendered by C&D in the first category of services include:

- Communications with the Court on the logistical matters with respect to the Debtor's bankruptcy filing and hearings;

- Communications and meetings with the Debtor regarding numerous bankruptcy administration issues, motions and hearings;

- Communications with creditors regarding the Debtor's case;

- Review and filing of multiple periodic reports required under Bankruptcy Code and Rules;

- Communications with Nahla regarding, and review of stipulation regarding, the Debtor's insurance policies and exemption; and

- Communications regarding the appointment of the Trustee in the Debtor's case.

21.    In rendering services relating to this category, C&D attorneys expended 16.1 hours, for requested compensation at their customary and usual hourly rates of $12,415.50. C&D's blended hourly rate for services rendered in this category is $771.15.

**Category 3**
**Asset Disposition or Sales**

22.    The third category of services relates to the sale and disposition of the Debtor's assets. C&D's services resulted in considerable funds being brought to the estate. The services performed in this category include:

- Preparation of motion to sell Debtor's interest in real property located in Sands Point, NY;

- Negotiation of contract of sale of Debtor's interest in Sands Point property;

- Review and prepare reply to Nahla objection to Sands Point sale motion;

- Review and analysis of gains tax consequences regarding sale of Sands Point premises;

- Negotiation of escrow agreement regarding transfer taxes;

- Prepare and/or review closing documents in connection of Sands Point sale;

- Communications with potential purchasers for Connecticut Interests and diligence related thereto;

- Review of proposal for purchase of Connecticut Interests;

- Review and analysis of agreements regarding restrictions on transfer of interests;

- Communications with broker regarding sale of Connecticut Interests, due dilligence process, and sales process; and

- Prepare motions to retain broker, and to sell Connecticut Interests.

23. In rendering services relating to this category, C&D attorneys expended 69.2 hours, for requested compensation at their customary and usual hourly rates of $52,648.50. C&D's blended hourly rate for services rendered in this category is $760.82.

## Category 4
### Resolution of Creditor Issues

24. The fourth category of services relates to the Debtor's resolution of certain issues posed by creditors.

25. Services rendered by C&D in this category include:

- Extensive communications regarding defaults under loan agreements affecting entities for whom the Debtor is a guarantor and review of substantial documents in connection therewith;

- Review issues attendant to multiple guaranties in bankruptcy case; and

- Negotiation of issues regarding Wilmington Trust loan documents.

26. In rendering services relating to this category, C&D attorneys expended 27.4 hours, for requested compensation at their customary and usual hourly rates of $20,211.00. C&D's blended hourly rate for services rendered in this category is $737.63.

## Category 6
### Plan and Disclosure Statement

27.     The sixth category of services relates to C&D's efforts in connection with the Debtor's Plan and Disclosure Statement, which largely formed the basis for the plan filed the Trustee and confirmed by the Court. During the Final Application Period, C&D providing the following services:

- Strategized the Plan with the Debtor and drafted an initial Chapter 11 Plan of Liquidation and Disclosure Statement;

- Drafted various amendments to the Plan of Liquidation and Disclosure Statement;

- Prepared the motion to approve the Disclosure Statement, ballots and notices;

- Reviewed and analyzed financial projections for the plan;

- Communicated with the United States Trustee regarding certain provisions in the Plan;

- Prepared a plan administrator agreement; and

- Reviewed and analyzed Nahla's disclosure statement objection and prepared a reply thereto.

28.     In rendering services relating to this category, C&D attorneys expended 58.8 hours, for requested compensation at their customary and usual hourly rates of $44,601.00. C&D's blended hourly rate for services rendered in this category is $758.52.

## Category 8
### Retention/Professional Compensation/Fee Statements

29.     The eighth category of services provided by C&D relates to the retention of professionals in the Debtor's bankruptcy proceedings. During the Final Application Period, C&D performed services for the Debtor in this category including the following:

- Communications with all professionals with respect to monthly fee statements;

- Preparation and filing of all C&D monthly fee statements;

- Review and filing of monthly fee statements for all other professionals;

- Preparation and filing of First Interim Fee Application for C&D; and

- Review and filing of fee applications of Debtor's other professionals.

30.    In rendering services relating to this category, C&D attorneys expended 20.4 hours, for requested compensation at their customary and usual hourly rates of $15,639.00. C&D's blended hourly rate for services rendered in this category is $766.62.

## Category 9
## Preparation For/Attend Court Hearings

31.    The ninth category of services relates to C&D's preparing for and attending hearings on the various matters related to this case.

32.    C&D prepared for and attended several hearings on behalf of the Debtor in this case during the Final Application Period, including without limitation status hearings, Nahla's derivative standing motion, approval of disclosure statement, sale of Sands Point, Wilmington Trust motion to extend time, and the motion to appoint a chapter 11 trustee.

33.    In rendering services relating to this category, C&D attorneys expended 29.1 hours, for requested compensation at their customary and usual hourly rates of $22,591.50. C&D's blended hourly rate for services rendered in this category is $776.34.

## Category 10
## Services Relating to Litigation

34.    The tenth category of services rendered by C&D relates to litigation matters. C&D expended time performing services in this category during the Final Application Period including the following:

- Discussions with special counsel regarding discovery in connection with the preference action against Nahla; and

- Communications regarding continuation of pre-petition appeals.

35.     In rendering services relating to this category, C&D attorneys expended .7 hours, for requested compensation at their customary and usual hourly rates of $535.50. C&D's blended hourly rate for services rendered in this category is $765.00.

## Category 11
## Motion Practice

36.     The eleventh category of services relates to C&D's efforts to prepare motions requesting various forms of relief from the Bankruptcy Court.

37.     C&D spent considerable time during the Final Application Period reviewing, researching and analyzing issues attendant to the motion for a chapter 11 trustee and prepared an extensive response to such motion including declarations and a memorandum of law. C&D also replied to Nahla's motion for derivative standing and reviewed and analyzed a motion by Wilmington Trust to extend time to object to the dischargability of the debt to Wilmington Trust.

38.     In rendering services relating to this category, C&D attorneys expended 60.4 hours, for requested compensation at their customary and usual hourly rates of $42,253.00. C&D's blended hourly rate for services rendered in this category is $699.55.

## Category 12
## Operating Reports

39.     The twelfth category of services relates to C&D's review and filing of monthly operating reports submitted to the Bankruptcy Court and U.S. Trustee.

40.     In rendering services relating to this category, C&D attorneys expended 1.7 hours, for requested compensation at their customary and usual hourly rates of $1,300.50. C&D's blended hourly rate for services rendered in this category is $765.00.

## Category 13
## Disbursements

41.     The thirteenth category relates to disbursements expended by C&D during the Final Application Period. C&D has not rendered services in this category. Rather this category is utilized solely for itemizing the expenses for which C&D seeks reimbursement herein.

## Category 14
## Travel

42.     The fourteenth category of services relates to C&D's travel time relating to its attendance at the depositions in this case. This time is billed at one-half the hourly rate.

43.     In rendering services relating to this category, C&D attorneys expended 9.0 hours, for requested compensation, at one-half of their customary and usual hourly rates, of $3,525.00. C&D's blended hourly rate for services rendered in this category is $391.67.

## Category 16
## 2004 Motion

44.     The sixteenth and final category of services relates to C&D's efforts in connection the 2004 motion filed by Nahla. All of the discovery generated by this category of services has benefited the Trustee.

45.     C&D performed the following services during the Final Application Period in connection with this matter:

- Continued production of substantial documents to Nahla and compilation of a privilege log;

- Communication with Nahla regarding the document production and deposition schedules;

- Preparation for and attendance at the deposition of the Debtor conducted by Nahla;

- Attendance at deposition of Emily Klaynberg; and

13

- Review of documents requested to be unsealed and communications regarding same.

46.    In rendering services relating to this category, C&D attorneys expended 49.0 hours, for requested compensation at their customary and usual hourly rates of $34,319.50. C&D's blended hourly rate for services rendered in this category is $700.40.

## Summary of Application

47.    C&D submits that compensation for the services rendered and reimbursement of expenses incurred as set forth in this Final Application is reasonable based on: (i) the time and labor required; (ii) the complexity of the legal questions presented; (iii) the skill required to perform the legal services; (iv) the customary compensation for bankruptcy professionals in New York; and (v) the experience and ability of the attorneys providing services. With respect to each of these standards, C&D submits that the compensation requested is reasonable and appropriate.

## Applicable Legal Standards

48.    Section 330(a) of the Bankruptcy Code provides for the compensation of reasonable and necessary services rendered by professionals retained under section 327 of the Bankruptcy Code, as follows:

(1)(A) reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such person; and

(B)  reimbursement for actual, necessary expenses.

* * *

(3) In determining the amount of reasonable compensation to be awarded to …a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)    the time spent on such services;

(B)    the rates charged for such services;

14

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

49.    C&D respectfully submits that the hours worked by C&D's personnel were reasonable and necessary given the numerous and oftentimes complex, novel, and intricate issues which arose during this case.

50.    The rates being charged by C&D are commensurate with, if not less than, those typically charged by other firms in the Southern and Eastern Districts of New York as well as those of other nationally-recognized firms specializing in bankruptcy.

51.    C&D submits that the professional services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Final Application were necessary and appropriate for the orderly administration of the Debtor's chapter 11 case. The professional services performed by C&D preserved and protected the value of the Debtor's assets for the benefit of all parties-in-interest.

52.    The services rendered were performed within a reasonable amount of time by professionals with the seniority and skill level commensurate with the complexity, importance, and nature of the problem, issue or task addressed. Whether reviewed individually as to each of

the tasks described above or collectively as a whole, the professional services were performed expediently and efficiently to accomplish the needs of the Debtor in this chapter 11 case.

53. Finally, the fact that a Trustee was appointed in this case does not prevent approval and payment of C&D's fees. Indeed, the Bankruptcy Court should consider "whether the services were necessary to the administration of, or beneficial *at the time at which the service was rendered* toward the completion of, a case under this title." *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758, 765 (Bankr. E.D.N.Y. 2005) (emphasis added); *see also In re Polanco*, 626 B.R. 12, 23 (Bankr. E.D.N.Y. 2021) ("While the lens of hindsight is tempting... '[i]n evaluating the award of professional fees, courts objectively consider whether the services rendered were reasonably likely to benefit the estate from the perspective of the time when such services were rendered'" in order to support the "salutary objective that attorneys should not be deterred from undertaking the representation of debtors in bankruptcy cases, including cases that may pose significant challenges and an uncertain outcome, due to a risk of inadequate compensation"); *see also In re Wilson*, 2022 WL 24058, *18 (Bankr. E.D.N.Y. Jan. 3, 2022); *In re Value City Holdings, Inc.*, 436 B.R. 300, 305 (Bankr. S.D.N.Y. 2010), *citing In re Kohl*, 431 B.R. 115, 125 (Bankr. S.D.N.Y. 2009).

