UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
                                                       :
In re:                                                 : Chapter 11
                                                       :
JOSEPH KLAYNBERG,                                      : Case No. 22-10165 (MG)
                                                       :
                                                       :
                       Debtor.                         :
                                                       :
-----------------------------------------------------------------x
```

## <u>FEE APPLICATION SUMMARY SHEET</u>

**SECOND INTERIM AND FINAL APPLICATION FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED BY LEHMAN
FLYNN VOLLARO CPAS PLLC AS ACCOUNTANTS TO JOSEPH KLAYNBERG FOR
THE PERIOD FROM JULY 1, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022**

| | |
|---|---|
| Name of Applicant: | Lehman Flynn Vollaro CPAs PLLC<br>534 Broadhollow Road, Suite 302<br>Melville, NY 11747<br>(212) 736-2220 |
| Role of Professional: | Accountants to Joseph Klaynberg |
| Name of Client: | Joseph Klaynberg |
| Petition Date: | February 11, 2022 |
| Date of Retention: | March 7, 2022, nunc pro tunc to February 11, 2022 |
| Period for which Compensation and Expense Reimbursement is Requested: | July 1, 2022 to October 31, 2022[1] |
| Total Requested Interim Compensation Requested: | $17,940.00 |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $11,624.00 |

---

[1] Although the trustee was appointed September 19, 2022 he requested that LFV perform services after his appointment which are included here.

| | |
|---|---|
| Number of Professionals Included in this Application: | 2 |
| Total Compensation and Expenses Previously Requested: | $15,84700 |
| Total Compensation and Expenses Previously Awarded: | $15,847.00 |
| Name and Billing Rate of Attorneys: | **See Exhibit F** |
| Total Hours: | 60.00 |
| Blended Rate in this Application for all Timekeepers: | $299.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| JOSEPH KLAYNBERG, | : Case No. 22-10165 (MG) |
|  | : |
|  | : |
| Debtor. | : |
|  | : |

------------------------------------------------------------------x

**SECOND INTERIM AND FINAL APPLICATION FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED BY LEHMAN
FLYNN VOLLARO CPAS PLLC AS ACCOUNTANTS TO JOSEPH KLAYNBERG FOR
THE PERIOD FROM JULY 1, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022**

Lehman Flynn Vollaro CPAS PLLC ("LFV"), accountants to Joseph Klaynberg, the

above-captioned debtor and debtor-in-possession ("Klaynberg" or the "Debtor"), hereby submits

this second itereim and Final application for allowance of compensation (the "Final

Application") seeking entry of an order, granting allowance of compensation pursuant to sections

328, 330 and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1

of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"),

General Order M-447, the *Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Case*, effective as of January 29, 2013 (the "Local

Guidelines"), the *United States Trustee's Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "U.S. Trustee

Guidelines," and collectively with the Local Guidelines, the "Fee Guidelines"), and the Court's

*Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses

for Retained Professionals* (the "Compensation Procedures Order" at Dkt. No. 45), seeking

allowance and payment of fees in the amount of $17,940.00 for services rendered during the period from July 1, 2022 through October 31, 2022, for which no prior application has been considered by this Court (the "Final Application Period"). In support of the Final Application, LFV respectfully represents as follows:

**Preliminary Statement**

During the Final Application Period, LFV has expended considerable amounts of time, effort, and resources assisting Klaynberg's efforts to, among other things, (a) prepare and review periodic reports for entities controlled by Klaynberg; (b) prepare and review monthly operating reports; (c) assist in prepreation and review of other documents related to the bankruptcy proceedings; and (d) preparation of Klaynberg's individual income tax returns.

Accordingly, LFV respectfully submits that its dedicated efforts during the Final Application Period have provided a substantial benefit to Klaynberg's estate. Therefore, LFV respectfully requests that this Final Application be approved in its entirety.

**Jurisdiction**

1.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 328, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, and the Fee Guidelines.

**Background**

2.     On February 11, 2022 (the "Petition Date"), the debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

3.     The Debtor has remained in possession of his property through September 19, 2022 and up until that date cointued in the operation of his business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.     Simultaneously with the filing of its petition, the Debtor filed an Affidavit (the "1007 Affidavit") pursuant to Local Rule 1007-2.  A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the 1007 Affidavit, the contents of which are incorporated herein by reference.