54. "The test is objective, considering the services that a reasonable lawyer would have performed in the same circumstances." *Kohl*, 421 B.R. at 125, *citing In re Ames Dept. Stores, Inc.*, 76 F.3d 66 (2d Cir. 1996); *see also Wilson*, 2022 WL at *19; *In re Parkview Care and Rehabilitation Center, Inc.*, 2010 WL 3517069, *5 (Bankr. E.D.N.Y. Sept. 7, 2010); *In re CCT Commc'ns, Inc.*, 2010 WL 3386947, *5 (Bankr. S.D.N.Y. Aug. 24, 2010).

55. "[T]he success or failure of the particular claim or position is not the sole determinant of whether the services in question were ultimately 'necessary and beneficial' to the

debtor or the debtor's estate.... [L]egal services that 'are performed well, with due adherence to an attorney's duties and in the good faith litigation... are 'necessary' and 'beneficial' services for which compensation is owed, regardless of whether the client won or lost the underlying case.'" *Wilson*, 2022 WL 24058, at \*19, *citing In re Haimil Realty Corp.*, 579 B.R. 19, 27 (Bankr. S.D.N.Y. 2017).

56.     Although a Trustee was ultimately appointed here, utilizing the foregoing test it is clear that C&D's services were necessary and beneficial to the Debtor's estate. C&D's efforts to accomplish the sale of the Sands Point property resulted in a substantial sum of money which is now funding the Trustee's investigations and litigations. The chapter 11 Plan that was prepared and filed by C&D as well as the amendments thereto, is essentially the exact same plan that the Trustee has now confirmed. Both plans provided for a sale of the Debtor's assets and litigation of claims of the estate, one by a plan administrator and the other by a liquidation trustee. In addition, C&D performed considerable services in preparing for a sale of the Debtor's equity interests. Although that, too, never came to fruition prior to the appointment of the Trustee, the Trustee has hired his own expert for the same exact purpose.

57.     Any reasonable lawyer would have similarly participated in the extensive discovery that was served upon the Debtor in this case and would have also objected to the appointment of a Chapter 11 trustee as well as the derivative standing motion filed by Nahla. All of the services performed by C&D during the Final Application Period were therefore for the benefit of the estate at the time at which they were performed. As a result, C&D submits that the displacement of the Debtor as a debtor in possession is not a bar to approval and payment of its fees in this case.

58.     Thus, C&D submits that the compensation sought in this Final Application is reasonable and necessary under the applicable standards.    Approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.    C&D therefore respectfully requests that the Court grant the Final Application.

## Request for Final Allowance of Compensation and
## Reimbursement of Expenses from First Interim Application

59.     C&D also seeks final approval of the fees and expenses sought in the First Interim Application. As set forth above, in connection with the first Interim Application, an amended order was entered by the Court on August 18, 2022 (**Exhibit H**) awarding fees in the amount of $280,699.50 and expenses of $2,223.43. The services performed by C&D during the First Application Period are detailed in the First Interim Application and incorporated by reference herein.

60.     C&D respectfully submits that the time entries filed in connection with the First Interim Application and this Final Application demonstrate the level of service performed by C&D on behalf of the Debtor, the intricacy of the services performed, and the substantial efforts undertaken by C&D for the benefit of the Debtor's estate. Accordingly, by this Final Application, C&D requests that the Court award on a final basis all fees and expenses previously requested in the First Interim Application.

## Notice

61.     Notice of this Final Application has been provided in accordance the Interim Compensation Order and Bankruptcy Rule 2002.    The Debtor respectfully submits that further notice of this Final Application is neither required nor necessary.

## Conclusion

62.     C&D has worked diligently during the Final Application Period to help the Debtor to address a wide array of issues in this case. Accordingly, C&D submits that its services have provided substantial value to the Debtor's estate and requests that this Final Application be approved in its entirety.

**WHEREFORE**, for the reasons set forth herein, C&D respectfully requests that the Court enter an Order (a) approving C&D's fees in the amount of $250,040.00 and reimbursement of expenses in the amount of $2,780.88 in connection with this Final Application; (b) authorizing and directing the Trustee's payment of such amounts of the foregoing sums that are unpaid to C&D in the ordinary course of business within five (5) business days of entry of an order approving this Application; (c) approving on a final basis all fees and expenses sought in the First Interim Application; and (d) granting such other relief as the Court deems is just and proper.

Dated: Uniondale, New York
          September 5, 2023

                                        CULLEN AND DYKMAN LLP


                                        By:     _s/ Bonnie L. Pollack_
                                                Matthew G. Roseman, Esq.
                                                Bonnie Pollack, Esq.
                                        333 Earle Ovington Boulevard, 2nd Floor
                                        Uniondale, New York 11553
                                        (516) 357-3700