5.     On March 4, 2022, Klaynberg filed an application with the Court to employ LFV as its accountants, which application was approved by the Court on March 7, 2022, *nunc pro tunc* as of the Petition Date.  As set forth therein, LFV intends to request compensation on an hourly basis.  A true and correct copy of the Order approving the employment and retention of LFV as financial advisors to Klaynberg is attached hereto as **Exhibit A**.

6.     On March 11, 2022, the Court entered the Compensation Procedures Order which authorizes the filing of interim fee applications at three-month intervals.

7.     This is LFV's Final Application for allowance of compensation in this case.  On July 1, 2022, LFV filed its first interim application (the "First Interim Application") fo the period February 11, 2022 to June 30, 2022 (the "First Application Period") in which LFV requested fees of $15,347.00.  By order of the Court dated August 18, 2022, the Court approved the First Interim Application and asarded fees of $15,347.00.  A copy of that order is annexed hereto as **Exhibit B.**  As of the date hereof, LFV has received payment in the amount of $15,347.00 on account of fees awarded.

8.      As set forth in the certification of Mathew Peretz dated September 12, 2023, (the "Peretz Certification"), attached hereto as **Exhibit C**, this Final Application complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Fee Guidelines.

9.      Upon information and belief, Klaynberg is current on the payment of quarterly fees to the U.S. Trustee and has filed all monthly operating reports that are due for the post-petition period.

10.     During the Final Application Period, LFV devoted significant amounts of time, effort and resources to issues related to various bankruptcy related issues and to the preparation and review of all monthly operating reports.

11.     By this Final Application, LFV seeks approval and payment of its fees in the amount of $17,940.00 for servies rendered by LFV during the Final Application Period. The Debtor has been provided with the Final Fee Application and has approved the requested amount.

### Summary of Services Rendered

12.     As more fully described herein, LFV has provided substantial accounting services to Klaynberg during the Final Application Period. Pursuant to the Fee Guidelines, a summary of the total time expended and amount of compensation sought for each of the four (4) project categories is attached hereto as **Exhibit D**. A listing of the name and title for each professional person who rendered services to Klaynberg, along with a summary of the total hours billed and total amount of billing for each professional, is attached hereto as **Exhibit E**. Attached hereto as **Exhibit F** is a detailed computer-generated summary of the time expended by each professional and the services rendered by LFV as accountants to Klaynberg in each category during the Final

Application Period.  Indicated below are each category and the compensation sought by LFV for services performed on Klaynberg's behalf in each category:

1. Services Relating to Periodic Reports:               $3,365.00

2. Services Relating to Monthly Operating Reports:    $6,215.00

3. Services Relating to Other Related Documents:     $6,495.00

4. Services Relating to Individual Income Tax Returns:  $1,865.00

13.    During the Final Application Period, LFV has expended a total of 60.00 hours in this matter for total requested compensation of $17,940.00 at its usual and customary hourly rates.  The average blended hourly rate was $299.00.

14.    LFV has set forth below a narrative of the accounting services provided to Klaynberg in order to inform the Court of the financial advisory services rendered to Klaynberg by LFV during the Final Application Period.  The summary of services performed by LFV is only intended to highlight the general categories of services provided by LFV on Klaynberg's behalf.  It is not intended to set forth each and every item of professional services that LFV performed for Klaynberg.  All of the services for which compensation is sought herein were performed for, or on behalf of, Klaynberg.

**Category 1**
**Services Relating to Periodic Reports**

15.    The first category of services rendered by LFV relates to those services to assist in preparing and reviewing periodic reports for entities controlled by the debtor including consultations with other professionals working on the same.  In total 9 periodic reports were submitted.

16.     In rendering services relating to this category, LFV accountants and staff expended 11.50 hours for requested compensation at their customary and usual hourly rates of $3,365.00.  LFV's blended hourly rate for services rendered in this category is $292.61.

### Category 2
### Services Relating to Monthly Operating Reports

17.     The second category of services relates to LFV's review and analysis of Klaynberg's bank statements and other records to prepare monthly operating reports.  During the Final Application, LFV spent time reviewing and analyzing Klaynberg's bank statements and other records to gather the financial data required for the monthly operating reports.  In addition, LFV spent time preparing Klaynberg's monthly operating reports and communicating with Klaynberg, bankruptcy counsel and the trustee (for September filing only) to discuss comments and questions.