                                        *Counsel for the Debtor*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
                                                             :
In re:                                                       :  Chapter 11
                                                             :
JOSEPH KLAYNBERG,                                            :  Case No. 22-10165 (MG)
                                                             :
                                                             :
                        Debtor.                              :
                                                             :
------------------------------------------------------------ x
```

## ORDER GRANTING APPLICATION FOR ALLOWANCE OF FINAL
## COMPENSATION AND REIMBURSEMENT OF EXPENSES

Upon consideration of the Second and Final Application for Allowance of Compensation

and Reimbursement of Expenses (the "Final Application") for professional services rendered and

expenses incurred during the period commencing July 1, 2022 through September 18, 2022; and a

hearing having been held before this court to consider the Application on _____, 2023; and

notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2)

and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of*

*Expenses for Retained Professionals* (Dkt. No. 45); and due consideration having been given to

any responses thereto; and sufficient cause having been shown therefor, it is hereby

**ORDERED** that the Application is granted to the extent set forth in the attached <u>Schedule</u>

"<u>A</u>".

Dated: New York, New York
       _____, 2023

                                                  _____
                                                  HONORABLE MARTIN GLENN
                                                  CHIEF UNITED STATES BANKRUPTCY
                                                  JUDGE

Case No.: 22-10165 (MG)
Case Name: Joseph Klaynberg

**CURRENT FEE PERIOD**
[July 1, 2022 to September 18, 2022]

**Schedule A**

| (1) Applicant | (2) Date/Doc. No. of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed | (5) Fees Awarded | (6) Fees to be Paid for Current Fee Period (less amounts paid per monthly fee statements) | (7) Fees to be Paid for Prior Fee Period (if any) | (8) Total Fees to be Paid | (9) Interim Expenses Requested | (10) Expenses to be Paid for Current Fee Period (less amounts paid per monthly fee statement) |
|---|---|---|---|---|---|---|---|---|---|
| Cullen and Dykman LLP | | $250,040.00 | | | | $0.00 | | $2,780.88 | |

DATE ON WHICH ORDER WAS SIGNED: _____

INITIALS: _____ USBJ

**Exhibit B**

**Retention Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
JOSEPH KLAYNBERG,                         :    Case No. 22-10165 (MG)
                                          :
                                          :
             Debtor.                      :
                                          :
--------------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION OF CULLEN AND DYKMAN LLP AS COUNSEL TO THE DEBTOR EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application dated February 23, 2022 (the "Application," ECF Doc. # 18)[1] of

Joseph Klaynberg, the above-captioned debtor and debtor-in-possession (the "Debtor") for entry

of an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules"), authorizing the retention and employment of Cullen and Dykman LLP ("C&D") as

counsel to the Debtor, effective *nunc pro tunc* to the Petition Date; and upon the affidavit of

Matthew G. Roseman, Esq., a member of C&D, sworn to on February 23, 2022 (the "Roseman

Affidavit"), which includes the statement of C&D pursuant to section 329 of the Bankruptcy

Code and Bankruptcy Rule 2016; and upon the Affidavit of Joseph Klaynberg, sworn to on

February 23, 2022 (the "Klaynberg Affidavit"); the Court finds that the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28

U.S.C. § 157(b)(2), notice of the Application was sufficient under the circumstances and that no

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

further notice need be given; C&D is "disinterested" and eligible for retention pursuant to

sections 101(14) and 327(a) of the Bankruptcy Code, the terms of the engagement are reasonable

and appropriate, and the legal and factual bases set forth in the Application, Roseman Affidavit

and Klaynberg Affidavit establish just cause for the relief granted herein, it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and it is

further

**ORDERED**, that pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy

Rule 2014, the Debtor is authorized to employ and retain C&D as its counsel, *nunc pro tunc* to

the Petition Date, on the terms and conditions set forth in the Application and in the Roseman

Affidavit; and it is further

**ORDERED**, that C&D shall be compensated for fees and reimbursed for reasonable and

necessary expenses and shall file interim and final fee applications for allowance of its

compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code and in

accordance with the Bankruptcy Rules, Local Bankruptcy Rule 2016-1, the Amended Guidelines

for Fees and Disbursements for Professionals in the Southern District of New York, dated

November 25, 2009, and in accordance with any Court order establishing procedures for

interim or periodic compensation.

**ORDERED**, prior to any increases in C&D's rates for any individual employed by C&D

and providing services in this case, C&D shall file a supplemental affidavit with the Court and

provide ten business days' notice to the Debtor, the U.S. Trustee and any parties in interest that

have filed a notice of appearance and request for notices. The supplemental affidavit shall

explain the basis for the rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy

Code. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including,

2

but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that C&D is authorized to perform the following services:

**(a)**   Advising the Debtor with respect to his power and duties in the continued operation of his business and management of his property as a debtor and debtor-in-possession;

**(b)**   Taking all necessary actions to protect and preserve the value of the estate of the Debtor and related matters;

**(c)**   Representing the Debtor before this Court, and any other court of competent jurisdiction, on matters pertaining to its affairs as a debtor and debtor-in-possession;

**(d)**   Advising and assisting the Debtor in the preparation and negotiation of a plan of reorganization with his creditors and other parties in interest;

**(e)**   Advising the Debtor in connection with financing matters;

**(f)**   Advising the Debtor in connection with the sale of his assets;

**(g)**   Preparing all necessary or appropriate applications, motions, complaints, answers, orders, reports and other legal documents;

**(h)**   Performing all other legal services for the Debtor that may be desirable and necessary in this Chapter 11 case; and it is further

**ORDERED**, that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that to the extent the Application and engagement letter are inconsistent

3

with this Order, the terms of this Order shall govern; and it is further

ORDERED, that C&D shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED, that C&D shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to C&D; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by C&D shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

No Objection:


s/Tara Tiantian
Office of the United States Trustee


**IT IS SO ORDERED.**

Dated:  March 7, 2022
         New York, New York


                                    **/s/ Martin Glenn**
                                    MARTIN GLENN
                                    Chief United States Bankruptcy Judge


4

## Exhibit C

## Certification of Matthew Roseman

CULLEN AND DYKMAN LLP
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
Email: mroseman@cullenllp.com
        bpollack@cullenllp.com

*Counsel for the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                          :
In re:                                    : Chapter 11
                                          :
JOSEPH KLAYNBERG,                         : Case No. 22-10165 (MG)
                                          :
                                          :
                    Debtor.               :
                                          :
-----------------------------------------------------------------x

**CERTIFICATION IN SUPPORT OF SECOND AND FINAL APPLICATION FOR
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED BY CULLEN
AND DYKMAN LLP AS COUNSEL TO THE DEBTOR
FOR THE PERIOD FROM JULY 1, 2022
THROUGH AND INCLUDING SEPTEMBER 18, 2022**

I, Matthew G. Roseman, hereby certify that:

1.      I am a partner with the applicant firm, Cullen and Dykman LLP ("C&D"), which

serves as counsel to Joseph Klaynberg (the "Debtor") in this chapter 11 case, and am admitted to

appear before this Court.

2.      I have reviewed Rule 2016-1 of the Local Bankruptcy Rules for the Southern

District of New York (the "Local Bankruptcy Rules"), General Order M-447, the *Amended*

*Guidelines for Fees and Disbursements for Professionals in the Southern District of New York,*

amended as of June 17, 2013, promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the

"Fee Guidelines"), and the *Order Establishing Procedures for Interim Compensation*, entered March 11, 2022 [Docket No. 45] (the "Order," together with the Fee Guidelines, the "Guidelines").

3.      This certification is made in respect of compliance with the Guidelines in connection with C&D's application (the "Application") dated September 5, 2023, for final compensation and reimbursement of expenses for the period commencing July 1, 2022 through and including September 18, 2022 (the "Final Application Period").

4.      In respect of Section B.1 of the Fee Guidelines, I certify that:

   a. I have read the Application;

   b. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines;

   c. The fees and disbursements sought in this Application are billed at rates and are in accordance with practices customarily employed by C&D and are generally accepted by C&D's clients; and

   d. In providing reimbursable service, C&D does not make a profit in its performance of reimbursable services, whether the service is performed inhouse or through a third party.

5.      In respect of Section B.2 of the Fee Guidelines, I certify that in accordance with the Order, C&D filed fee statements monthly in accordance therewith by the 21st day of the succeeding month, which statements were approved by the Debtor.  Such statements were served upon the Office of the United States Trustee and counsel for Nahla (with the final statement also served on the chapter 11 Trustee) contemporaneously with their filing. The statements included the amount of fees and out-of-pocket expenses incurred, lists of professionals and paraprofessionals providing services, their respective billing rates, the work hours expended by each individual, descriptions of services rendered, and a reasonably detailed breakdown of out-of-pocket expenses incurred.