18.     In rendering services relating to this category, LFV accountants and staff expended 21.10 hours for requested compensation at their customary and usual hourly rates of $6,215.00.  LFV's blended hourly rate for services rendered in this category is $294.55.

### Category 3
### Services Relating to Other Related Documents

19.     The third category of services relates to LFV's assistance in gathering and providing other documents for submission related to bankruptcy proceedings and reviewing and discussions with counsel regarding documents being summitted, including but not limited to disposable income proejctions, cash flow projections and other similar documents.

20.     In rendering services relating to this category, LFV accountants and staff expended 21.90 hours for requested compensation at their customary and usual hourly rates of $6,495.00.  LFV's blended hourly rate for services rendered in this category is $296.57.

### Category 4
### Services Relating to Individual Income Tax Return

21.     The fourth category of services relates to LFV's completion of Klaynberg's individual income tax returns.  The services included gathering all related tax documents and other information needed to complete the tax returns including review with Klaynberg of the completed tax returns.

22.     In rendering services relating to this category, LFV accountants and staff expended 5.50 hours for requested compensation at their customary and usual hourly rates of $1,865.00.  LFV's blended hourly rate for services rendered in this category is $339.09.

### Summary of Application

23.     LFV submits that compensation for the services rendered as set forth in this Final Application incurred is reasonable based on: (i) the time and labor required; (ii) the complexity of the accounting and consulting issues presented; (iii) the skill required to perform the accounting services; (iv) the customary compensation for accounting professionals in New York; and (v) the experience and ability of the accountants and staff providing services. With respect to each of these standards, LFV submits that the compensation requested is reasonable and appropriate.

### Applicable Legal Standards

24.     Section 330(a) of the Bankruptcy Code provides for the compensation of reasonable and necessary services rendered by professionals retained under section 327 of the Bankruptcy Code, as follows:

(1)(A) reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

* * *

(3) In determining the amount of reasonable compensation to be awarded to …a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

25. LFV respectfully submits that the hours worked by LFV's personnel were reasonable and necessary given the numerous and oftentimes complex, novel, and intricate issues which arose during this case. Further, LFV believes that the time spent was justified.

26. LFV submits that the professional services for which it seeks compensation in this Final Application were necessary and appropriate for the orderly administration of Klaynberg's chapter 11 case. The professional services performed by LFV preserved and protected the value of Klaynberg's assets for the benefit of all parties-in-interest.

27. LFV or its predecessor firm has acted as consultants and accountants to Klaynberg since 1992. LFV possesses extensive experience working with clients in a variety of industries including individuals and closely held businesses of all sizes. Scott Flynn and Mathew Peretz, both CPA's and partners at LFV, have a combined fifty-one (51) years of professional experience.

28. The services rendered were performed within a reasonable amount of time by professionals with the seniority and skill level commensurate with the complexity, importance, and nature of the problem, issue or task addressed. Whether reviewed individually as to each of the tasks described above or collectively as a whole, the professional services were performed expediently and efficiently to accomplish the needs of Klaynberg in this chapter 11 case.

29. LFV submits that the compensation sought in this Final Application is reasonable and necessary under the applicable standards. Approval of the compensation for professional services herein is warranted. LFV therefore respectfully requests that the Court grant the Final Application.

### Notice

30. Notice of this Final Application has been provided in accordance with the Bankruptcy Code and Rules. LFV respectfully submits that further notice of this Final Application is neither required nor necessary.

### Conclusion

31. Through LFV's efforts, Klaynberg has complied with his reporting obligations through the preparation and submission of periodic reports, and monthly operating reports. LFV has worked diligently during the Final Application Period to help Klaynberg to address these

issues. Accordingly, LFV submits that its services have provided substantial value to Klaynberg's estate and requests that this Final Application be approved in its entirety.

**WHEREFORE**, for the reasons set forth herein, LFV respectfully requests that the Court enter an Order (a) approving LFV's fees in the amount of $17,940.00 in connection with this Final Application; (b) authorizing and directing Klaynberg's payment of such sums as may remain unpaid to LFV in the ordinary course of business within five (5) business days of entry of an order approving this application; and (c) granting such other relief as the Court deems is just and proper.