6.      In accordance with Section B.3 of the Fee Guidelines, I certify that C&D provided copies of this Application to the Debtor, the chapter 11 trustee and the United States Trustee, at least 14 days before the date for the hearing scheduled to approve sale, and that the Debtor has approved the amount sought in the Application.

7.      In accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, I certify that no agreement or understanding exists between C&D and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the above cases except as authorized pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. All services for which compensation is sought were professional services on behalf of the Debtor and not on behalf of any other person.

Dated: Uniondale, New York
       September 5, 2023

                                           CULLEN AND DYKMAN LLP

                                           By:     *s/ Matthew G. Roseman*
                                                   Matthew G. Roseman, Esq.
                                                   Bonnie Pollack, Esq.
                                           333 Earle Ovington Boulevard, 2nd Floor
                                           Uniondale, New York 11553
                                           (516) 357-3700

                                           *Counsel for the Debtor*

## Exhibit D

### Project Category Summary

| Matter No. | Project Category | Hours | Fees |
|---|---|---|---|
| 1 | Chapter 11 Administration | 16.1 | $12,415.50 |
| 3 | Asset Disposition, Sale or Restructuring | 69.2 | $52,648.50 |
| 4 | Resolution of Creditor Issues | 27.4 | $20,211.00 |
| 6 | Plan and Disclosure Statement | 58.8 | $44,601.00 |
| 8 | Retention of Professionals and Fee Statements | 20.4 | $15,639.00 |
| 9 | Preparation for/Attendance at Court Hearings | 29.1 | $22,591.50 |
| 10 | Services Related to Litigation | .7 | $535.50 |
| 11 | Motion Practice | 60.4 | $42,253.00 |
| 12 | Operating Reports | 1.7 | $1,300.50 |
| 14 | Travel (this is billed at one-half hourly rate) | 9.0 | $3,525.00 |
| 16 | 2004 Motion | 49.00 | $34,319.50 |
| | **TOTAL** | **341.8** | **$250,040.00** |

## Exhibit E

## Professionals Summary

| Name | Title | Department | Admission Year | Rate | Hours Billed | Amount Billed |
|------|-------|-----------|----------------|------|--------------|---------------|
| Matthew Roseman | Partner | Bankruptcy & Creditors' Rights | 1989 | $820.00 | 53.9 | $42,968.00 |
| Bonnie Pollack | Partner | Bankruptcy & Creditors' Rights | 1990 | $765.00 | 245.4 | $185,436.00 |
| Bozena Diaz | Partner | Corporate | 2005 | $630.00 | 3.4 | $2,142.00 |
| Elizabeth Usinger | Partner | Bankruptcy & Creditors' Rights | 2008 | $585.00 | 2.0 | $1,170.00 |
| Michelle McMahon | Partner | Bankruptcy & Creditors' Rights | 2000 | $715.00 | 15.0 | $10,725.00 |
| Michael Kwiatkowski | Of Counsel | Bankruptcy & Creditors' Rights | 2011 | $450.00 | 11.5 | $5,175.00 |
| Kelly McNamee | Law Clerk | _____ | _____ | $200.00 | 6.8 | $1,360.00 |
| Michelle Artilles | Law Clerk | _____ | _____ | $280.00 | 3.8 | $1,064.00 |

**Exhibit F**

**Time Records**



Cullen and Dykman LLP
The Omni Building
333 Earle Ovington Blvd, 2ʳᵈ Floor
Uniondale, NY 11553
T: 516.357.3700
F: 516.357.3792
Tax ID: 11-0658700

JOSEPH KLAYNBERG

September 5, 2023

For Professional Services Rendered Through September 18, 2022:

**File Number: 22420-1**

**Control Number  7035286**

RE:   **GENERAL ADMINISTRATION**

**PROFESSIONAL SERVICES**

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/11/22 | BLP | Emails with chambers re hearing date for various motions | .20 | 153.00 |
| 7/11/22 | BLP | Lengthy discussion with A. Thaler re plan, adversary proceeding strategy and case strategy | .70 | 535.50 |
| 7/13/22 | BLP | Further comms with court re hearing date for various hearings | .20 | 153.00 |
| 7/15/22 | BLP | Letter to court with all filings (.3); conference re service of all documents and review of AOSs for filing (.3) | .60 | 459.00 |
| 7/25/22 | BLP | Review and respond to emails with UST re plan and fee applications | .20 | 153.00 |
| 7/28/22 | BLP | Prepare and file supplemental disclosures re Valley National Bank | .60 | 459.00 |
| 7/28/22 | BLP | Lengthy discussion with client re Laz proposal, deposition prep, sales of interests | .40 | 306.00 |
| 7/28/22 | MGR | Review supplemental disclosure and provide comments | .50 | 410.00 |
| 8/05/22 | BLP | Discussion with MR in preparation of call with client all matters in case (.3); lengthy discussion with client re status of case, 8/17 hearings, depositions, sales, etc. (.5) | .80 | 612.00 |
| 8/08/22 | BLP | Lengthy discussion with client re amendments to plan, options, sale of interests | .80 | 612.00 |
| 8/08/22 | BLP | Emails with UST and interested parties with amended documents (.2); letter to court with documents (.2) | .40 | 306.00 |

2

JOSEPH KLAYNBERG
22420-001-1

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 8/10/22 | BLP | Lengthy discussion with B. Procida re claim, oversight committee, 114 MS negotiations, status of all motions (.3); emails with Nahla re evidentiary hearings (.2) | .50 | 382.50 |
| 8/17/22 | BLP | Discussions after hearing with F. Stevens re sale motion, case (.3); discussion with client re outcome of hearing, go forward process (.2) | .50 | 382.50 |
| 8/17/22 | MGR | Conf w/ B Pollack regarding litigation/case strategy moving forward regarding plan/sales process | .60 | 492.00 |
| 8/18/22 | BLP | Discussion with client re motions filed in case (.2); discussion with A. Thaler re outcome of hearing, case going forward (.2) | .40 | 306.00 |
| 8/22/22 | BLP | Lengthy discussion with client re motions in case and responses to same | 1.70 | 1,300.50 |
| 8/23/22 | BLP | Discussion with client re projections for distributions of entities if remain in possession of same and review projections sent | .40 | 306.00 |
| 8/24/22 | BLP | Discussion with S. Flynn re projections, assumptions | .30 | 229.50 |
| 8/24/22 | BLP | Comms re Nahla questions on life insurance policies | .20 | 153.00 |
| 8/25/22 | BLP | Comms with A. Thaler (.2), client (.2) and email to R. Rich (.2) re response to questions on life insurance policy | .60 | 459.00 |
| 8/26/22 | BLP | Comms with Nahla re extension of time only for insurance exemption issues (.2); review and approve stipulation re same (.2) | .40 | 306.00 |
| 8/29/22 | BLP | Emails with accountants re updated periodic reports, time frame, etc. | .30 | 229.50 |
| 8/29/22 | BLP | Meeting with client re all motions, sale of equity and terms of sale, 114 MS loan negotiations | 1.40 | 1,071.00 |
| 8/29/22 | BLP | Discussion with R. Rich re life insurance policy issues, reservation of rights, request for written stipulation from him | .20 | 153.00 |
| 8/30/22 | BLP | Review periodic reports and email to client re same | .40 | 306.00 |
| 9/01/22 | BLP | Review final periodic reports and file same | .30 | 229.50 |
| 9/09/22 | BLP | Revise insurance exemption stipulation from Nahla | .30 | 229.50 |
| 9/13/22 | BLP | Emails with R. Rich re insurance exemption stipulation | .20 | 153.00 |
| 9/14/22 | BLP | Discussions with A. Thaler, A&G and M. Bunin re outcome of hearing | .50 | 382.50 |
| 9/14/22 | BLP | Discussion with UST re hearing, trustee selection (.2); conference with MR re case going forward (.3) | .50 | 382.50 |

JOSEPH KLAYNBERG
22420-001-1

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 9/14/22 | MGR | Conf w/ client and B Pollack regarding appointment of a trustee and related issues | .70 | 574.00 |
| 9/15/22 | BLP | Comms with accountant and special counsel re trustee, case | .30 | 229.50 |
| | | TOTAL PROFESSIONAL SERVICES | | $ 12,415.50 |
| | | **TOTAL THIS MATTER** | | **$ 12,415.50** |

JOSEPH KLAYNBERG
22420-001-3

Control #: 7035286
September 5, 2023

**RE:   ASSET DISPOSITION, SALE OR RESTRUCTURE**

**PROFESSIONAL SERVICES**

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/05/22 | BLP | Comms with Connecticut entity counsel re status of offer for interests | .20 | 153.00 |
| 7/05/22 | BD | Attention to / review marital agreement to determine capital gains tax issues re: sale | .70 | 441.00 |
| 7/06/22 | BLP | Discussion with B. Diaz re gains tax research and results | .30 | 229.50 |
| 7/06/22 | BD | Research gains tax issues re dispositions of property for capital gains issues in connection with divorce | 2.40 | 1,512.00 |
| 7/06/22 | BD | Discuss gains tax issues with Bonnie Pollack | .30 | 189.00 |
| 7/07/22 | BLP | Work on sale motion for Sands Point | 1.60 | 1,224.00 |
| 7/07/22 | BLP | Conference with M. Roseman re Sands Point sale issues, Chase mortgage, etc. (.3); discussion with F. Stevens re contract of sale, closing timing, Chase (.3) | .60 | 459.00 |
| 7/07/22 | BLP | Conferences with C. Mullen re contract for Sands Point, issues to revise | .30 | 229.50 |
| 7/07/22 | BLP | Work on motion for sales process for equity interests | 2.10 | 1,606.50 |
| 7/08/22 | BLP | Continued work on Sands Point sale motion | .90 | 688.50 |
| 7/11/22 | BLP | Work on sale motion (Sands Point) | .90 | 688.50 |
| 7/12/22 | BLP | Work on Sands Point contract | 1.40 | 1,071.00 |
| 7/12/22 | BLP | Revisions to Sands Point motion re contract provisions | .30 | 229.50 |
| 7/12/22 | MGR | Review sales motion | .50 | 410.00 |
| 7/13/22 | BLP | Review buyer changes to contract (.2); conference with C. Mullen re same (.2); emails with buyer counsel re same (.12 | .60 | 459.00 |
| 7/14/22 | BLP | Emails with buyer counsel nd client re contract execution and deposit (Sands Point) (.2); discussion with client re sale issues for all assets (.3) | .50 | 382.50 |
| 7/14/22 | BLP | Finalize Sands Point sale motion | .50 | 382.50 |
| 7/20/22 | BLP | Lengthy discussion with S. Consoli and J. Beck re sale of Connecticut interests and terms of proposal re stalking horse bid | .50 | 382.50 |
| 7/21/22 | BLP | Discussion with counsel to Chase re motion to sell, treatment of claim in case | .20 | 153.00 |

JOSEPH KLAYNBERG
22420-001-3

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/21/22 | BLP | Email to Emily Klaynberg counsel re payment of Chase mortgage | .10 | 76.50 |
| 7/26/22 | BLP | Discussion with Hilco re proposed equity sale process and retention potential | .50 | 382.50 |
| 7/26/22 | BLP | Discussion with F. Stevens re demand to pay Chase mortgage, Chase issues | .30 | 229.50 |
| 7/26/22 | MGR | Conf regarding satisfaction of Chase mortgage by Emily as condition to closing | .30 | 246.00 |
| 7/26/22 | MGR | Review and discuss emails concerning sales process of ownership interests | .50 | 410.00 |
| 7/27/22 | MGR | Review materials from Hilco regarding sale of equity interests (.3); Discuss same w/ B Pollack (.2) | .50 | 410.00 |