Dated: Melville, New York
        September 12, 2022

                                        LEHMAN FLYNN VOLLARO CPA'S
                                        PLLC


                                        By:____/s/ Mathew H. Peretz_____
                                        Scott P. Flynn, CPA
                                        Mathew H. Peretz, CPA
                                        534 Broadhollow Rd, Ste 302
                                        Melville, NY 11747
                                        (212) 736-2220

                                        Accountants for Joseph Klaynberg

# Exhibit A

## Retention Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                      :

In re:                             :    Chapter 11
                                        :

JOSEPH KLAYNBERG,        :    Case No. 22-10165 (MG)
                                        :

                      Debtor.      :

---------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE**
**BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF LEHMAN**
**FLYNN VOLLARO CPAS PLLC AS ACCOUNTANTS TO JOSEPH KLAYNBERG**

Upon the application dated February 25, 2022 (the "Application" ECF Doc. # 20)[1] of Joseph Klaynberg debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), for an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") authorizing and approving the employment of Lehman Flynn Vollaro CPAs PLLC ("LFV") as accountants to the Debtor *nunc pro tunc* to the Petition Date, as more fully set forth in the Application; and upon consideration of the Affidavit of Joseph Klaynberg pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York; and upon the declaration of Mathew Peretz, sworn to on February 25, 2022 (the "Peretz Declaration"); and the Court being satisfied, based on the representations made in the Application and in the Peretz Declaration that LFV represents or holds no interest adverse to the Debtor or to his estate as to the matters upon which it is to be engaged and is disinterested under section 101(14) of the Bankruptcy Code, and that the employment of LFV is necessary and in the best interests of the Debtor, his estate, and his creditors; and the Court having jurisdiction to

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided; and it

appearing that no other or further notice need be provided; and the Court having reviewed the

Application and the statements in support of the relief requested therein; and the Court having

determined that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefor; **IT IS HEREBY ORDERED THAT**:

1.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor, as

debtor in possession, is authorized to employ LFV as accountants as of the Petition Date,

pursuant to the terms set forth in the Application, to perform the services described in the

Application.

2.      LFV shall be compensated and reimbursed in accordance with the terms of the

Application, subject to the approval of this Court after proper application therefor under 11

U.S.C. §§ 330 and 331 and in accordance with any Court order establishing procedures for

monthly, interim, or period compensation.

3.      Prior to any increases in LFV's rates, LFV shall file a supplemental affidavit with

the Court and provide ten business days' notice to the Debtors, the United States Trustee and any

official committee, which supplemental affidavit shall explain the basis for the requested rate

increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the

Debtors have consented to the rate increase.  The United States Trustee retains all rights to object

to any rate increase on all grounds including, but not limited to, the reasonableness standard

2

provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

4.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.      Notwithstanding anything to the contrary in the Application or Engagement Letter, this Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

6.      To the extent there is an inconsistency among this Order, the Application, and Engagement Letter, the terms of this Order shall govern.

No objection:


  s/ Tara Tiantian
Office of the United States Trustee

**IT IS SO ORDERED.**

Dated:  March 7, 2022
           New York, New York

                           **/s/ Martin Glenn**
                           MARTIN GLENN
                 Chief United States Bankruptcy Judge

**Exhibit B**


**First Interim Application Approved**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
In re:                                                           : Chapter 11
                                                                 :
JOSEPH KLAYNBERG,                                                : Case No. 22-10165 (MG)
                                                                 :
                                                                 :
                    Debtor.                                      :
                                                                 :
---------------------------------------------------------------- x

### AMENDED ORDER GRANTING APPLICATIONS FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

Upon consideration of Applications for Allowance of Interim Compensation and Reimbursement of Expenses (the "Applications") for professional services rendered and expenses incurred during the period commencing February 11, 2022 through June 30, 2022; and a hearing having been held before this court to consider the Applications on August 17, 2022; and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2) and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (Dkt. No. 45); and due consideration having been given to any responses thereto; and sufficient cause having been shown therefor, it is hereby;