| 7/28/22 | BLP | Several comms with Chase and F. Stevens re Chase issues with sale, plan, payment of mortgage by Emily needed, need to modify contract re same | .90 | 688.50 |
| 7/28/22 | BLP | Review Laz proposal for certain interests in greater depth (.3); discussion with J. Beck and S. Console re questions re same (.3) | .60 | 459.00 |
| 8/01/22 | BLP | Prepare amendment to Sands Point contract (.5); several emails with Chase and F. Stevens re same (.4) | .90 | 688.50 |
| 8/01/22 | BLP | Revise sale order re Chase changes (.2); emails with Chase and F. Stevens re same (.2) | .40 | 306.00 |
| 8/01/22 | BLP | Comms with client re amendments to contract, order (.2); file all amendments with court and letter to court re same (.3) | .50 | 382.50 |
| 8/01/22 | BLP | Discussion with Hilco re sale of interests, issues with same | .30 | 229.50 |
| 8/01/22 | MGR | Review proposed changes to contract for sale of residence;discuss same w./ B Pollack | .30 | 246.00 |
| 8/01/22 | MGR | Phone conf w/ J Hubbard of A & G regarding potential engagement to sell interests of debtor | .40 | 328.00 |
| 8/01/22 | MGR | E-mails w/ J Parker of Hilco regarding potential engagement to market assets | .30 | 246.00 |
| 8/02/22 | MGR | E-mail and phone conf w/ J Hubbard of A & G Realty regarding conducting sales process for debtors minority interests in RE companies | .60 | 492.00 |
| 8/03/22 | MGR | E-mails w/ J Hubbard of A & G Realty regarding nature of sales process and role of A & G | .20 | 164.00 |

JOSEPH KLAYNBERG
22420-001-3

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 8/04/22 | MGR | Phone conf w/ J Hubbard regarding sales process of minority interests in RE companies | .30 | 246.00 |
| 8/05/22 | BLP | Call with MR and broker re sale process, background, documents, strategy | .30 | 229.50 |
| 8/05/22 | MGR | Conf call w/ A & G Realty ( J Hubbard and E Amendola) w/ B Pollack regarding sales process for minority interests of debtor in real estate projects | .50 | 410.00 |
| 8/05/22 | MGR | Follow up call w/ J Hubbard regarding sale of minority interests and supporting documents | .30 | 246.00 |
| 8/08/22 | BLP | Review and emails with client regarding A&G engagement proposal | .40 | 306.00 |
| 8/08/22 | MGR | Review retention proposal and discuss same with J J Hubbard of A & G | .60 | 492.00 |
| 8/09/22 | BLP | Chart out equity interests for sale process | .90 | 688.50 |
| 8/10/22 | MGR | Review NAHLA objection to sale of Sands point residence . | .50 | 410.00 |
| 8/11/22 | BLP | Review objection to sale motion | .40 | 306.00 |
| 8/11/22 | BLP | Prepare reply to objection to sale motion | 3.70 | 2,830.50 |
| 8/11/22 | BLP | Discussion with F. Stevens re objection to sale and hearing on same | .30 | 229.50 |
| 8/11/22 | MGR | Review reply to NAHALA objection to sale of sands point residence and discuss w/ B Pollack | .50 | 410.00 |
| 8/11/22 | MGR | Research sub rosa plan issue raised in NAHLA objection and email B Pollack and M Kwiatkowski regarding same | .70 | 574.00 |
| 8/12/22 | BLP | Finalize sale reply papers | .30 | 229.50 |
| 8/12/22 | MGR | E-mails regarding A & G retention | .30 | 246.00 |
| 8/15/22 | BLP | Discussion with Chase counsel re sale motion and hearing (.2); review Emily statement re sale motion (.3) | .50 | 382.50 |
| 8/19/22 | MGR | Phone conf w/ J Hubbard re engagement and related issues concerning sale of interests in entities | .40 | 328.00 |
| 8/22/22 | BLP | Work on motion to sell interests | 1.20 | 918.00 |
| 8/22/22 | BLP | Discussion with J.Hubbard re stalking horse issues (.2); discussion with M. McMahon re sale strategy (.2) | .40 | 306.00 |
| 8/23/22 | BLP | Continued extensive work on motion to sell interests and bid procedures | 2.80 | 2,142.00 |

JOSEPH KLAYNBERG
22420-001-3

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 8/24/22 | BLP | Extensive work on sale procedures and motion | 2.30 | 1,759.50 |
| 8/24/22 | BLP | Revise sale order per county request and emails with county re same | .30 | 229.50 |
| 8/26/22 | BLP | Review order to sell Sands Point (.1); comms with M. Roseman and F. Stevens re same, title, closing documents (.4) | .50 | 382.50 |
| 8/29/22 | BLP | Discussion with C. Mullin re Sands Point closing documents, closing | .20 | 153.00 |
| 8/29/22 | BLP | Comms with broker re bid procedures (.2); follow up discussion with brokers re procedures, consents, motion terms, etc. (.3) | .50 | 382.50 |
| 8/29/22 | MGR | Review bidding procedures and discuss same with B Pollack | .60 | 492.00 |
| 8/30/22 | BLP | Work on motion to retain broker | 1.80 | 1,377.00 |
| 8/30/22 | BLP | Continued work on sale motion for equity interests | 1.90 | 1,453.50 |
| 8/30/22 | BLP | Continued review and preparation of consent section needed for sale motion | .90 | 688.50 |
| 8/30/22 | BLP | Work on bid procedures order re equity interests | .60 | 459.00 |
| 8/30/22 | MGR | Review revised bid procedures and discuss process w/ B Pollack | .60 | 492.00 |
| 8/31/22 | BLP | Continued work on broker motion | 1.00 | 765.00 |
| 8/31/22 | BLP | Draft form contract for equity interests | 1.90 | 1,453.50 |
| 8/31/22 | BLP | Discussion with C. Mullin re closing for Sands Point, timing, etc. | .20 | 153.00 |
| 8/31/22 | BLP | Continued work on sale order, procedures order and notice of auction | 1.10 | 841.50 |
| 8/31/22 | BLP | Extensive work on reviewing and preparing consents section for sale motion | 1.20 | 918.00 |
| 8/31/22 | MGR | Phone conf w/ J Hubbard regarding information needed for sales process | .40 | 328.00 |
| 8/31/22 | MGR | Review and provide comments to revised bid procedures and sales order | .50 | 410.00 |
| 8/31/22 | MK | Legal research regarding need for time records w/ broker | .90 | 405.00 |
| 8/31/22 | MK | Prepare draft revision to retention application | .50 | 225.00 |
| 9/01/22 | BLP | Continued review of documents and finalization of restrictions to transfer | 3.30 | 2,524.50 |
| 9/01/22 | BLP | Revise all sale motion documents | 1.70 | 1,300.50 |
| 9/01/22 | BLP | Discussion with client re all sale motion papers (.2); discussions with broker re process, comments, etc, (.4) | .60 | 459.00 |

JOSEPH KLAYNBERG
22420-001-3

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 9/01/22 | MGR | Phone conf w/ J Hubbard of A & G Realty regarding assignment and retention issues | .40 | 328.00 |
| 9/01/22 | MGR | Conf w/ B Pollack regarding anti assignment issues relating to minority interests | .50 | 410.00 |
| 9/02/22 | BLP | Revise and finalize broker motion and sale motion | 2.90 | 2,218.50 |
| 9/02/22 | BLP | Discussion with broker counsel re retention motion, sales process | .20 | 153.00 |
| 9/02/22 | MGR | Phone conf w/ J Hubbard regarding sales process | .40 | 328.00 |
| 9/06/22 | BLP | Comms with F. Stevens re deal documents | .20 | 153.00 |
| 9/07/22 | BLP | Several emails re Sands Point closing documents | .30 | 229.50 |
| 9/09/22 | BLP | Review and comment on UST comments to A&G retention and emails with A&G counsel re same | .40 | 306.00 |
| 9/09/22 | BLP | Several comms with F. Stevens and client re Sands Point closing documents, logistics of closing | .50 | 382.50 |
| 9/09/22 | BLP | Review and comment on escrow agreement in connection with closing (.4); revise agreement per discussions re same (.3) | .70 | 535.50 |
| 9/09/22 | BLP | Comms with F. Stevens and C. Mullin re escrow agreement provisions | .40 | 306.00 |
| 9/11/22 | BLP | Comms re Chase payoff for closing | .20 | 153.00 |
| 9/12/22 | BLP | Discussion with M. Bunin re questions re sales process for equity (.2); comms with F. Stevens and client re SP closing documents (.2) | .40 | 306.00 |
| 9/13/22 | BLP | Letter to F. Stevens with all closing documents | .30 | 229.50 |
| 9/15/22 | BLP | Discussion with Emily counsel re satisfaction, closing documents | .20 | 153.00 |

| | TOTAL PROFESSIONAL SERVICES | $ 52,648.50 |
|---|---|---|
| | **TOTAL THIS MATTER** | **$ 52,648.50** |

RE: **RESOLUTION OF CREDITOR ISSUES**

**PROFESSIONAL SERVICES**

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/14/22 | BLP | Review proposed prenegotiation letter re 114 MS obligations (.2); conference with M. Roseman re ability to execute, issues re same (.2) | .40 | 306.00 |
| 7/14/22 | BLP | Review estate issues attendant to restructuring of CRDA obligations | .30 | 229.50 |
| 7/14/22 | BLP | Comms with client re various restructuring issues regarding equity interests, impact on estate and interplay with same | .40 | 306.00 |
| 7/15/22 | BLP | Conference with M. McMahon re 114 MS pre-negotiation letter and issues and strategy re same | .50 | 382.50 |
| 7/15/22 | MKM | Teleconference with B. Pollack regarding creditor issues on guarantees | .40 | 286.00 |
| 7/15/22 | MKM | Review notices and draft prenegotiation letter and email B. Pollack regarding same. | .60 | 429.00 |
| 7/19/22 | BLP | Discussion with M. McMahon re issues with Rialto prenegotiation letter, and advise for client re same, further issues which may arise re matter (.4); email to client re advise on issue (.1) | .50 | 382.50 |
| 7/19/22 | MKM | Teleconference with B. Pollack regarding prenegotiation letter, guaranty claim and loan workout. | .40 | 286.00 |
| 7/20/22 | BLP | Discussion with M. Bunin re Valley debt, requested reinstatement, etc. | .20 | 153.00 |
| 7/21/22 | BLP | Discussion with B. Procida re Wilmington Trust claim, case, plan administrator, pre-negotiation letter from Rialto | .50 | 382.50 |
| 7/21/22 | BLP | Further emails with B. Procida re negotiations on 114 MS debt | .20 | 153.00 |
| 7/26/22 | BLP | Review Morgan Stanley notice issues for claim allowance purposes | .40 | 306.00 |
| 7/27/22 | BLP | Continued review of 114 MS guaranty/notice issues (.3); emails with B. Procida re same, call re claim, PA issues (.2) | .50 | 382.50 |
| 7/28/22 | BLP | Brief review of Spectra refi documents (.3); comms with M. McMahon re thorough review of same, issues, strategy (.4) | .70 | 535.50 |
| 7/28/22 | BLP | Discussion with B. Procida re claim, STN issues | .20 | 153.00 |
| 7/28/22 | MKM | Review amended loan documents and teleconference with B. Pollack. | 1.00 | 715.00 |
| 7/29/22 | MKM | Review loan modification documents. | 4.40 | 3,146.00 |

JOSEPH KLAYNBERG
22420-001-4

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 8/02/22 | BLP | Lengthy discussion with M. McMahon re Hartford restructure documents, issues for estate | .80 | 612.00 |
| 8/02/22 | BLP | Review and revise email to Connecticut counsel re issues with and comments to restructuring documents | .30 | 229.50 |
| 8/02/22 | MKM | Teleconference with B. Pollack regarding loan modification issues; prepare summary for replacement guarantor's counsel regarding potential issues/ changes. | 1.90 | 1,358.50 |
| 8/03/22 | MKM | Respond to questions regarding revisions to Spectra loan modification documents. | .40 | 286.00 |
| 8/04/22 | MKM | Review communications and operating agreements regarding proposed winddown of sponsor projects. | .40 | 286.00 |