**ORDERED** that the Applications are granted to the extent set forth in the attached Schedule "A".

**IT IS SO ORDERED.**

Dated: August 18, 2022
New York, New York

                                   _____/s/ Martin Glenn_____
                                        MARTIN GLENN
                                   Chief United States Bankruptcy Judge

Case No.: 22-10165 (MG)  **CURRENT INTERIM FEE PERIOD**  **Schedule A**
Case Name:  Joseph Klaynberg  [February 11, 2022 to June 30, 2022]

| (1) Applicant | (2) Date/Doc. No. of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed | (5) Fees Awarded | (6) Fees to be Paid for Current Fee Period (less amounts paid per monthly fee statements) | (7) Fees to be Paid for Prior Fee Period (if any) | (8) Total Fees to be Paid | (9) Interim Expenses Requested | (10) Expenses to be Paid for Current Fee Period (less amounts paid per monthly fee statement) |
|---|---|---|---|---|---|---|---|---|---|
| Cullen and Dykman LLP | 7/15/22 [Dkt. 134] | $280,699.50 | $280,699.50 | $280,699.50 | $58,624.66 | N/A | $58,624.66 | $2,223.43 | $0.00 |
| The Thaler Law Firm | 7/21/22 [Dkt. 147] | $16,122.50 | $15,622.50 | $15,622.50 | $2,724.50 | N/A | $2,724.50 | $0.00 | $0.00 |
| Lehman Flynn Vollaro CPAs PLLC | 7/22/22 [Dkt. 151] | $15,847.00 | $15,847.00 | $15,847.00 | $3,169.60 | N/A | $3,169.60 | $0.00 | $0.00 |
| Tsyngauz & Associates, PC | 7/21/22 [Dkt. 146] | $5,080.00 | $4,240.00 | $4,240.00 | $3,472.00 | N/A | $3,472.00 | $0.00 | $0.00 |

DATE ON WHICH ORDER WAS SIGNED: August 18, 2022          INITIALS: MG USBJ

**Exhibit C**

**Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                  :

In re:                            : Chapter 11
                                    :

JOSEPH KLAYNBERG,           : Case No. 22-10165 (MG)
                                    :
                                    :

                 Debtor.         :
                                    :
------------------------------------------------------------- x

**CERTICIATION IN SUPPORT OF SECOND INTERIM AND FINAL APPLICATION
FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED BY LEHMAN FLYNN VOLLARO CPAS PLLC AS ACCOUNTANTS TO
JOSEPH KLAYNBERG FOR THE PERIOD FROM JULY 1, 2022 THROUGH AND
INCLUDING OCTOBER 31, 2022**

I, Mathew H. Peretz, hereby certify that:

       1.       I am a partner of Lehman Flynn Vollaro CPA's PLLC ("LFV"), which serves as

accountants to Joseph Klaynberg ("Klaynberg" or the "Debtor") in this chapter 11 case, and I

am duly authorized to make this certification on behalf of LFV.

       2.       I have reviewed Rule 2016-1 of the Local Bankruptcy Rules for the Southern

District of New York (the "Local Bankruptcy Rules"), General Order M-447, the *Amended*

*Guidelines for Fees and Disbursements for Professionals in the Southern District of New York,*

amended as of June 17, 2013, promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the

"Local Guidelines"), the *United States Trustee's Guidelines for Reviewing Applications for*

*Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "U.S. Trustee Guidelines," together with the Local Guidelines, the "Fee Guidelines"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professional and (III) Granting Related Relief,* entered March 7, 2022 (Docket No. 45) (the "Order," together with the Fee Guidelines, the "Guidelines").

3.     This certification is made in respect of compliance with the Guidelines in connection with LFV's application (the "Application") dated September 12, 2023, for final compensation and reimbursement of expenses for the period commencing July 1, 2022 through and including October 31, 2022 (the "Second Application Period").

4.     In respect of Section B.1 of the Local Guidelines, I certify that:

   a.   I have read the application;

   b.   To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall withing the Guidelines;

   c.   The fees and disbursements sought in this Application are billed at rates and are in accordance with practices, customarily employed by LFV and are generally accepted by LFV's clients; and

   d.   In providing reimbursable service, LFV does not make a profit in its performance of reimbursable services, whether the service is performed inhouse or through a third party.