| 8/05/22 | BLP | Discussion with M. McMahon re 111 Fulton lender requests, questions | .20 | 153.00 |
| 8/05/22 | MKM | Teleconferences with B. Pollack and J. Klaynberg regarding 111 Fulton transaction (.5); prepare summary of same for B. Pollack (.3) | .80 | 572.00 |
| 8/10/22 | BLP | Conference with MR re Wilmington Trust issues | .20 | 153.00 |
| 8/11/22 | BLP | Review and respond to emails re PNC release of 111 Pearl guaranties | .40 | 306.00 |
| 8/12/22 | BLP | Review email from B. Procida re WT dischargeability issues (.2) and discussion with M. Roseman re same (.3) | .50 | 382.50 |
| 8/12/22 | BLP | Discussion with R. Banich and B. Procida re WT issues re dischargeability | .40 | 306.00 |
| 8/15/22 | BLP | Discussion with client re WT issues and background | .30 | 229.50 |
| 8/16/22 | BLP | Review comms re 114 MS loan documentation re issues in case (.3); emails with B. Procida re same (.2); emails with client re same (.2) | .70 | 535.50 |
| 8/16/22 | MKM | Review amendment to operating agreement and prepare summary of same for B. Pollack; email with client regarding same. | .90 | 643.50 |
| 8/17/22 | BLP | Comms with B. Procida and client re motion proposed by WT and allegations made | .80 | 612.00 |
| 8/17/22 | BLP | Research re issues attendant to WT claims in case | .50 | 382.50 |
| 8/19/22 | MKM | Review PNC revisions to 111 Pearl amendments. | .50 | 357.50 |
| 8/20/22 | BLP | Emails re Connecticut PNC documents and issues with releases in same | .30 | 229.50 |
| 8/22/22 | BLP | Discussion with M. McMahon re releases in Connecticut matters, strategy in light of motions in case | .20 | 153.00 |

JOSEPH KLAYNBERG
22420-001-4

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 8/22/22 | MKM | Teleconference with B. Pollack regarding revisions to releases. | .10 | 71.50 |
| 8/23/22 | BLP | Comms with R. Rich re Connecticut release issues (.2); comms with client and M. McMahon re same (.2) | .40 | 306.00 |
| 8/23/22 | MKM | Review release documents and prepare summary of same. | 2.40 | 1,716.00 |
| 8/25/22 | BLP | Discussions with R. Rich (.2); M. McMahon (.3) and MM and Connecticut counsel (.2) re release issues, 9019 motions, etc. | .70 | 535.50 |
| 8/25/22 | MKM | Teleconferences with B. Pollack and L. Bortolan regarding loan amendments. | .80 | 572.00 |
| 8/26/22 | BLP | Comms with Connecticut counsel re objection to claims once guaranties released | .20 | 153.00 |
| 8/30/22 | BLP | Lengthy discussion with J. Schecter (representing 114 MS) re discussions with Rialto, effect on estate, etc. (.3); review and respond to email re documents requested by Rialto (.2) | .50 | 382.50 |
| 9/01/22 | BLP | Discussion with S. Rosen (counsel to M&T) re Spectra 111 loan restructure issues | .20 | 153.00 |

|  |  | TOTAL PROFESSIONAL SERVICES | | $ 20,211.00 |
|  |  | **TOTAL THIS MATTER** | | **$ 20,211.00** |

RE:   PLAN & DISCLOSURE STATEMENT

**PROFESSIONAL SERVICES**

| Date | Init | Description | Hours | Amount |
|---|---|---|---|---|
| 7/05/22 | BLP | Continued extensive drafting of plan | 4.90 | 3,748.50 |
| 7/06/22 | BLP | Revise proposed plan | 2.40 | 1,836.00 |
| 7/06/22 | BLP | Comms with M. Roseman re questions on plan, strategy re same | .50 | 382.50 |
| 7/06/22 | MGR | Conf w/ B Pollack to review comments to plan | .50 | 410.00 |
| 7/07/22 | BLP | Revise and circulate draft plan for discussion with Debtor and Special Counsel | .90 | 688.50 |
| 7/11/22 | BLP | Discussions with client re plan, comments, concepts | .80 | 612.00 |
| 7/11/22 | MGR | Conf call w/ client regarding marketing professionals for asset classes | .50 | 410.00 |
| 7/13/22 | BLP | Work on preparation of disclosure statement in case | 2.60 | 1,989.00 |
| 7/13/22 | BLP | Revisions to plan | .90 | 688.50 |
| 7/13/22 | BLP | Comms re disposable income analysis needed for disclosure statement (.2); review claims and calculate distributions for disclosure statement purposes (.3) | .50 | 382.50 |
| 7/13/22 | MGR | Review revisions to plan | .50 | 410.00 |
| 7/14/22 | BLP | Extensive work on disclosure statement and attachments to same | 3.70 | 2,830.50 |
| 7/14/22 | BLP | Prepare motion to approve disclosure statement with order, ballot and notice | 1.60 | 1,224.00 |
| 7/14/22 | BLP | Discussion with accountants re disposable income projections for disclosure statement | .30 | 229.50 |
| 7/14/22 | MGR | Review and make comments and revisions to disclosure statement | 2.00 | 1,640.00 |
| 7/14/22 | MGR | Conf w/ B Pollack regarding comments to disclosure statement and revisions | .70 | 574.00 |
| 7/14/22 | MGR | Review comments to disclosure statement from A Thaler | .30 | 246.00 |
| 7/15/22 | BLP | Extensive work to finalize plan, disclosure statement, liquidation analysis | 4.10 | 3,136.50 |
| 7/15/22 | BLP | Call with client and accountants re disposable income projections (.4); review and comment on exhibit for plan re same (.3) | .70 | 535.50 |

JOSEPH KLAYNBERG
22420-001-6

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/20/22 | BLP | Discussion with A. Thaler re outcome of STN hearing, next steps re plan (.3); conference with M. Roseman re same (.3) | .60 | 459.00 |
| 7/20/22 | MGR | Discuss amending plan and disclosure statement with B Pollack based upon court record and follow up communication with UST | .60 | 492.00 |
| 7/27/22 | BLP | Emails with UST re certain plan provisions (.2); emails with client re sale provisions of plan and amendment needed to same (.2) | .40 | 306.00 |
| 8/01/22 | BLP | Several conferences with M. Roseman and review of documents strategizing plan administrator/litigation trust issues | 1.20 | 918.00 |
| 8/01/22 | BLP | Discussion with Valley counsel and email to WT counsel re litigation trust concept and trust board | .30 | 229.50 |
| 8/02/22 | BLP | Draft plan amendment and review of ancillary documents for use re same | 2.40 | 1,836.00 |
| 8/02/22 | BLP | Discussion with B. Procida re plan administrator/trust concepts | .20 | 153.00 |
| 8/02/22 | MGR | Review litigation trust and plan administrator oversight committee structure regarding amendments to Plan | 1.30 | 1,066.00 |
| 8/03/22 | BLP | Discussion with M. Bunin and emails with B. Procida re plan administrator oversight board | .40 | 306.00 |
| 8/03/22 | MGR | Conf w/ B Pollack regarding structure of plan and use of an oversight board for plan administrator | .40 | 328.00 |
| 8/05/22 | BLP | Work on amended plan | 1.50 | 1,147.50 |
| 8/05/22 | MGR | Conf call w/ J Klaynberg and B Pollack regarding update concerning plan structure and deposition of E Klaynberg | .50 | 410.00 |
| 8/06/22 | BLP | Continued work on plan amendments and send to client for review | .50 | 382.50 |
| 8/06/22 | BLP | Draft Plan Administrator agreement and send to client for review | 3.30 | 2,524.50 |
| 8/08/22 | BLP | Draft DS amendments | .90 | 688.50 |
| 8/08/22 | BLP | Finalize and file all amendments to plan, DS and plan admin agreement | 1.20 | 918.00 |
| 8/10/22 | MGR | Review NAHALA objection to disclosure statement | .70 | 574.00 |
| 8/11/22 | BLP | Review DS objection | .60 | 459.00 |
| 8/11/22 | MGR | Review reply NAHLA objection to disclosure statement and discuss comments with B Pollack | 1.00 | 820.00 |
| 8/11/22 | MK | Legal research regarding disclosure statement objection | 1.70 | 765.00 |

JOSEPH KLAYNBERG
22420-001-6

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 8/11/22 | MK | Draft insert for inclusion in reply on approval of disclosure statement | 1.50 | 675.00 |
| 8/12/22 | BLP | Continued review of DS issues and prepare reply to DS objection | 4.10 | 3,136.50 |
| 8/12/22 | MGR | Review revised reply to disclosure statement objection and provide comments | .80 | 656.00 |
| 8/15/22 | BLP | Review and respond to emails with UST re further changes to DS (.3); letter to court re additional agreed changes to same (.3) | .60 | 459.00 |
| 8/18/22 | BLP | Amendments to plan and DS (and review objection again re same) | 1.40 | 1,071.00 |
| 8/18/22 | MGR | Review and provide comments to revised plan and discuss same w/ B Pollack | 1.20 | 984.00 |
| 8/19/22 | BLP | Comms with client re Plan and DS changes (.2); finalize and file amended documents and email to chambers re same (.5) | .70 | 535.50 |
| 8/19/22 | MGR | Provide minor comments to plan language | .40 | 328.00 |

TOTAL PROFESSIONAL SERVICES $ 44,601.00

**TOTAL THIS MATTER** **$ 44,601.00**

RE:   RETENTION/PROFESSIONAL COMPENSATION/FEE

**PROFESSIONAL SERVICES**

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/06/22 | BLP | Work on June fee statement | .60 | 459.00 |
| 7/06/22 | BLP | Begin drafting fee application | 1.30 | 994.50 |
| 7/07/22 | BLP | Finalize and send June fee statement | .20 | 153.00 |
| 7/08/22 | BLP | Work on first interim fee application | .80 | 612.00 |
| 7/08/22 | BLP | Comms with R. Banich re fee statement, application | .20 | 153.00 |
| 7/11/22 | BLP | Continued work on fee application | .80 | 612.00 |
| 7/11/22 | BLP | Comms with professionals re status of their fee applications | .20 | 153.00 |
| 7/12/22 | BLP | Extensive work on fee application | 3.40 | 2,601.00 |
| 7/12/22 | BLP | Discussion with M. Peretz re accountant fee application | .20 | 153.00 |
| 7/12/22 | BLP | Prepare and file all June fee statements in case | .70 | 535.50 |
| 7/13/22 | BLP | Continued work on fee application and fee notice for all parties | 1.30 | 994.50 |
| 7/13/22 | BLP | Review special appellate counsel fee application and discussion re comments to same | .50 | 382.50 |
| 7/13/22 | MGR | Review fee application, supporting declaration and proposed order and provide comments | .60 | 492.00 |
| 7/19/22 | BLP | Review appellate counsel revised fee application and comment on same | .30 | 229.50 |
| 7/19/22 | BLP | Review adversary counsel revised fee application and comment on same | .50 | 382.50 |
| 7/19/22 | BLP | Review accountant fee application and comment on same | .30 | 229.50 |
| 7/19/22 | BLP | Discussion with R. Banich re fee application (.2); discussion with A. Thaler re changes to fee application (.2) | .40 | 306.00 |
| 7/21/22 | BLP | Review and file Thaler fee application (.2); review and file Banich fee application (.2) | .40 | 306.00 |
| 7/21/22 | BLP | Review revised Flynn fee app and emails re same (.3); review further revisions to same (.2) | .50 | 382.50 |
| 7/22/22 | BLP | File Flynn fee application (.2); emails re AOS filing, sending all applications to court (.2) | .40 | 306.00 |

JOSEPH KLAYNBERG
22420-001-8

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/27/22 | BLP | Emails with professionals re fee hearing logistics | .20 | 153.00 |
| 8/02/22 | BLP | Emails with all professionals re May fee payments and revise chart re same | .40 | 306.00 |
| 8/03/22 | BLP | Prepare monthly fee statement and letter to client re same | .60 | 459.00 |
| 8/11/22 | BLP | Prepare CNO for C&D fee application (.3); emails to professionals for amounts in sale order (.2); revise order (.2) | .70 | 535.50 |
| 8/12/22 | BLP | Draft CNOs all other fee applications (.4); further revise fee order (.2) | .60 | 459.00 |