5.     In respect of Section B.2 of the Fee Guidelines, I certify that in accordance with the Order, LFV filed fee statements monthly in accordance therewith by the 21st day of the succeeding month, which statements were approved by the Debtor.  Such statements were served upon the Office of the United States Trustee and counsel for Nahla contemporaneously with their filing. The statements included the amount of fees and out-of-pocket expenses incurred, lists of

professionals and paraprofessionals providing services, their respective billing rates, the work hours expended by each individual, descriptions of services rendered, and a reasonably detailed breakdown of out-of-pocket expenses incurred.

6.    In accordance with Section B.3 of the Fee Guidelines, I certify that LFV provided copies of this Application to the Debtor and the United States Trustee, at least 14 days before the date for the hearing scheduled to approve same, and that the Debtor has approved the amount sought in the Application.

7.    In accordance with Bankruptcy Rule 2016(a) and Section 504 of the Bankruptcy Code, I certify that no agreement or understanding exists Between LFV and any other entity for the sharing of compensation received or to be received for services rendered or in connection with the above cases except as authorized pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  All services for which compensation is sought were professional services on behalf of Klaynberg for the period up until the trustee was appointed on September 19, 2022 and then for the trustee after that through October 31, 2022.  No services were performed on behalf of any other person.


Dated: Melville, New York
       September 12, 2023


                                         MATHEW H. PERETZ, CPA

## Exhibit D

## Project Category Summary

| Project Category | Hours | Fees |
|---|---|---|
| Periodic Reports | 11.50 | $3,365.00 |
| Monthly Operating Reports | 21.10 | $6,215.00 |
| Other Related Documents | 21.90 | $6,495.00 |
| Individual Income Tax Return | 5.50 | $1,865.00 |
| | **60.00** | **17,940.00** |

**Exhibit E**

**Summary of Professionals**

| Staff Name | Title | Rate | Hours | Fees |
|---|---|---|---|---|
| Scott P. Flynn | Partner | 350.00 | 9.00 | $  3,150.00 |
| Mathew H. Peretz | Partner | 290.00 | 51.00 | $ 14,790.00 |
| **Total** | | | **60.00** | **17,940.00** |

**Exhibit F**

**Time Records**

| Transaction Date | Job | Staff Name | Detail | Rate | Hours | Amount |
|---|---|---|---|---|---|---|
| 8/29/2022 | Periodic Reports | Mathew H. Peretz | Begin working on various periodic reports for entities controlled by Joseph and send drafts of some to the attorney and Joseph for review | 290.00 | 5.00 | $ 1,450.00 |
| 8/29/2022 | Periodic Reports | Scott P. Flynn | Review drafts of periodic reports | 350.00 | 0.50 | $ 175.00 |
| 8/30/2021 | Periodic Reports | Mathew H. Peretz | Complete some of the periodic reports and send to the attorney for filing | 290.00 | 4.00 | $ 1,160.00 |
| 8/31/2021 | Periodic Reports | Mathew H. Peretz | Complete remaining periodic reprots and send to the attorney for filing | 290.00 | 2.00 | $ 580.00 |
| 7/6/2022 | Monthly Operating Reports | Mathew H. Peretz | Review of source documents and preparation of monthly operationg report | 290.00 | 3.50 | $ 1,015.00 |
| 7/7/2022 | Monthly Operating Reports | Mathew H. Peretz | Preparation of monthly operating report | 290.00 | 3.00 | $ 870.00 |
| 7/8/2022 | Monthly Operating Reports | Mathew H. Peretz | Updating monthly operating report based on comments from attorney | 290.00 | 1.00 | $ 290.00 |
| 8/4/2022 | Monthly Operating Reports | Mathew H. Peretz | Beginning preparation of monthly operating report | 290.00 | 0.50 | $ 145.00 |
| 8/5/2022 | Monthly Operating Reports | Mathew H. Peretz | Preparation of monthly operating report | 290.00 | 3.50 | $ 1,015.00 |
| 8/5/2022 | Monthly Operating Reports | Scott P. Flynn | Review of monthly operating report | 350.00 | 0.30 | $ 105.00 |