| 8/12/22 | BLP | Prepare and file notices of July fee statements (all except Banich) | .40 | 306.00 |
| 8/14/22 | BLP | File and email all CNOs to chambers re fee applications | .40 | 306.00 |
| 8/16/22 | BLP | Emails and revise chart re payment of June fees (.3); prepare and file July fee statement Banich (.3) | .60 | 459.00 |
| 8/17/22 | BLP | File and circulate Banich fee statement (.2); revise fee order and send to chambers (.4) | .60 | 459.00 |
| 8/18/22 | BLP | Review fees in order and amend for error (.3); comms with chambers re same (.1); emails to client and all professionals re additional fee payments per order (.4) | .80 | 612.00 |
| 8/19/22 | BLP | Review and emails re correction to fees to be paid to Thaler | .30 | 229.50 |
| 9/08/22 | BLP | Work on monthly fee statement | .50 | 382.50 |
| 9/14/22 | BLP | Prepare monthly statement | .30 | 229.50 |
| 9/16/22 | BLP | Work on fee chart and emails re July fees, august fee statements | .40 | 306.00 |

| | | TOTAL PROFESSIONAL SERVICES | | $ 15,639.00 |
|--|--|--|--|--|
| | | **TOTAL THIS MATTER** | | **$ 15,639.00** |

JOSEPH KLAYNBERG  
22420-001-9

Control #: 7035286  
September 5, 2023

**RE:  PREPARATION FOR/ATTEND COURT HEARING**

**PROFESSIONAL SERVICES**

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/19/22 | BLP | Begin preparation for STN hearing | 1.90 | 1,453.50 |
| 7/19/22 | MGR | Review standing motion of NAHLA and reply and discuss issues for argument with B Pollack. | .60 | 492.00 |
| 7/20/22 | BLP | Continued extensive preparation for STN hearing and review of case law re same | 4.10 | 3,136.50 |
| 7/20/22 | BLP | Attend STN hearing | 1.00 | 765.00 |
| 7/20/22 | MGR | Hearing on derivative standing | 1.00 | 820.00 |
| 7/20/22 | MGR | Conf w/ B Pollack regarding argument in opposition to derivative standing motion and preparation for hearing | .50 | 410.00 |
| 8/10/22 | MGR | Conf w/ B Pollack regarding NAHLA objections and strategy for 8/17 hearing | .60 | 492.00 |
| 8/15/22 | BLP | Prepare, file and email to all lengthy hearing agenda | 1.10 | 841.50 |
| 8/15/22 | BLP | Compile all pleadings for 8/17 hearings | .30 | 229.50 |
| 8/15/22 | MGR | Review agenda and discuss hearing strategy w/ B Pollack | .40 | 328.00 |
| 8/16/22 | BLP | Hearing prep (STN) | .60 | 459.00 |
| 8/16/22 | BLP | Hearing prep (Sale) | 1.00 | 765.00 |
| 8/16/22 | BLP | Hearing prep (DS) | 1.00 | 765.00 |
| 8/16/22 | BLP | Hearing prep (fee app) | .50 | 382.50 |
| 8/16/22 | BLP | Lengthy discussion with F. Stevens in prep for sale hearing | .50 | 382.50 |
| 8/16/22 | MGR | Review and respond to emails from B Pollack regarding hearing strategy | .40 | 328.00 |
| 8/17/22 | BLP | Prepare for and attend lengthy hearings on multiple matters in case | 2.70 | 2,065.50 |
| 8/17/22 | MGR | Attend omnibus hearing | 1.00 | 820.00 |
| 9/13/22 | BLP | Prepare and file hearing agenda (.4); review WT reply papers (.3)and prepare for WT hearing (.8) | 1.50 | 1,147.50 |
| 9/13/22 | BLP | Extensive preparation for hearing on trustee motion | 4.30 | 3,289.50 |
| 9/14/22 | BLP | Prepare for and attend court hearings | 2.60 | 1,989.00 |

JOSEPH KLAYNBERG
22420-001-9

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 9/14/22 | MGR | Pre hearing meeting w/ client and B Pollack regarding potential appointment of trustee and options/obligations of client | .50 | 410.00 |
| 9/14/22 | MGR | Attend hearing to appoint trustee | 1.00 | 820.00 |

|  |  | TOTAL PROFESSIONAL SERVICES |  | $ 22,591.50 |
|  |  | **TOTAL THIS MATTER** |  | **$ 22,591.50** |

JOSEPH KLAYNBERG
22420-001-10

Control #: 7035286
September 5, 2023

**RE:   SERVICES RELATING TO LITIGATION**

**PROFESSIONAL SERVICES**

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 8/05/22 | BLP | Emails with R. Banich re strategy re continuation of appeals | .20 | 153.00 |
| 8/08/22 | BLP | Discussion with Thaler re discovery information needed for initial disclosures in adversary proceeding (.3); email information to Thaler (.2) | .50 | 382.50 |
| | | TOTAL PROFESSIONAL SERVICES | | $ 535.50 |
| | | **TOTAL THIS MATTER** | | **$ 535.50** |

JOSEPH KLAYNBERG
22420-001-11

Control #: 7035286
September 5, 2023

RE:   MOTION PRACTICE

PROFESSIONAL SERVICES

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 8/01/22 | BLP | Review Wilmington Trust pleading re STN motion | .20 | 153.00 |
| 8/02/22 | BLP | Begin work on STN motion reply | .40 | 306.00 |
| 8/03/22 | BLP | Continued preparation of reply re STN motion | 2.10 | 1,606.50 |
| 8/03/22 | MGR | Review and revise reply to motion for derivative standing and discuss same w/ B Pollack | .70 | 574.00 |
| 8/04/22 | BLP | File and email service of reply re STN motion to Nahla, UST and Wilmington Trust (.3); review and respond to UST email re same (.2) | .50 | 382.50 |
| 8/17/22 | MGR | Review of NAHLA motion to appoint trustee | 1.00 | 820.00 |
| 8/22/22 | BLP | Review and outline trustee motion | 1.10 | 841.50 |
| 8/22/22 | BLP | Review and outline WT motion re leave to file complaint | .70 | 535.50 |
| 8/23/22 | BLP | Conferences re research needed for response to motions for trustee and extension of time | .40 | 306.00 |
| 8/23/22 | MA | Summarize case law from trustee motion. | 3.80 | 1,064.00 |
| 8/25/22 | BLP | Begin response to WT motion | 1.10 | 841.50 |
| 8/26/22 | BLP | Work on response to Wilmington Trust motion | 1.50 | 1,147.50 |
| 8/29/22 | BLP | Revise response to Wilmington Trust motion | .90 | 688.50 |
| 8/29/22 | MGR | Review reply to Wilmington Trust motion and discuss same with B Pollack | .50 | 410.00 |
| 8/31/22 | BLP | Work on BP declaration re trustee motion | .60 | 459.00 |
| 8/31/22 | BLP | Work on JK affidavit re trustee motion | 1.20 | 918.00 |
| 9/01/22 | BLP | Extensive work on JK affidvit for trustee motion including review of documents for same | 2.30 | 1,759.50 |
| 9/02/22 | BLP | Work on JK affidavit in response to trustee motion | 2.80 | 2,142.00 |
| 9/02/22 | MK | Legal research regarding Judge Glenn decision on appointment of operating trustee | .60 | 270.00 |
| 9/04/22 | BLP | Extensive work on response to trustee motion | 4.80 | 3,672.00 |

JOSEPH KLAYNBERG
22420-001-11

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 9/05/22 | BLP | Discussion with client re affidavit re trustee motion, questions and information for same | 1.30 | 994.50 |
| 9/05/22 | BLP | Revise JK affidavit | .50 | 382.50 |
| 9/05/22 | BLP | Work on opposition papers including review of case law | 3.30 | 2,524.50 |
| 9/06/22 | BLP | Extensive work on opposition to trustee motion legal papers and affidavits | 6.70 | 5,125.50 |
| 9/06/22 | MGR | Review and provide comments to declaration in opposition to motion to appoint trustee and discuss same with B Pollack | 1.20 | 984.00 |
| 9/06/22 | MK | Legal research regarding trustee appointment | 2.40 | 1,080.00 |
| 9/06/22 | MK | Prepare draft summary of legal research regarding trustee appointment and existence of potential avoidable transfers | 1.30 | 585.00 |
| 9/06/22 | MK | Legal research regarding ownership of joint accounts and prepare summary of same | 1.10 | 495.00 |
| 9/07/22 | BLP | Continued extensive work on revising and finalizing trustee opposition papers | 5.60 | 4,284.00 |
| 9/07/22 | MGR | Continued review and revision to opposition papers to appointment of trustee | 1.30 | 1,066.00 |
| 9/07/22 | MK | Review and revise draft opposition to trustee motion, particularly case citations and quotations | 1.50 | 675.00 |
| 9/09/22 | MGR | Review of reply to Wilmington Trust motion for authority to file dischargeability claim | .30 | 246.00 |
| 9/09/22 | MGR | Review NAHLA reply and attached exhibits including deposition transcripts | 1.20 | 984.00 |
| 9/11/22 | BLP | Comms re use of transcript in case without ability to review and correct, etc. | .60 | 459.00 |
| 9/11/22 | EIU | Emails with B. Pollack regarding FRCP 30(e) argument used in reply to motion to appoint trustee; legal research regarding issue, address follow up questions; brief phone conference with B. Pollack to discuss analysis and strategy to address at hearing. | 2.00 | 1,170.00 |
| 9/12/22 | BLP | Review Nahla reply re trustee motion | .60 | 459.00 |
| 9/12/22 | BLP | Review deposition transcript attached to reply in preparation for hearing | .80 | 612.00 |
| 9/12/22 | MGR | Discuss strategy concerning trustee motion w/ B Pollack | .30 | 246.00 |

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 9/13/22 | MGR | Review and discuss strategy concerning motion for authority to file late dischargeability suit and related issue with claim | .30 | 246.00 |
| 9/13/22 | MGR | Review and discuss hearing strategy w/ B Pollack (.3); discuss possible voluntary conversion of case (.3) | .60 | 492.00 |
| 9/14/22 | MGR | Conf call w/ B Pollack and a Thaler regarding hearing and discussion regarding potential trustees and recommendation to UST | .30 | 246.00 |
| | | TOTAL PROFESSIONAL SERVICES | | $ 42,253.00 |
| | | **TOTAL THIS MATTER** | | **$ 42,253.00** |

RE:   OPERATING REPORTS

**PROFESSIONAL SERVICES**

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/08/22 | BLP | Review and comment on MOR | .40 | 306.00 |
| 7/11/22 | BLP | File June MOR and send to UST | .20 | 153.00 |
| 8/05/22 | BLP | Review and comment on MOR and backup documents | .30 | 229.50 |
| 8/06/22 | BLP | File MOR (.2); emails with UST re same (.2) | .40 | 306.00 |
| 9/08/22 | BLP | Review and comment on MOR | .40 | 306.00 |

TOTAL PROFESSIONAL SERVICES $ 1,300.50

**TOTAL THIS MATTER** **$ 1,300.50**

JOSEPH KLAYNBERG
22420-001-14

Control #: 7035286
September 5, 2023

**RE: TRAVEL**

**PROFESSIONAL SERVICES**

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/29/22 | BLP | Travel to and from NYC for deposition | 3.00 | 1,147.50 |
| 7/29/22 | MGR | Travel to and from NYC for deposition of J Klaynberg | 3.00 | 1,230.00 |
| 8/04/22 | BLP | Travel to/from NYC for deposition | 3.00 | 1,147.50 |

| | | TOTAL PROFESSIONAL SERVICES | | $ 3,525.00 |
|---|---|---|---|---|
| | | **TOTAL THIS MATTER** | | **$ 3,525.00** |

JOSEPH KLAYNBERG                                                Control #: 7035286
22420-001-16                                                   September 5, 2023

**RE:   NAHLA 2004 MOTION**

**PROFESSIONAL SERVICES**

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/01/22 | BLP | Continued review/production of documents | 2.80 | 2,142.00 |
| 7/05/22 | BLP | Review additional document for production | .60 | 459.00 |
| 7/06/22 | BLP | Lengthy discussions with client re documents in production, communications re matrimonial | .70 | 535.50 |
| 7/06/22 | BLP | Continued review and production of documents | 1.00 | 765.00 |
| 7/06/22 | MGR | Review and advise on privilege issue concerning document production | .30 | 246.00 |
| 7/06/22 | KM | Preparation of privilege log. | 1.00 | 200.00 |
| 7/07/22 | BLP | Review continued documents and conference re privilege log needed (.5); discussion with client re same (.2) | .70 | 535.50 |
| 7/08/22 | BLP | Emails with client regarding discovery documents | .30 | 229.50 |