| 9/2/2022 | Monthly Operating Reports | Mathew H. Peretz | Beginning preparation of monthly operating report | 290.00 | 0.80 | $ 232.00 |
| 9/7/2022 | Monthly Operating Reports | Mathew H. Peretz | Preparation of monthly operating report | 290.00 | 2.00 | $ 580.00 |
| 9/8/2022 | Monthly Operating Reports | Scott P. Flynn | Completion of monthly operating report | 290.00 | 1.20 | $ 348.00 |
| 9/8/2022 | Monthly Operating Reports | Mathew H. Peretz | Review of monthly operating report | 350.00 | 0.20 | $ 70.00 |
| 10/21/2022 | Monthly Operating Reports | Mathew H. Peretz | Beginning preparation of monthly operating report | 290.00 | 2.50 | $ 725.00 |
| 10/21/2022 | Monthly Operating Reports | Scott P. Flynn | Review of monthly operating report | 350.00 | 1.10 | $ 385.00 |
| 10/25/2022 | Monthly Operating Reports | Mathew H. Peretz | Preparation of monthly operating report | 290.00 | 0.75 | $ 217.50 |
| 10/26/2022 | Monthly Operating Reports | Mathew H. Peretz | Completion of monthly operating report | 290.00 | 0.75 | $ 217.50 |
| 7/1/2022 | Other Realted Documents | Mathew H. Peretz | Review and answering attorney questions regarding personal financial statement | 290.00 | 0.30 | $ 87.00 |
| 7/1/2022 | Other Realted Documents | Scott P. Flynn | Review and answering attorney questions regarding personal financial statement | 350.00 | 0.50 | $ 175.00 |
| 7/13/2022 | Other Realted Documents | Mathew H. Peretz | Begin working on five year disposable income projection | 290.00 | 2.20 | $ 638.00 |
| 7/14/2022 | Other Realted Documents | Mathew H. Peretz | Prepare five year disposable income projection | 290.00 | 4.00 | $ 1,160.00 |
| 7/14/2022 | Other Realted Documents | Scott P. Flynn | Review and discussion of five year disposable income projection | 350.00 | 0.20 | $ 70.00 |
| 7/15/2022 | Other Realted Documents | Mathew H. Peretz | Review of five year disposable income projection with attorney and Joseph.  Finalizing preparation of projection and send to attorney. | 290.00 | 2.00 | $ 580.00 |
| 7/15/2022 | Other Realted Documents | Scott P. Flynn | Review of five year disposable income projection with attorney and Joseph.  Finalizing preparation of projection and send to attorney. | 350.00 | 1.00 | $ 350.00 |
| 7/21/2022 | Other Realted Documents | Mathew H. Peretz | Preparation and discussions with attorney regarding fee petition | 290.00 | 4.00 | $ 1,160.00 |
| 8/9/2022 | Other Realted Documents | Mathew H. Peretz | Assistance with attorney on various questions regarding activity of entities owned by Joseph | 290.00 | 0.50 | $ 145.00 |
| 8/11/2022 | Other Realted Documents | Mathew H. Peretz | Attend zooom hearing regarding quarterly fee application | 290.00 | 1.50 | $ 435.00 |
| 8/25/2022 | Other Realted Documents | Scott P. Flynn | Review of cash flow projections for Joseph | 350.00 | 0.40 | $ 140.00 |
| 8/25/2022 | Other Realted Documents | Mathew H. Peretz | Review of cash flow projections for Joseph | 290.00 | 2.00 | $ 580.00 |
| 9/6/2022 | Other Realted Documents | Mathew H. Peretz | Discussion with attorney regarding cash flow projections and responses regarding the same | 290.00 | 3.00 | $ 870.00 |
| 9/6/2022 | Other Realted Documents | Scott P. Flynn | Discussion with attorney regarding cash flow projections and responses regarding the same | 350.00 | 0.30 | $ 105.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10/6/2022 | Individual Income Tax Return | Scott P. Flynn | Preparation of 2021 individual income tax return for Joseph | 350.00 | 3.00 | $ | 1,050.00 |
| 10/6/2022 | Individual Income Tax Return | Mathew H. Peretz | Preparation of 2021 individual income tax return for Joseph | 290.00 | 1.00 | $ | 290.00 |
| 10/12/2022 | Individual Income Tax Return | Scott P. Flynn | Review and discussion with Joseph regarding his individual income tax return. | 350.00 | 1.00 | $ | 350.00 |
| 10/14/2022 | Individual Income Tax Return | Scott P. Flynn | Completion of filing of Joseph's individual income tax return | 350.00 | 0.50 | $ | 175.00 |
| | | | | | | | |
| **Total** | | | | | **60.00** | | **17,940.00** |