| 7/08/22 | KM | Assisted in compilation of document production. | 2.50 | 500.00 |
| 7/11/22 | BLP | Review additional documents received from client for production | .50 | 382.50 |
| 7/11/22 | KM | Preparation of privilege log. | .80 | 160.00 |
| 7/13/22 | KM | Assisted in compilation of document production. | 1.70 | 340.00 |
| 7/14/22 | BLP | Continued work on document production matters | .40 | 306.00 |
| 7/14/22 | BLP | Prepare status letter re discovery and compile documents re same | .40 | 306.00 |
| 7/14/22 | KM | Assisted in compilation of document production. | .80 | 160.00 |
| 7/15/22 | BLP | Finalize and file status letter re document production | .20 | 153.00 |
| 7/15/22 | BLP | Review and respond to Nahla questions re document production (.4); comms with client re same (.3) | .70 | 535.50 |
| 7/18/22 | BLP | Extensive work on remaining document production, preparation of privilege log | 4.40 | 3,366.00 |
| 7/19/22 | BLP | Finalize privlege log and production and send final production | 1.20 | 918.00 |
| 7/19/22 | BLP | Review Nahla status letter to court re discovery(.1); emails with Nahla and debtor re scheduling deposition (.2); emails with Nahla re Emily deposition (.1) | .40 | 306.00 |

JOSEPH KLAYNBERG
22420-001-16

Control #: 7035286
September 5, 2023

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/19/22 | BLP | Review Nahla order re debtor deposition and Schwab discovery (.2); comms with Nahla re same (.2) | .40 | 306.00 |
| 7/19/22 | MGR | Discuss scheduling preparation issues w/ J Klaynberg Deposition | .50 | 410.00 |
| 7/21/22 | BLP | Prepare outline of items for preparation for Nahla deposition | .50 | 382.50 |
| 7/25/22 | BLP | Meeting with client to prepare for deposition | 3.50 | 2,677.50 |
| 7/25/22 | MGR | Conf w/ client and B Pollack in preparation for 2004 Deposition of J Klaynberg | 2.50 | 2,050.00 |
| 7/27/22 | BLP | Review Kovel documents and assemble for production (.3); emails re use of mediation charts at deposition (.1) | .40 | 306.00 |
| 7/27/22 | MGR | Review document production in preparation for client 2004 exam | .50 | 410.00 |
| 7/28/22 | MGR | Review mediation statements and org charts in preparation for deposition | 1.20 | 984.00 |
| 7/29/22 | BLP | Attend deposition and conference with client after same | 7.00 | 5,355.00 |
| 7/29/22 | MGR | Attend depostion of J Klaynberg | 7.00 | 5,740.00 |
| 8/04/22 | BLP | Attend deposition of Emily Klaynberg | 3.00 | 2,295.00 |
| 8/04/22 | BLP | Discussion with M. Roseman re Emily Klaynberg deposition | .30 | 229.50 |
| 8/04/22 | MGR | Phone conf w/ B Pollack regarding deposition of Emily Klaynberg | .30 | 246.00 |
| 8/09/22 | BLP | Review documents requested by Nahla to unseal | .30 | 229.50 |
| 8/16/22 | BLP | Comms with Nahla re request to unseal identity of individual members of entities | .20 | 153.00 |

TOTAL PROFESSIONAL SERVICES $ 34,319.50

**TOTAL THIS MATTER** **$ 34,319.50**

**TOTAL THIS INVOICE** **$ 250,040.00**

## Exhibit G

### Disbursement Summary

| Disbursement | Total |
|---|---|
| Court Filing Fees | $376.00 |
| Postage | $1,156.67 |
| Overnight Mail | $149.90 |
| Photocopies ($.10/page) | $614.20 |
| Discovery Production/Scanning | $116.30 |
| Online Research | $247.06 |
| Local Travel | $120.75 |
| **TOTAL:** | **$2,780.88** |

JOSEPH KLAYNBERG
22420-001-13

Control #: 7035286
September 5, 2023

**RE: DISBURSEMENTS**

**DISBURSEMENTS**

| Date | Description | Amount |
|------|-------------|--------|
| 7/14/22 | BONNIE POLLACK, OUTSIDE SERVICES, SCANNING LARGE DOCUMENT TO BE SENT TO OFFICE, BLP/KM | 21.72 |
| 7/14/22 | BONNIE POLLACK, OUTSIDE SERVICES, SCANNING LARGE DOCUMENT TO BE SENT TO OFFICE, BLP/KM | 49.50 |
| 7/14/22 | BONNIE POLLACK, OUTSIDE SERVICES, SCANNING LARGE DOCUMENT TO BE SENT TO OFFICE, BLP/KM | 45.08 |
| 7/14/22 | GC PHOTOCOPY, # of Copies: 3362 @ 0.10 per unit | 336.20 |
| 7/14/22 | GC PHOTOCOPY, # of Copies: 952 @ 0.10 per unit | 95.20 |
| 7/15/22 | POSTAGE 07/15/2022, SK/BP | 89.19 |
| 7/15/22 | POSTAGE 07/15/2022, SK/BP | 110.10 |
| 7/15/22 | GC PHOTOCOPY, # of Copies: 979 @ 0.10 per unit | 97.90 |
| 7/15/22 | GC PHOTOCOPY, # of Copies: 638 @ 0.10 per unit | 63.80 |
| 7/22/22 | POSTAGE 07/22/2022, SK/BP | 17.28 |
| 7/22/22 | GC PHOTOCOPY, # of Copies: 121 @ 0.10 per unit | 12.10 |
| 7/27/22 | ON-LINE RESEARCH (E106), MCNAMEE,KELLY, INV# 846612775 | 82.31 |
| 7/27/22 | ON-LINE RESEARCH (E106), FRANZETTI,SARAH, INV# 846612775 | 63.61 |
| 7/27/22 | ON-LINE RESEARCH (E106), FRANZETTI,SARAH, INV# 846612775 | 47.49 |
| 7/27/22 | ON-LINE RESEARCH (E106), MCNAMEE,KELLY, INV# 846612775 | 7.90 |
| 7/27/22 | ON-LINE RESEARCH (E106), MCNAMEE,KELLY, INV# 846612775 | 7.90 |
| 7/27/22 | ON-LINE RESEARCH (E106), MCNAMEE,KELLY, INV# 846612775 | 15.79 |
| 7/27/22 | ON-LINE RESEARCH (E106), MCNAMEE,KELLY, INV# 846612775 | 2.50 |
| 7/28/22 | POSTAGE 07/28/2022, SK/BP | 5.90 |
| 7/28/22 | GC PHOTOCOPY, # of Copies: 90 @ 0.10 per unit | 9.00 |
| 8/02/22 | BONNIE POLLACK, OUT-OF-TOWN TRAVEL, FOR TRAIN FARE FOR TRAVEL TO/FROM NYC, BLP/KM | 28.00 |
| 8/02/22 | BONNIE POLLACK, OUT-OF-TOWN TRAVEL, FOR SUBWAY FARE FOR TRAVEL TO/FROM DEPOSITION, BLP/KM | 5.50 |
| 8/03/22 | FEDEX, DELIVERY SERVICES/MESSENGER (E107), INV # 7-829-87938 DTD 07/25/2022 SENT TO CHAMBERS OF HON. MARTIN GLENN @ US BANKRUPTCY COURT, SDNY ON 07/15/2022, BLP/KM | 14.71 |
| 8/05/22 | BONNIE POLLACK, OUT-OF-TOWN TRAVEL, FOR TRAIN FARE FOR TRAVEL TO/FROM NYC FOR DEPOSITION, BLP/KM | 28.00 |
| 8/05/22 | BONNIE POLLACK, OUT-OF-TOWN TRAVEL, FOR SUBWAY FARE FOR TRAVEL TO/FROM DEPOSITION, BLP/KM | 5.75 |
| 8/09/22 | POSTAGE 08/09/2022, SK/BP | 95.85 |

JOSEPH KLAYNBERG
22420-001-13

Control #: 7035286
September 5, 2023

| Date | Description | Amount |
|---|---|---|
| 8/09/22 | FEDEX, DELIVERY SERVICES/MESSENGER (E107), INV # 7-836-70504 DTD 08/01/2022 SENT TO CHAMBERS HON. MARTIN GLENN @ US BANKRUPTCY COURT, SDNY ON 07/22/2022, BLP/KM | 15.29 |
| 8/09/22 | FEDEX, DELIVERY SERVICES/MESSENGER (E107), INV # 7-836-70504 DTD 08/01/2022 SENT TO CHAMBER HON. MARTIN GLENN @ US BANKRUPTCY COURT, SDNY ON 07/28/2022, BLP/KM | 15.35 |
| 8/18/22 | MATTHEW ROSEMAN, OUT-OF-TOWN TRAVEL, FOR PARKING FOR TRAVEL TO NYC FOR DEPOSITION, MGR/KM | 20.00 |
| 8/18/22 | MATTHEW ROSEMAN, OUT-OF-TOWN TRAVEL, FOR LIRR FARE FOR TRAVEL TO NYC FOR DEPOSITION, MGR/KM | 33.50 |
| 8/19/22 | FEDEX, DELIVERY SERVICES/MESSENGER (E107), INV # 7-844-54789 DTD 08/08/2022 SENT TO CHAMBERS OF HON. MARTIN GLENN @ US BANKRUPTCY COURT, SDNY ON 08/01/2022, BLP/KM | 15.26 |
| 8/23/22 | FEDEX, DELIVERY SERVICES/MESSENGER (E107), INV # 7-851-89243 DTD 08/15/2022 SENT TO CHAMBER OF HON. MARTIN GLENN @ US BANKRUPTCY COURT, SDNY ON 08/05/2022, BLP/KM | 15.26 |
| 8/23/22 | FEDEX, DELIVERY SERVICES/MESSENGER (E107), INV # 7-851-89243 DTD 08/15/2022 SENT TO CHAMBER OF HON. MARTIN GLENN @ U.S. BANKRUPTCY COURT, SDNY ON 08/09/2022, BLP/KM | 24.06 |
| 8/26/22 | CHASE CARD SERVICES, COURT FEES, CONFIRM# 6157389079 DTD 09/10/2022 FOR MOTION TO SELL FILING FEE AT NEW YORK SOUTHERN BANKRUPTCY COURT ON 07/15/2022, BLP/KM | 188.00 |
| 8/26/22 | FEDEX, DELIVERY SERVICES/MESSENGER (E107), INV # 7-858-59513 DTD 08/22/2022 SENT TO CHAMBERS OF HON. MARTIN GLENN @ U.S. BANKRUPTCY COURT SOUTHERN DISTRICT OF NY ON 08/12/2022, BLP/KM | 14.41 |
| 9/01/22 | POSTAGE 09/01/2022, BP/SK | 92.50 |
| 9/02/22 | POSTAGE 09/02/2022, 71 @ $9.45 each, BP/SK | 656.75 |
| 9/07/22 | BONNNIE POLLACK, COURT FEES, FOR SALE MOTION FILING FEE, BLP/KM | 188.00 |
| 9/07/22 | POSTAGE 09/07/2022, SK/BP | 89.10 |
| 9/19/22 | FEDEX, DELIVERY SERVICES/MESSENGER (E107), INV # 7-880-57074 DTD 09/12/2022 SENT TO CHAMBERS OF HON. M ARTIN GLENN @ UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK ON 09/07/2022, BLP/KM | 21.15 |
| 9/28/22 | ON-LINE RESEARCH (E106), ODURO,ALBERT, INV# 846952421 | 19.56 |
| 9/30/22 | FEDEX, DELIVERY SERVICES/MESSENGER (E107), INV # 7-887-20193 DTD 09/19/2022 SENT TO FRED STEVENS, ESQ. @ KLESTADT WINTERS JURELLER ET, ON 09/13/2022, BLP/KM | 14.41 |

TOTAL DISBURSEMENTS     $ 2,780.88

**TOTAL THIS MATTER**     **$ 2,780.88**

**Exhibit H**

**Amended Order Granting First Interim Application**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                              :
In re:                                                        : Chapter 11
                                                              :
JOSEPH KLAYNBERG,                                             : Case No. 22-10165 (MG)
                                                              :
                                                              :
                          Debtor.                             :
                                                              :
------------------------------------------------------------- x

### AMENDED ORDER GRANTING APPLICATIONS FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

Upon consideration of Applications for Allowance of Interim Compensation and Reimbursement of Expenses (the "Applications") for professional services rendered and expenses incurred during the period commencing February 11, 2022 through June 30, 2022; and a hearing having been held before this court to consider the Applications on August 17, 2022; and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2) and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (Dkt. No. 45); and due consideration having been given to any responses thereto; and sufficient cause having been shown therefor, it is hereby;

**ORDERED** that the Applications are granted to the extent set forth in the attached Schedule "A".

**IT IS SO ORDERED.**

Dated: August 18, 2022
New York, New York

                                        _____/s/ Martin Glenn_____
                                              MARTIN GLENN
                                        Chief United States Bankruptcy Judge

**CURRENT INTERIM FEE PERIOD**
[February 11, 2022 to June 30, 2022]

Schedule A

Case No.: 22-10165 (MG)
Case Name: Joseph Klaynberg

| (1) Applicant | (2) Date/Doc. No. of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed | (5) Fees Awarded | (6) Fees to be Paid for Current Fee Period (less amounts paid per monthly fee statements) | (7) Fees to be Paid for Prior Fee Period (if any) | (8) Total Fees to be Paid | (9) Interim Expenses Requested | (10) Expenses to be Paid for Current Fee Period (less amounts paid per monthly fee statement) |
|---|---|---|---|---|---|---|---|---|---|
| Cullen and Dykman LLP | 7/15/22 [Dkt. 134] | $280,699.50 | $280,699.50 | $280,699.50 | $58,624.66 | N/A | $58,624.66 | $2,223.43 | $0.00 |
| The Thaler Law Firm | 7/21/22 [Dkt. 147] | $16,122.50 | $15,622.50 | $15,622.50 | $2,724.50 | N/A | $2,724.50 | $0.00 | $0.00 |
| Lehman Flynn Vollaro CPAs PLLC | 7/22/22 [Dkt. 151] | $15,847.00 | $15,847.00 | $15,847.00 | $3,169.60 | N/A | $3,169.60 | $0.00 | $0.00 |
| Tsyngauz & Associates, PC | 7/21/22 [Dkt. 146] | $5,080.00 | $4,240.00 | $4,240.00 | $3,472.00 | N/A | $3,472.00 | $0.00 | $0.00 |

DATE ON WHICH ORDER WAS SIGNED August 18, 2022

INITIALS: MG USBJ